**Thimesch Law Offices**
TIMOTHY S. THIMESCH, Esq. (No. 148213)
GENE FARBER, Esq. (No. 44215) Of Counsel
158 Hilltop Crescent
Walnut Creek, CA 94597-3457
Telephone: (925)588-0401

Attorneys for Plaintiff HOLLYNN D'LIL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLYNN D'LIL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>EAST WEST CAFÉ; HISAM SHABOON; DOE TRUST 1; DAVID R. MADSEN; CARLEEN MADSEN; HARRY E. POLLEY; JEAN E. POLLEY; and DOES 2 through 50, Inclusive,<br><br>　　　　Defendants.<br>_____ / | CASE NO. _____<br>Civil Rights<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:** DENIAL OF CIVIL RIGHTS OF A DISABLED PERSON IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AND IN VIOLATION OF CALIFORNIA'S DISABLED RIGHTS STATUTES<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Proper Intradistrict Assignment: San Francisco/Oakland] |

Plaintiff HOLLYNN D'LIL, on behalf of herself and other similarly situated disabled persons, hereby complains of defendants, including the res and business named EAST WEST CAFÉ, also commonly known as the East West Bakery or East West Restaurant; HISAM SHABOON; DOE TRUST 1; DAVID R. MADSEN, Trustee of DOE TRUST 1; CARLEEN MADSEN, Trustee of DOE TRUST 1; HARRY E. POLLEY; JEAN E. POLLEY; and DOES 2 through 50, Inclusive (hereafter "defendants"), and demands a trial by jury, and alleges as follows:

////

**Complaint for Injunctive Relief and Damages**

**INTRODUCTION**

1.    The defendants own, operate and/or lease the EAST WEST CAFÉ located at or near 128 North Main Street, Sebastopol. Plaintiff is a patron of the restaurant.  She has a qualified disability.  Her has a readily observable permanent disability involving her lower extremities that requires the use of wheelchair for mobility.  She lives less than four miles from the restaurant in the nearby the nearby town of Graton.

2.    This is a suit to require defendants to remediate their restaurant so that it is fully accessible and usable by persons with disabilities such as plaintiff, per the design requirements of Title 24 and ADAAG.    Defendants maintain architectural barriers to such use at their entrance, path of travel to the public restrooms, and within the public restrooms themselves.

3.    Provision of full and equal access is required by virtue of building's construction, alteration and occupancy history occurring within the statutory period after July 1, 1970. On information and belief, the restaurant was "altered" during the statutory period without removal of the aforementioned architectural barriers. Plaintiff seeks injunctive relief to require removal of the barriers to meet the requirements of both California law and the Americans With Disabilities Act of 1990. Plaintiff also seeks deterrence damages for violation of her Civil Rights for each date of specific deterrence or use until such date as defendants bring their public facilities into full compliance with the requirements of California and federal law.

////

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages                — 2 —

1    **JURISDICTION AND VENUE**

2        4.    This Court has jurisdiction of this action pursuant to

3    28 U.S.C. 1331 for violations of the Americans with Disabilities

4    Act of 1990, 42 U.S.C. 12101, *et seq*.  Pursuant to pendant

5    jurisdiction, attendant and related causes of action, arising

6    from the same facts, are also brought under California law,

7    including but not limited to violations of California Health &

8    Safety Code Sections 19955 *et seq.*, including Section 19959;

9    Title 24 California Code of Regulations; and California Civil

10   Code Sections 54 and 54.1 *et seq.*

11       5.    Venue is proper in this court pursuant to 28 U.S.C.

12   1391(b) and is founded on the fact that the real property which

13   is the subject of this action is located in this district and

14   that plaintiff's causes of action arose in this district.

15       6.    **Intradistrict Jurisdiction.**  Under Civil Local Rule 3-

16   2(d), this case should be assigned to the San Francisco/Oakland

17   intradistrict as the real property that is the subject of this

18   action is located in the San Francisco/Oakland intradistrict and

19   plaintiff's causes of action arose in the San Francisco/Oakland

20   intradistrict (a property located in Sebastopol).

21

22   **PARTIES**

23       7.    Plaintiff HOLLYNN D'LIL qualifies as a "physically

24   handicapped" or "physically disabled" person, as she requires the

25   use of a wheelchair for mobility.  Plaintiff is informed and

26   believes that each of the defendants herein, including Doe

27   Trust 1, and Does 2-50, is the owner, constructive owner,

28   beneficial owner, successor-owner or successor-in-interest,

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages                    — 3 —

1  purchaser, trust, trustee, agent, ostensible agent, alter ego,

2  master, servant, employer, employee, representative, franchiser,

3  franchisee, joint venturer, partner, associate, parent company,

4  subsidiary, department, representative, or such similar capacity,

5  of each of the other defendants, and was at all times acting and

6  performing, or failing to act or perform, within the course and

7  scope of his, her or its authority as owner, constructive owner,

8  beneficial owner, successor-owner or successor-in-interest,

9  purchaser, agent, trust, trustee, ostensible agent, alter ego,

10  master, servant, employer, employee, representative, franchiser,

11  franchisee, joint venturer, partner, associate, parent company,

12  subsidiary, department, representative, or such similar capacity,

13  and with the authorization, consent, permission or ratification

14  of each of the other defendants, and is responsible in some

15  manner for the acts and omissions of the other defendants in

16  proximately causing the violations and damages complained of

17  herein, and have approved or ratified each of the acts or

18  omissions of each other defendant, as herein described.

