MARTIN H. ORLICK, SBN 83908, mho@jmbm.com
MATTHEW S. KENEFICK, SBN 227298, msk@jmbm.com
JEFFER, MANGELS, BUTLER & MARMARO LLP
Two Embarcadero Center, 5th Floor
San Francisco, California 94111
Telephone:   (415) 398-8080
Facsimile:   (415) 398-5584

Attorneys for Specially Appearing Defendant
CITY OF SAN FRANCISCO UPTOWN PARKING
CORPORATION, a California non-profit corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG YATES,<br><br>          Plaintiff,<br><br>     v.<br><br>UNION SQUARE; CITY AND COUNTY OF SAN FRANCISCO; CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION; EMPORIO RULLI IL CAFFE UNION SQ.; EMPORIO RULLI IL CAFFE UNION SQ., INC.; and DOES 1 through 50, Inclusive,<br><br>          Defendants. | CASE NO.   C 07 4087 EDL<br><br>***EX PARTE* APPLICATION FOR EXTENSION OF TIME FOR SPECIALLY APPEARING DEFENDANT, CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION TO FILE A RESPONSE TO CIVIL COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; AND SUPPORTING DECLARATION OF MARTIN H. ORLICK, ESQ**<br><br>[Local Rule 6-3 and Local Rule 7-10]<br><br>**No hearing requested** |

Defendant City of San Francisco Uptown Parking Corporation ("UPC") hereby applies ex parte to this Court for an order to extend the time for UPC to file a responsive pleading.

This ex parte application is brought on the grounds that UPC retained the law firm of Jeffer, Mangels, Butler & Marmaro LLP ("JMBM") on August 27, 2007 and counsel needs more time to evaluate the allegations of the Complaint.

A supporting Declaration of Martin H. Orlick is filed and served concurrently herewith.

## BACKGROUND

On August 9, 2007, Plaintiff, CRAIG YATES ("Yates") filed this lawsuit against Defendant CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION ("UPC"), CITY AND COUNTY OF SAN FRANCISCO and three (3) other defendants (collectively, the "Defendants") alleging Violations of the Americans with Disabilities Act and correlative California statutory provisions, at the Union Square garage in downtown San Francisco. Pursuant to Federal Local Rule 6-3, UPC respectfully requests that the Court enter an Order: extending the time for it and all other Defendants, who have been served with process, to respond to the Complaint on file herein to and including September 28, 2007, to allow the Defendants sufficient time to analyze the facts, evaluate the alleged access barriers, devise a response, review public building records and inspect the property. It is submitted that this request for a single date for all Defendants, who have been served with process, to file and serve their responses will promote efficient case management without any prejudice to the Plaintiff.

The Complaint was filed August 9, 2007. UPC was served August 13, 2007. Plaintiff's counsel, Timothy S. Thimesch, Esq., refused to grant a basic professional courtesy for a brief extension of time for Defendant to respond to the Complaint. See Orlick declaration served and filed herewith.

On August 24, 2007, Jeffer, Mangels, Butler & Marmaro LLP ("JMBM") was contacted by UPC's corporate counsel, Paul Newman, Esq., regarding our possible retention to defend UPC and the City and County of San Francisco in this case.

On August 27, 2007, Mr. Orlick discussed the case and JMBM's possible representation of UPC and the City and County of San Francisco with Mr. Newman.[1]  JMBM agreed to represent UPC, and the City and County of San Francisco, the latter subject to obtaining a necessary Conflict Waiver. Such waiver has not yet been obtained.

On August 27, 2007, immediately after Mr. Orlick was retained and reviewed the

---

[1] Although named as a Defendant, there is no legal entity known as "Union Square". It is simply a public square.

1  Complaint, he telephoned Plaintiff's counsel, whom he knows well from prior litigation, to inform

2  him that JMBM had just been retained by UPC, and possibly the City and County of San Francisco.

3  Mr. Orlick requested an extension of time to address potential conflicts, analyze the case and file a

4  responsive pleading.  While Mr. Thimesch would grant an extension of time to answer the

5  Complaint, he refused to grant any extension of time to any Defendants to respond to the

6  Complaint.  Mr. Orlick advised Plaintiff's counsel that he could not compromise his client's rights to

7  challenge the Complaint, simply because it was inconvenient for Plaintiff's counsel to face possible

8  motion practice.

## RELIEF REQUESTED

10       The inherent powers of the Court, as well as Local Rule 6-3, empower the Court to extend

11  the time for a party to respond to a pleading for good cause shown.  In this case, good cause exists

12  to extend the time for Defendants to respond to claims  regarding the alleged State and Federal

13  access barrier violations, to investigate the facts, to consider resolution and litigation scenarios, to

14  address potential conflicts, and to avoid unnecessary expense to both Plaintiff and the Defendants, if

15  Plaintiff seeks the entry of a default of UPC or any other Defendants.  By extending the time for

16  Defendants to respond, the parties will be able to focus their resources on attempts to evaluate the

17  alleged access violations and possibly resolve the case.  Therefore, UPC prays that the Court grant

18  the relief requested above and enter the (Proposed) Order.

19  Dated:  August 30, 2007.                    JEFFER, MANGELS, BUTLER & MARMARO LLP

                                By: /s/ Martin H. Orlick
                                  MARTIN H. ORLICK, ESQ.
                              Attorneys for CITY OF SAN FRANCISCO UPTOWN
                              PARKING CORPORATION, a California non-profit
                              corporation

PRINTED ON RECYCLED PAPER

619033v3                                      - 3 -        *EX PARTE* APPLICATION FOR EXTENSION OF TIME