19  Plaintiff will seek leave to amend when the true names,

20  capacities, connections, and responsibilities of each defendant

21  and Doe Trust 1, and Does 2-50, are ascertained. Alternatively,

22  plaintiff will also seek to liability against any un-joined party

23  pursuant to state and/or federal statutes and rules pertaining to

24  success-in-interest liability.

25      8.    Plaintiff alleges on information and belief that at

26  all relevant times, defendants EAST WEST CAFÉ, aka East West

27  Bakery or East West Restaurant; HISAM SHABOON; DOE TRUST 1; DAVID

28  R. MADSEN, Trustee of DOE TRUST 1; CARLEEN MADSEN, Trustee of DOE

**Thimesch Law Offices**
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                    — 4 —

1    TRUST 1; HARRY E. POLLEY; JEAN E. POLLEY; and DOES 2 through 50,

2    Inclusive, either were and/or now are the owners, operators,

3    lessors and/or lessees of the public accommodation know as the

4    East West Café in Sebastopol, located at or near Assessor's

5    Parcel Number 004-243-008, and at or near 128 North Main Street.

6        9.    The facilities of this business, including its

7    entrances, dining, public restrooms, and other public facilities

8    and amenities are each a "public accommodation or facility"

9    subject to the requirements of California Health & Safety Code

10    Sections 19955 et seq. and of the California Civil Code

11    Sections 54, 54.1, and 54.3.    At all times relevant to this

12    complaint, defendants have held these facilities open to public

13    use.    Such facilities also constitute "public accommodations" or

14    "commercial facilities" subject to the requirements of Sections

15    302 and 303 of the Americans with Disabilities Act of 1990.

16

17    **FACTUAL STATEMENT**

18        10.    Defendants are required by law to provide accessible

19    facilities on each occasion that "alterations, structural repairs

20    or additions" were performed to such facilities pursuant to legal

21    standards then in effect, per Section 19959 of the Health & Safety

22    Code, and under Section 303 of the Americans With Disabilities Act

23    (which governs "new construction" and "alterations").

24        11.    On information and belief, each such facility has,

25    since July 1, 1970, been newly constructed, and/or undergone

26    "alterations, structural repairs, and additions," each of which

27    has subjected the defendants and the subject restaurant's public

28    facilities to disabled access requirements of Section 19959

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages            — 5 —

1   Health & Safety Code, Title 24 of the California Code of
2   Regulations, and/or, for such work occurring since January 26,
3   1992, to the requirements of Section 303 of the Americans With
4   Disabilities Act.

5       12.  Plaintiff has had the construction history evaluated
6   by legal representatives and is aware the restaurant's
7   responsibility there under to remediate its inaccessible
8   facilities.

9       13.  Plaintiff visits the down town area regularly and has
10  dined at the East West Café on multiple occasions.  For more than
11  two years, she has both spoken and written to its owners and
12  operators seeking compliance, and has also communicated through
13  legal representatives and official intermediaries.  However,
14  despite these informal requests, defendants refuse to comply with
15  the law.

16      14.  Barriers to disabled access at the restaurant include:
17  the absence of an accessible landing at front entrance and
18  obstructions stored within that area; further obstructions stored
19  within the path of travel to the public restrooms; the
20  inaccessible vestibule and entrances serving the restrooms; and
21  the completely inaccessible nature of the restrooms themselves,
22  which are narrow and cramped and provide no access space in the
23  areas serving the toilet, entrance and sink. On information and
24  belief, defendants 52 chair dining setup is inaccessible both in
25  provision of clear floor space and unobstructed knee space.

26      15.  As a result of the actions and failure to act of
27  defendants, and each of them, and as a result of the failure to
28  provide appropriate disabled accessible entrance, restroom and

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**        — 6 —

1    dining amenities, plaintiff suffered and will suffer a loss of

2    her civil rights to full and equal access to public facilities,

3    suffered strain and exhaustion from attempting to negotiate

4    barriers as well as pain and discomfort, and will suffer

5    emotional distress, mental distress, mental suffering, mental

6    anguish, which includes that humiliation, embarrassment, anger,

7    disappointment and worry, normally and naturally expected and

8    associated with a person with a physical disability being denied

9    access to a public accommodation, all to her damages as prayed

10   hereinafter in an amount within the jurisdiction of this court.

11      16.   Over the last two years and continuing, plaintiff

12   pays regular visits to the downtown Sebastopol area and has been

13   denied access when patronizing the restaurant as a paying

14   customer or in being deterred from the effort. Plaintiff would

15   like to return and use the subject restaurant on a planned or

16   spontaneous basis, but is unable to enjoy the safe full and equal

17   access to which she is entitled.

18      17.   On information and belief, a number of facilities in

19   the subject building have been remodeled during the statutory

20   period since July 1, 1970, triggering accessible "path of travel"

21   requirements to each area of alteration, which includes, but is

22   not limited to, accessible public sanitary facilities and a path

23   of travel, complying with ADA and Title 24 standards.   On

24   information and belief, defendants have not complied with these

25   legal obligations.

26      18.   The "removal" of each of these barriers to use by

27   disabled persons was "readily achievable" under the standards of

28   Section 301(9) of the Americans With Disabilities Act of 1990 [42

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages                — 7 —

1    U.S.C. 12181] at all times herein relevant.  Section 303 of the
2    ADA [42 U.S.C. 12183] and California law also required the
3    removal of all such barriers upon performance of "alterations."

4        19.  On information and belief, defendants continue to the
5    present date to deny "full and equal access" to plaintiff and to
6    all other disabled persons, in violation of California law,
7    including Health & Safety Code Sections 19955 *et seq.*, Civil Code
8    Sections 54 and 54.1, and Title 24 of the California Code of
9    Regulations (a.k.a. California Building Code).  Further, such
10   denial of access to disabled persons also violates the
11   requirements of Title III of the federal Americans With
12   Disabilities Act of 1990, Sections 301 et seq. [42 U.S.C.,
13   §§ 12181 et seq.] (Hereinafter also called the "ADA").

14

15               **FIRST CAUSE OF ACTION:**
16   **BREACH OF STATUTORY PROTECTIONS FOR PHYSICALLY DISABLED PERSONS**

17       20.  Plaintiff repleads and incorporates by reference, as
18   if fully set forth again herein, the allegations contained in
19   paragraphs 1 through 19, above.

20       21.  Plaintiff is physically disabled under standards as
21   defined by all California statutes using these terms.  Plaintiff
22   is also an "individual with a disability" as defined by
23   Section 54(b) Civil Code, as well as Section 3(2) of the ADA.
24   Each violation of the ADA, as plead hereinafter, is incorporated
25   by reference as a separate violation of Sections 54(c) and
26   54.1(d) California Civil Code.

27       22.  Health & Safety Code Section 19955 provides in
28   pertinent part:

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages                — 8 —

1             (a) The purpose of this part is to insure

2     that public accommodations or facilities constructed

3     in this state with private funds adhere to the

4     provisions of Chapter 7 (commencing with § 4450) of

5     Division 5 of Title 1 of the Government Code. For

6     the purposes of this part "public accommodation or

7     facilities" means a building, structure, facility,

8     complex, or improved area which is used by the

9     general public and shall include auditoriums,

10     hospitals, theaters, restaurants, restaurants,

11     motels, stadiums, and conventions centers.

12    23.  Health and Safety Code Section 19956, which appears in

13 the same chapter as 19955, provides, in pertinent part: "[a]ll

14 public accommodations constructed in this state shall conform to

15 the provisions of Chapter 7 (commencing with § 4450) of Division

16 5 of Title 1 of the Government Code...."

17    24.  Section 19956 Health & Safety Code was operative July

18 1, 1970, and is applicable to all public accommodations

19 constructed or altered after that date.  On information and

20 belief, portions of the subject restaurant were constructed

21 and/or altered after July 1, 1970, and portions of the subject

22 building were structurally remodeled, altered and have undergone

23 structural repairs or additions after July 1, 1970.  Such

24 construction required such building and its public accommodation

25 facilities to be subject to the requirements of Part 5.5,

26 Sections 19955, et seq., of the Health and Safety Code, which

27 requires provision of access upon "alterations, structural

28 repairs or additions" per Section 19959 Health & Safety Code, or

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages       — 9 —

1  upon a change of occupancy (a form of "alteration").

2      25.  Pursuant to the authority delegated by Government Code

3  Section 4450, et seq., the State Architect promulgated

4  regulations for the enforcement of these provisions.  Effective

5  January 1, 1982, Title 24 of the California Administrative Code

6  adopted the California State Architect's Regulations and these

7  regulations must be complied with as to any modifications of the

8  subject building and its facilities occurring after that date.

9  Any alterations of the building after January 1, 1982 required

10  compliance with the Title 24 regulations then in effect,

11  including that an accessible path of travel leading to such

12  facility from the adjoining public right of way.  Prior to 1982,

13  similar requirements were incorporated into the law from the

14  American Standards Association.  On information and belief, one

15  or more of the constructions of and alterations upon and

16  modifications of the subject facilities occurred during the

17  period of time that sections of the Health and Safety Code have

18  provided that all buildings and facilities used by the public

19  must conform to each of the standards and specifications

20  described in the American Standards Association Specifications,

21  or, as to construction occurring after January 1, 1982, to the

22  standards of Title 24, the State Architect's Regulations.

23      26.  Plaintiff is informed and believes and therefore

24  alleges that defendants, and their predecessors in interest as

25  owners, operators and/or lessors of the subject public

26  accommodation (for which the defendants as current owners,

27  operators and/or lessors of the building are responsible), and

28  each of them caused the subject property to be constructed,

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages          — 10 —

altered and maintained in such a manner that physically disabled persons were denied full and equal access to, within and throughout said facilities, and full and equal use of said building. Further, on information and belief, defendants and each of them have continued to maintain and operate such building and its facilities in such condition up to the present time, despite actual and constructive notice to such defendants, and each of them (which includes plaintiff's discussions with restaurant personnel, as well as her letters to defendants, and communications from legal and official representatives) that the configuration of the building were in violation of the Civil Rights of disabled persons, such as plaintiff. Such construction, modification, ownership, operation, maintenance and practices of such a public facility is in violation of law as stated in Part 5.5, Sections 19955ff Health and Safety Code, Sections 54 and 54.1, et seq., Civil Code, and elsewhere in the laws of California.

27. On information and belief, the subject building and the defendants and each of them have denied full and equal access to disabled persons in other respects due to non-compliance with requirements of Title 24 of the California Code of Regulations, and of other provisions of disabled access legal requirements. Additionally, maintaining the barriers specified in this complaint is independently a violation of both Title 24 of the California Building Code, and of Sections 54 and 54.1 Civil Code and their guarantee of "full and equal" access to all public facilities (as pled in the second cause of action, and also repleads and incorporated herein by reference, as if fully

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages          — 11 —

1  restated hereafter), in conjunction with Section 19955ff, per

2  James Donald v. Cafe Royalé (1990) 218 Cal.App.3d 168.

3       28. Injunctive Relief – The acts and omissions of

4  defendants as complained of continue to have the effect of

5  allowing defendants to wrongfully exclude Plaintiff, and other

6  similarly situated members of the public who are physically

7  disabled, from full and equal access to the subject restaurant.

8  Such acts and omissions are the continuing cause of humiliation

9  and mental and emotional suffering to plaintiff and other

10 similarly situated persons in that these actions treat them as

11 inferior and second class citizens and serve to discriminate

12 against them, so long as defendants do not provide a properly

13 accessible, safe and equal use of such facilities.  Said acts

14 have proximately caused and will continue to cause irreparable

15 injury to Plaintiff and other similarly situated persons if not

16 enjoined by this court.

17      29. Plaintiff seeks injunctive relief, pursuant to

18 Section 19953 Health and Safety Code and Section 55 Civil Code,

19 prohibiting those of the defendants that currently own, operate,

20 and/or lease (from or to) the subject restaurant, from

21 maintaining architectural barriers to the use by disabled persons

22 of public accommodations and facilities, in violation of Part

23 5.5, Sections 19955ff Health and Safety Code.  Plaintiff seeks to

24 require such defendants to create safe and properly accessible

25 facilities.

26      30. Attorneys' Fees – As a result of defendants' acts and

27 omissions in this regard, plaintiff has been required to incur

28 legal expenses and hire attorneys in order to enforce plaintiff's

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages          — 12 —

1    rights and those of other similarly situated persons, and to

2    enforce provisions of the law protecting access for the disabled,

3    and prohibiting discrimination against the disabled, and to take

4    such action both in her own interest and in order to enforce an

5    important right affecting the public interest. Plaintiff

6    therefore seeks recovery of all reasonable attorneys' fees,

7    litigation expenses and costs incurred, pursuant to the

8    provisions of Section 1021.5 of the Code of Civil Procedure.

9    Plaintiff also seeks recovery of her attorneys' fees and costs

10   pursuant to Section 19953 Health and Safety Code.

11       WHEREFORE, plaintiff prays for relief as hereinafter stated.

12

13                    **SECOND CAUSE OF ACTION:**

14                 **VIOLATION OF DISABLED RIGHTS ACT,**

15            **CIVIL CODE §§ 54, 54.1, 54.3 ET SEQ.**

16   **DENIAL OF FULL AND EQUAL ACCESS TO A PHYSICALLY DISABLED PERSON**

17       31.  Plaintiff repleads and incorporates, as if fully set

18   forth again herein, the allegations contained in paragraphs 1

19   through 30, above.

20       32.  At all times relevant to this action, California Civil

21   Code Sections 54 and 54.1 have provided that physically disabled

22   persons are not to be discriminated against because of physical

23   handicap or disability.  Section 54 Civil Code provides:

24           Individuals with disabilities shall have the

25           same right as the general public to the full and free

26           use of the streets, highways, sidewalks, walkways,

27           public buildings, public facilities, including

28           hospitals, clinics, and physicians' offices, public

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages                — 13 —

facilities, and other public places.

Section 54.1 Civil Code provides that:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities... and privileges of all common carriers, airplanes, motor vehicles... or any other public conveyances or modes of transportation... restaurants, lodging places, places of public accommodation and amusement or resort, and other places to which the general public is invited, subject only to the conditions or limitations established by law, or state or federal regulations, and applicable alike to all other persons.

33. California Civil Code Section 54.3 provides that any person or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in Section 54 and 54.1 Civil Code is liable for EACH such offense for the actual damages and any amount up to a maximum of three times the amount of actual damages but in no case less than $1,000 and such attorneys' fees that may be determined by the Court in addition thereto, suffered by any person denied any of the rights provided in Sections 54 and 54.1, for services necessary to enforce those rights.

34. As a result of the actions and failure to act of defendants, and each of them, and as a result of the failure to provide appropriate disabled accessible guestrooms and restaurant

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages          — 14 —

1   amenities, plaintiff suffered and will suffer a loss of her civil
2   rights to full and equal access to public facilities, suffered
3   strain and exhaustion from attempting to negotiate barriers as
4   well as pain and discomfort, and will suffer emotional distress,
5   mental distress, mental suffering, mental anguish, which includes
6   that shame, humiliation, embarrassment, anger, disappointment and
7   worry, normally and naturally expected and associated with a
8   person with a physical disability being denied access to a public
9   accommodation, all to her damages as prayed hereinafter in an
10  amount within the jurisdiction of this court.

11      35.  Plaintiff is a person with a disability within the
12  meaning of Civil Code Sections 54 and 54.1 whose rights have been
13  infringed upon and violated by the defendants.  Plaintiff has
14  been denied full and equal access on multiple occasions on each
15  specific date of potential use in which full and equal access to
16  such facility was denied or deterred occurring within two years
17  of the filing of this complaint.  On information and belief,
18  defendants have failed to act to provide full and equal public
19  access to their subject restaurant, and continue to operate in
20  violation of the law and continue to discriminate against
21  physically disabled persons by failing to allow access to their
22  building who cannot enter or use facilities on a full and equal
23  basis.

24      36.  On information and belief, defendants were on notice
25  of the requirements of the law relating to provision for full and
26  equal disabled access.  Especially as defendants were on full
27  notice, each date that plaintiff's visits the area that
28  defendants have continued to deny access to disabled persons

**Thimesch Law Offices**
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**          — 15 —

1    constitutes a new and distinct violation of plaintiff's right to

2    full and equal access to this public facility, in violation of

3    Sections 54 and 54.1, et seq. Civil Code.    In the event of a

4    default judgment against any particular defendant, plaintiff will

5    seek an injunction requiring provision of accessible entrance,

6    dining, path of travel and public restroom facilities, plus

7    damages of $1,000 for each occasion of attempted use or

8    deterrence day for the two years proceeding the filing of this

9    complaint, plus reasonable attorneys' fees, litigation expenses

10   and costs as set by the court, until it is brought into full

11   compliance with state and federal access laws protecting the

12   rights of the disabled.

13       37.    Plaintiff has been damaged by defendants' wrongful

14   conduct and seeks the relief that is afforded by Sections 54.1,

15   54.3 and 55 of the Civil Code.    Plaintiff seeks actual damages,

16   and statutory and treble damages against defendants for all

17   periods of time mentioned herein.    As to those of the defendants

18   that currently own, operate, and/or lease (from or to) the

19   subject restaurant, plaintiff seeks a preliminary and permanent

20   injunctive relief to enjoin and eliminate the discriminatory

21   practices and barriers that deny equal access for disabled

22   persons, and for reasonable attorneys' fees.

23       38.    WHEREFORE, plaintiff asks this Court to enjoin any

24   continuing refusal by the defendants that currently own, operate,

25   and or lease (from or to) the subject restaurant, to grant such

26   access to plaintiff and other similarly situated disabled

27   persons, or alternatively to enjoin operation of the subject

28   restaurant as a public accommodation until such defendants comply

**Thimesch Law Offices**
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**    — 16 —

1  with all applicable statutory requirements relating to access to

2  physically disabled persons, and that the Court award plaintiff

3  her reasonable statutory attorneys' fees, litigation expenses and

4  costs pursuant to Civil Code Section 55, Code of Civil Procedure

5  Section 1021.5, and Health & Safety Code Section 19953, and as

6  further prayed for herein.

7      WHEREFORE, plaintiff prays for damages and injunctive relief

8  as hereinafter stated.

9

10                    **THIRD CAUSE OF ACTION:**

11   **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

12                      **42 USC §§ 12101ff**

13      39.  Plaintiff repleads and incorporates by reference, as

14  if fully set forth again herein, the factual allegations

15  contained in paragraphs 1 through 38, above.

16      40.  Pursuant to law, in 1990 the United States Congress

17  made findings per 42 U.S.C. Section 12101 regarding physically

18  disabled persons, finding that laws were needed to more fully

19  protect "some 43 million Americans with one or more physical or

20  mental disabilities;" that "historically society has tended to

21  isolate and segregate individuals with disabilities;" that "such

22  forms of discrimination against individuals with disabilities

23  continue to be a serious and pervasive social problem;" that "the

24  Nation's proper goals regarding individuals with disabilities are

25  to assure equality of opportunity, full participation,

26  independent living and economic self sufficiency for such

27  individuals;" and that "the continuing existence of unfair and

28  unnecessary discrimination and prejudice denies people with

**Thimesch Law Offices**
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                    — 17 —

1 disabilities the opportunity to compete on an equal basis and to

2 pursue those opportunities for which our free society is

3 justifiably famous..."

4    41.   Congress stated as its purpose in passing the

5 Americans with Disabilities Act (42 USC § 12101(b)):

6 It is the purpose of this act —

7        (1) to provide a clear and comprehensive

8        national mandate for the elimination of

9        discrimination against individuals with

10       disabilities;

11       (2) to provide clear, strong, consistent,

12       enforceable standards addressing discrimination

13       against individuals with disabilities;

14       (3) to ensure that the Federal government plays

15       a central role in enforcing the standards

16       established in this act on behalf of individuals

17       with disabilities; and

18       (4) to invoke the sweep of Congressional

19       authority, including the power to enforce the 14th

20       Amendment and to regulate commerce, in order to

21       address the major areas of discrimination faced day

22       to day by people with disabilities.   (Emphasis

23       added)

24    42.   As part of the Americans with Disabilities Act, Public

25 Law 101-336, (hereinafter the "ADA"), Congress passed "Title III

26 - Public Accommodations and Services Operated by Private

27 Entities" (42 U.S.C 12181ff).  Among "private entities" which are

28 considered "public accommodations" for purposes of this title are

**Thimesch Law Offices**
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**        — 18 —

identified as "a restaurant, bar or other establishment serving food or drink." (§§ 301(7) [42 U.S.C. 12181].)

43. Pursuant to Section 302 [42 U.S.C 12182], "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

44. Among the general prohibitions of discrimination included in Section 302(b)(1)(A) are the following:

§ 302(b)(1)(A)(i): "DENIAL OF PARTICIPATION. — It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity."

§ 302(b)(1)(A)(ii): "PARTICIPATION IN UNEQUAL BENEFIT — It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages                — 19 —

1    is not equal to that afforded to other individuals."

2    § 302(b)(1)(A)(iii): "SEPARATE BENEFIT. — It
3    shall be discriminatory to provide an individual or
4    class of individuals, on the basis of a disability or
5    disabilities of such individual or class, directly,
6    or through contractual, licensing, or other
7    arrangements with a good, service, facility,
8    privilege, advantage, or accommodation that is
9    different or separate from that provided to other
10   individuals, unless such action is necessary to
11   provide the individual or class of individuals with a
12   good, service, facility, privilege, advantage, or
13   accommodation, or other opportunity that is as
14   effective as that provided to others."

15   45. Among the specific prohibitions against
16   discrimination in the ADA include the following:

17   § 302(b)(2)(A)(ii): "A failure to make
18   reasonable modifications in policies, practices or
19   procedures when such modifications are necessary to
20   afford such goods, services, facilities, privileges,
21   advantages or accommodations to individuals with
22   disabilities..."

23   § 302(b)(2)(A)(iii): "A failure to take such
24   steps as may be necessary to ensure that no
25   individual with a disability is excluded, denied
26   services, segregated or otherwise treated differently
27   than other individuals because of the absence of
28   auxiliary aids and services, unless the entity can

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages          — 20 —

demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;"

§ 302(b)(2)(A)(iv): "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." The acts and omissions of defendants set forth herein were in violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

46.   The removal of each of the barriers complained of by plaintiff as hereinabove (at paragraph 14) alleged were — at all times on or after January 26, 1992 — "readily achievable."

47.   Further, at all times herein mentioned, modification of or removal of these barriers was "readily achievable" under the factors specified in the Americans with Disabilities Act of 1990, including but not limited to section 301(9) [42 U.S.C. 12181], and the Regulations adopted thereto.

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages          — 21 —

48. Further, if defendants are collectively able to "demonstrate" that it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable, as required by Section 302 of the ADA [42 U.S.C. 12182].

49. "Discrimination" is further defined under Section 303(a)(2) of the ADA, for a facility or part thereof that was altered after the effective date of Section 303 of the ADA in such a manner as to affect or that could affect the usability of the facility or part thereof by persons with disabilities, to include per Section 303(a)(2) [42 U.S.C. 12183], "a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs." Additionally, for alterations to areas of a facility involving a "primary function," discrimination under the ADA, per Section 303(a)(2) (42 U.S.C. 12183), also includes the failure of an entity "to make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities." On information and belief, the subject building constitutes a "commercial facility," and defendants have, since the date of enactment of the ADA, performed alterations (including alterations to areas of primary function) to the subject building and its facilities, public accommodations, and

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages    — 22 —

1    commercial facilities, which fail to provide facilities and paths

2    of travel to such areas that are readily accessible to and usable

3    by individuals with disabilities, in violation of Section

4    303(a)(2), and the regulations promulgated thereunder, 28 CFR

5    Part 36ff.

6        50.   Pursuant to the Americans with Disabilities Act, 42

7    USC 12188ff, Section 308, plaintiff is entitled to the remedies

8    and procedures set forth in Section 204, subsection (a), of the

9    Civil Rights Act of 1964 (42 USC 2000a-3, at subsection (a)), as

10   plaintiff is being subjected to discrimination on the basis of

11   disability in violation of this title or has reasonable grounds

12   for believing that she is about to be subjected to discrimination

13   in violation of Sections 302 and 303.   On information and belief,

14   defendants have continued to violate the law and deny the rights

15   of plaintiff and of other disabled persons to access this public

16   accommodation for the two years proceeding the filing of this

17   complaint.   Pursuant to Section 308(a)(2), "[i]n cases of

18   violations of Section 302(b)(2)(A)(iv)... injunctive relief shall

19   include an order to alter facilities to make such facilities

20   readily accessible to and usable by individuals with disabilities

21   to the extent required by this title."

22       51.   As a result of defendants' acts and omissions in

23   this regard, plaintiff has been required to incur legal expenses

24   and attorney fees, as provided by statute, in order to enforce

25   plaintiff's rights and to enforce provisions of the law

26   protecting access for disabled persons and prohibiting

27   discrimination against disabled persons.   Plaintiff seeks

28   recovery of all reasonable attorneys' fees, litigation expenses

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages          — 23 —

1   (including expert fees) and costs, pursuant to the provisions of

2   Section 505 of the ADA (42 U.S.C. 12205) and the Department of

3   Justice's regulations for enforcement of Title III of the ADA (28

4   CFR 36.505).    Additionally, plaintiff's lawsuit is intended not

5   only to obtain compensation for damages to plaintiff, but also to

6   require the defendants to make their facilities accessible to all

7   disabled members of the public, justifying "public interest"

8   attorneys' fees pursuant to the provisions of California Code of

9   Civil Procedure Section 1021.5.

10          WHEREFORE, plaintiff prays that this Court grant relief

11  as hereinafter stated:

12

13                  **FOURTH CAUSE OF ACTION:**

14    **DAMAGES AND INJUNCTIVE RELIEF UNDER THE DISABLED RIGHTS ACT**

15  **FOR VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

16          52.   Plaintiff repleads and incorporates by reference, as

17  if fully set forth again herein, the allegations contained in

18  paragraphs 1 through 51 of this complaint.

19          53.   Each violation of the Americans With Disabilities Act

20  of 1990, as complained of in the Third Causes of Action

21  hereinabove (the contents of which causes of action have been

22  incorporated herein as if separately restated word for word

23  hereafter), is also a violation of section 54(c) and section

24  54.1(d) California Civil Code, further and independently

25  justifying damages, injunctive relief, and other statutory relief

26  per sections 54.3 and 55 California Civil Code, all as previously

27  pled.

28          54.   As a result of defendants' acts and omissions in

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                — 24 —

1   this regard, plaintiff has been required to incur legal expenses
2   and attorney fees, as provided by statute, in order to enforce
3   plaintiff's rights and to enforce provisions of the law
4   protecting access for disabled persons and prohibiting
5   discrimination against disabled persons. Plaintiff therefore
6   seeks recovery of all reasonable attorneys' fees, litigation
7   expenses (including expert fees) and costs, pursuant to the
8   provisions of Section 55 of the Civil Code. Additionally,
9   plaintiff's lawsuit is intended not only to obtain compensation
10  for damages to plaintiff, but also to require the defendants to
11  make their facilities accessible to all disabled members of the
12  public, justifying "public interest" attorneys' fees pursuant to
13  the provisions of California Code of Civil Procedure Section
14  1021.5.

15      WHEREFORE, plaintiff prays for damages and injunctive
16  relief as hereinafter stated.

17

18                  **FIFTH CAUSE OF ACTION:**

19  **DAMAGES AND INJUNCTIVE RELIEF UNDER THE UNRUH CIVIL RIGHTS ACT**
20  **FOR VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

21      55. Plaintiff repleads and incorporates by reference, as
22  if fully set forth again herein, the allegations contained in
23  paragraphs 1 through 54 of this complaint.

24      56. Each violation of the Americans With Disabilities Act
25  of 1990, as complained of in the Third Causes of Action
26  hereinabove (the contents of which causes of action have been
27  incorporated herein as if separately repled), is also a violation
28  of section 51(f) of the Unruh Civil Rights Act, further and

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages          — 25 —

1  independently  justifying  damages  of  $4,000  per  offense,

2  injunctive relief, and other statutory relief per Section 52 and

3  common law decision.

4      57.  As  a  result  of  defendants'  acts  and  omissions  in

5  this regard, plaintiff has been required to incur legal expenses

6  and attorney fees, as provided by statute, in order to enforce

7  plaintiff's  rights  and  to  enforce  provisions  of  the  law

8  protecting  access  for  disabled  persons  and  prohibiting

9  discrimination against disabled persons.  Plaintiffs therefore

10  seek  recovery  of  all  reasonable  attorneys'  fees,  litigation

11  expenses  (including  expert  fees)  and  costs,  pursuant  to  the

12  provisions  of  Section  55  of  the  Civil  Code.   Additionally,

13  plaintiff's lawsuit is intended not only to obtain compensation

14  for damages to plaintiff, but also to require the defendants to

15  make their facilities accessible to all disabled members of the

16  public, justifying "public interest" attorneys' fees pursuant to

17  the  provisions  of  California  Code  of  Civil  Procedure  Section

18  1021.5.

19      WHEREFORE,  plaintiff  prays  for  damages  and  injunctive

20  relief as hereinafter stated.

21

22              **SIXTH CAUSE OF ACTION:**

23      **VIOLATION OF GOVERNMENT CODE SECTION 12948**

24      58.  Plaintiff  repleads  and  incorporates  by  reference,

25  as  if  fully  set  forth  again  herein,  the  factual  allegations

26  contained in paragraphs 1 through 57 of this complaint.

27      59.  Defendants'  actions  are  in  violation  of  Government

28  Code Section 12948, and the corresponding Civil Code Sections 51,

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages          — 26 —

1  54, and 54.1.

2      60.  Plaintiff  seeks  injunctive  relief,  statutory  and

3  compensatory  damages,  punitive  damages,  and  attorneys  fees  under

4  the FEHA.

5      Wherefore,  plaintiff  prays  that  the  court  grant  relief  as

6  requested herein below.

7

8                              **<u>PRAYER</u>**

9      WHEREFORE,  plaintiff  prays  for  an  award  and  relief  as

10  follows:

11      1.  That  those  of  the  defendants  that  currently  own,

12  operate,  and  or  lease  (from  or  to)  the  subject  building,  parcel,

13  restaurant  business,  and  their  facilities,  known  as  East  West

14  Café,  including  any  subsequent  successors  in  interests  and/or

15  parties  controlling  the  litigation,  be  preliminarily  and

16  permanently  enjoined  from  operating  and  maintaining  these  public

17  facilities  as  public  accommodations  and  commercial  facilities,  so

18  long  as  disabled  persons  are  not  provided  full  and  equal  access

19  to  the  accommodations  and  facilities,  in  violation  of  provided  by

20  Sections  54,  54.1,  and  55  et  seq.,  of  the  Civil  Code,  Sections

21  19955  et  seq.  Health  &  Safety  Code,  Sections  4450,  et  seq.

22  Government  Code,  the  American  Standard  Specifications

23  (A117.1961),  or  such  other  standards,  including  those  of  the

24  State  Architect's  Regulations  for  Handicapped  Access,  as  found  in

25  Title  24  of  the  California  Code  of  Regulations  or  other

26  regulations  as  are  currently  required  by  law;  and  that  defendants

27  be  ordered  to  come  into  compliance  with  the  Americans  with

28  Disabilities  Act  of  1990,  including  an  order  that  those  of  the

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages          — 27 —

defendants that currently own, operate, and/or lease (from or to) the subject restaurant, *inter alia*, "alter the subject facilities to make such facilities readily accessible to and usable by individuals with disabilities," and institute reasonable modifications in policies and practices, per Section 308 of Public Law 101-336 (the ADA);

2.    General, compensatory, and statutory damages, and all damages as afforded by Civil Code Sections 54.3, including treble damages, for each violation and each date of use or deterrence on which defendants have denied to plaintiff equal access for the disabled, and for the period commencing two years proceeding the filing of this complaint, according to proof.

3.    General, compensatory, and statutory damages, and all damages as afforded by Civil Code Sections 52, including treble damages, for each violation and each date on which defendants have denied to plaintiff equal access for the disabled under Title III of the ADA, and for the period commencing two years proceeding the filing of this complaint, according to proof.

4.    Attorney's fees, litigation expenses and costs pursuant to Sections 54.3 and 55 of the Civil Code, Section 19953 Health & Safety Code, Section 1021.5 Code of Civil Procedure, and Section 505 of the ADA;

5.    For all costs of suit;

6.    Prejudgment interest pursuant to Section 3291 of the Civil Code;

7.    Such other and further relief as the Court deems just

////

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages                — 28 —

1   and proper.

2

3   Dated: May 17, 2007                THIMESCH LAW OFFICES
                                       TIMOTHY S. THIMESCH
4

5

6                                      _____
                                       Attorneys for Plaintiff
7                                      HOLLYNN D'LIL

8                        **<u>DEMAND FOR JURY TRIAL</u>**

9        Plaintiff hereby demands a jury for all claims for which a

10  jury is permitted.

11

12

13  Dated: May 17, 2007                _____
                                       By: TIMOTHY S. THIMESCH
14                                     Attorneys for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages                — 29 —