Thimesch Law Offices
TIMOTHY S. THIMESCH, Esq. (No. 148213)
GENE FARBER, Esq., Esq. (No. 44215) – Of Counsel
158 Hilltop Crescent
Walnut Creek, CA 94576-3452
Direct: (925) 588-0401
Facsimile: (888) 210-8868
tim@thimeschlaw.com
genefarber@gmail.com

Attorneys for Plaintiff
CRAIG YATES

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG YATES,<br><br>  Plaintiff,<br><br>v.<br><br>UNION SQUARE; CITY AND COUNTY OF SAN FRANCISCO; CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION; EMPORIO RULLI IL CAFFE UNION SQ.; EMPORIO RULLI IL CAFFE UNION SQ., INC.; and DOES 1 through 50, Inclusive,<br><br>  Defendants.<br>_____ / | CASE NO. C07-4087 EDL<br>Civil Rights<br><br>**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANT CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION'S APPLICATION TO EXTEND TIME TO "RESPOND"; DECLARATION OF TIMOTHY S. THIMESCH** |

**INTRODUCTION**

Defense counsel Martin Orlick, Esq. of JEFFERS MANGLES improperly purports to "specially appear" in federal court for defendant CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION (Uptown), and files an application to seek an extension to "respond" to the Complaint on behalf of "all defendants who have been served with process." Plaintiff partially opposes. **Plaintiff does not oppose the application to the extent it would seek a more reasonable two-week extension for the two defendants**

---
Plaintiff's Partial Opposition to Defendants' Application for
Motion to Extend Time to "Respond": C07-4087 EDL

1 **UPTOWN and THE CITY AND COUNTY OF SAN FRANCISCO to simply <u>answer</u>**
2 **the Complaint (an offer already extended).**  However, to the
3 extent UPTOWN and the CITY seek leave to file a delay motion
4 against the Complaint, they have not shown good cause for their
5 delay in pursuing same, especially concerning any purported
6 grounds that should be obvious, as they would appear plainly on
7 the face of the pleading.  This is an ADA-Rule 56 case, and the
8 prejudice caused by delay motions against potential resolution
9 and/or necessary discovery is extremely disruptive and compound.
10     Plaintiff also opposes to the extent the application
11 purports to seek an extension for <u>all</u> defendants, i.e.,
12 including the remaining defendants EMPORIO RULLI IL CAFFE UNION
13 SQ.; EMPORIO RULLI IL CAFFE UNION SQ., INC., whom are already
14 separately represented by another firm that has separately
15 contacted plaintiff's counsel.

17 **<u>DECLARATION OF TIMOTHY S. THIMESCH</u>**
18     I, Timothy S. Thimesch, declare:
19     1.   While plaintiff believes an extension of a couple of
20 weeks to answer is proper, he believes defendants have failed
21 entirely to show any good cause for being allowed to file a late
22 delaying motion under FRCP Rule 12, which if allowed, will only
23 disrupt Rule 56 procedures.
24     2.   Defendants' purported grounds are left purposefully
25 vague.  Defendants contend simply that they need time to
26 **"address potential conflicts [and] <u>analyze the case</u>."**  (Emphasis
27 added.)  While the former may be addressed by the offered
28 extension to answer, the latter involves defendants' intent to

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Plaintiff's Partial Opposition to Defendants' Application for Motion to Extend Time to "Respond": C07-4087 EDL**    — 2 —

1  pursue a delaying motion, a matter which has been kept from this
2  Court.
3      3.  Defendants did not inform the Court that they have
4  already made this predetermination, which has been related only
5  to plaintiff's counsel during meet and confer:  when confronted
6  as to whether defendants were already aware of purported
7  "defects on the face of the complaint" and whether they intended
8  to file a motion, defense counsel responded that indeed he was,
9  as he had success in "three different cases" filing a motion to
10 "knock out the state causes of action."  (See Plaintiff
11 Counsel's confirmation letter at **Exhibit 1**.)
12     4.  If this is the case, Defendants mislead by failing to
13 inform the Court of this intent and prior experience.
14 Obviously, defense counsel is aware that if he admitted he was
15 already aware of the purported defect (and had prior motion
16 experience challenging it), he would face scrutiny as to why his
17 client had not filed on time.  Instead, defendants attempt to
18 mislead the court with the assertion that they still need time
19 to "analyze."  This is simply just false and misleading.
20     5.  There is no great mystery as to the type of motion
21 defendants intend to file, which would be frivolous in all
22 extents within the circumstances of the present case.  The three
23 motions defense counsel has experience in "knocking out state
24 causes of action" are all venued in U.S. District Court for the
25 Southern District of California where three judges have
26 effectively created a moratorium in the Southern District
27 against state disabled rights claims under the Unruh Civil
28 Rights Act and Disabled Rights Act, Civil Code Sections 52 and

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Plaintiff's Partial Opposition to Defendants' Application for Motion to Extend Time to "Respond": C07-4087 EDL**                — 3 —

1  54.3, i.e., through declining to exercise supplemental
2  jurisdiction on grounds of novel or complex state law.  (See Mr.
3  Orlicks' subject involvement in Cross v. Boston Mkt. Corp., 2007
4  U.S. Dist. LEXIS 39407, *7 (S.D. Cal. 2007 (J. Jones)); Cross v.
5  Pac. Coast Plaza Invs., L.P., 2007 U.S. Dist. LEXIS 17793, *10
6  (D. Cal. 2007; J. Miller); Cross v. Pac. Coast Plaza Invs.,
7  L.P., 2007 U.S. Dist. LEXIS 16138, *18 (D. Cal. 2007; J.
8  Miller); see also, non-Orlick case: Kohler v. Mira Mesa
9  Marketplace W., LLC, 2007 U.S. Dist. LEXIS 40632, *8 (D. Cal.
10 2007 (J. Hayes).)
11      6.   Note that all of the judges of the U.S. District Court
12 for the Eastern District of California have taken strong
13 exception to these decisions and their purported findings of
14 novelty.  (See, e.g., Wilson v. Haria & Gogri Corp., 479 F.
15 Supp. 2d 1127, 1138, ftn. 15 (E.D. Cal. 2007).)
16      7.   Such a motion by defendants in the instant case would
17 be frivolous.  First, the court will find this case does indeed
18 involve "intent," so the grounds in the three Cross cases are
19 not applicable here.  Defendants have purposefully re-built
20 their multi-million dollar facilities inaccessible.  (Gunther v.
21 Lin, 144 Cal. App. 4th 223, 228 (Cal. Ct. App. 2006) **("Some of**
22 **the ADAAG's are basically so intuitive and obvious — such as**
23 **requiring the doors to at least one stall in a public restroom**
24 **to be wide enough to allow a wheelchair to pass through**
25 **[footnote omitted] — that it would be hard to believe that**
26 **noncompliance with them could be other than intentional.")**
27      8.   More importantly, this is a Title II case involving
28 governmental action and a federal-statutorily based ADA-damage

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Plaintiff's Partial Opposition to Defendants' Application for Motion to Extend Time to "Respond": C07-4087 EDL**            — 4 —

1  claim.  Unlike the three Cross cases involving Title III, which
2  has no federal damage counterpart, and which involved a damage
3  claim only under state law, plaintiff's damage claim cannot be
4  completely severed from the case.  Any severance would
5  effectively require plaintiff to pursue identically fact-based
6  claims in two different courts, to his extreme prejudice.

7      9.   Finally, when, within meet and confer, defense counsel
8  was challenged as to why he needed extra time when he's pursued
9  this motion on three prior occasions, defense counsel responded
10 that he needed time to "research material" available from his
11 client from which he would purport to ask the Court to "take
12 judicial notice of."  Plaintiff's counsel understood that this
13 material relates to "pre-litigation plans," and that defendants
14 intend to use the material to claim that some violations are
15 "moot."

16     10.  Such a claim would be frivolous.  "Pre-litigation
17 plans" do not provide grounds for claiming mootness.  Further,
18 defendants own self-serving documents would not be proper
19 grounds for requesting "judicial notice," especially in a Rule
20 56 case where plaintiff will prejudicially denied the prior
21 right to test defendants' assertions through discovery.  (The
22 Court will also find after discovery has completed that
23 defendants spent millions of dollars rebuilding the garage and
24 square in a condition that is inaccessible and excludes
25 plaintiff, and that both the Mayor and other City officials
26 ignored plaintiff's pre-litigation efforts to resolve the
27 applicable barriers at the Square.  They even ignored such
28 requests within plaintiff's Government Claim.)

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Plaintiff's Partial Opposition to Defendants' Application for Motion to Extend Time to "Respond": C07-4087 EDL**                — 5 —

1     11. Next, defendants claim that "[b]y extending the time
2 for Defendants to respond, the parties will be able to focus
3 their resources on attempts to evaluate the alleged access
4 violations and possibly resolve the case." Quite the opposite,
5 the motions will prevent cooperative resolution. Defendants'
6 delay in filing the motion will delay the at-issue status and
7 Rule 56 inspections, and will only prompt plaintiff to request
8 relief from Rule 56's administrative procedures to pursue
9 discovery on the motion's questionable "judicial notice" issues.
10 Further, as is typical, we can expect defendants to obstruct
11 settlement of damages in the Rule 56 conferences by citing to
12 the "merits" of pending motions to sever.
13     12. Plaintiff's counsel will be extra-cautious throughout
14 the litigation in entertaining Mr. Orlick's assertion of desire
15 to "possibly resolve the case." He is extra-familiar with Mr.
16 Orlick's well-known penchant for inflammatory in ADA cases,
17 i.e., by personally attacking any plaintiff, such as Mr. Yates,
18 with a history of prior participation in Civil Rights
19 litigation. Repeatedly we have seen his resort to name-calling
20 against such plaintiffs and their counsel, i.e., such as
21 "professional plaintiff" and references to "a cottage industry"
22 and the like. (See, e.g., <u>Cross v. Pac. Coast Plaza Invs.,</u>
23 <u>L.P.</u>, supra, 2007 U.S. Dist. LEXIS 21163 at *8.)
24     13. Of course this conduct was never proper, and we now
25 have a recent Ninth Circuit decision responding to such name-
26 calling, and defending the general necessity of ardent ADA
27 advocacy. (See <u>Molski v. Evergreen Dynasty Corp</u>., — F.3d —, 2007
28 U.S. App. LEXIS 20966 (9th Cir. 2007) **("For the ADA to yield its**

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Plaintiff's Partial Opposition to Defendants' Application for Motion to Extend Time to "Respond": C07-4087 EDL**    — 6 —

1 **promise of equal access for the disabled, it may indeed be**
2 **necessary and desirable for committed individuals to bring**
3 **serial litigation advancing the time when public accommodations**
4 **will be compliant with the ADA.")**

5     14.  Last, both Uptown and the City have made no attempt to
6 explain why they waited until the last second to retain counsel,
7 especially if there was such an obvious conflict (both Uptown
8 and the City were served through offices of their legal
9 counsel).  If they had trouble retaining counsel, this should
10 have been reflected in their declarations.  For all this Court
11 and plaintiff's counsel knows, the defendants simply waited
12 until the last second.  While flexibility may generally be
13 accorded this situation for extending the time to Answer, far
14 greater good cause should be shown for pursuing late delay
15 motions.

16     15.  That defendants perhaps misconceive the necessity of
17 showing good cause is reflected by their ex parte, where they
18 consistently refer to filing a late delaying motion **as a "right"**
19 **they "cannot waive."**  (Orlick Decl at p. 2, ¶6.)  To be clear,
20 defendants need to be told that unless they file on time, or
21 take better efforts to show good cause, there is no right to
22 file late, and the motion will be deemed waived.

23

24 Dated: September 4, 2007      THIMESCH LAW OFFICES
                                       TIMOTHY S. THIMESCH
25
26
27                                        Attorneys for Plaintiff
                                       CRAIG YATES
28

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Plaintiff's Partial Opposition to Defendants' Application for Motion to Extend Time to "Respond": C07-4087 EDL**  — 7 —

*Certificate or Proof of Service by Mail, Fax or Personal Delivery*

*State of California*  }  ss.
*County of Contra Costa*

I, the undersigned, say: I am and was at all times herein mentioned, a citizen of the United States and a resident of the Counties of Contra Costa, over the age of eighteen (18) years and not a party to the within action or proceeding; that my business address is Thimesch Law Offices, 158 Hilltop Crescent, Walnut Creek, California 94597-3452; that on the below date, following normal business practice, I caused to be served the foregoing document described as:

**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANT CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION'S APPLICATION TO EXTEND TIME TO "RESPOND"**

Yates v. City and County of San Francisco, et al. (U.S. District Court for the N. Dist. of Calif., Case No. C07-4087 EDL)

on the interested parties in this action, by taking a true copy thereof and conveying as follows:

JEFFER, MANGELS, BUTLER & MARMARO LLP
MARTIN H. ORLICK, ESQ.
Two Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone: 415/398-8080
Facsimile: 415/398-5584
mho@jmbm.com

❑ **See Attached Service List.**

❑ **Personal Delivery:** By personally delivering, or causing to be hand delivered through a fax-filing or messenger agency, true and exact copies of these documents to the above entitled place of business (or as indicated on the attached service list) with directions to deliver them immediately to _____.

☑ **Email:** By email transmission with a copy of the subject document in Portable Document Format (PDF), sent to the below designated email addresses, and with a request for received- and read-receipts. (❑ **Without exhibits, which are to follow by overnight mail;** ☑ **With exhibits;** ❑ **N/A)**

☑ **Facsimile:** By facsimile transmission, from our regular facsimile machine at (888) 210-8868, at approximately _____2 PM_____, or soon thereafter, addressed to the following facsimile machine (❑ **Without exhibits, which are to follow by mail;** ☑ **With exhibits):**
   *Name of Person Served:*   _____See Above_____
   *Facsimile Telephone No:*   _____See Above_____
A facsimile machine report was printed immediately thereafter, which verified that the transmission was complete and without error.

☑ **U.S. Mail and/or Overnight:** By depositing true copies thereof, enclosed in a sealed envelope(s) with postage thereon fully prepaid, marked with the above address(es), and placed in:
   ☑   in First Class United States Mail
   ❑   in ❑ priority, or ❑ standard, overnight mail via Federal Express,

I am readily familiar with our office's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence, including said envelope, will be deposited with the United States Postal Service in Walnut Creek, and designated overnight packages will be timely scheduled for pickup or placed in Federal Express drop boxes or left at drop centers in Walnut Creek.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is true and correct under penalty of perjury pursuant to the laws of the United States and the state of California. Executed this **September 4, 2007**, in Walnut Creek, California.

By: _____
❑ Timothy S. Thimesch
(Original signed)

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

**Plaintiff's Partial Opposition to Defendants' Application for Motion to Extend Time to "Respond": C07-4087 EDL**   — 8 —

## Timothy Thimesch

**From:** Timothy Thimesch [tim@thimeschlaw.com]
**Sent:** Thursday, August 30, 2007 4:06 PM
**To:** 'Martin H. Orlick Esq. (mho@jmbm.com)'; 'df1@jmbm.com'
**Cc:** 'Gene Farber'
**Subject:** Yates v. Union Square (Your "Ex Parte")
**Contacts:** Martin H. Orlick Esq.

Dear Mr. Orlick:

I checked both email and Pacer, and found no notice of the "ex parte" you mentioned had already been filed earlier today. Please send it to me right away.

If you haven't yet filed the application, please make sure it represents that plaintiff opposes an extension in this Rule 56 case to bring motions that should be evident on the face of the complaint, and that plaintiff finds frivolous defendants' suggestion that the state causes of action should be "knocked out". Also, if your firm has experience in filing this very motion against the state cause of actions, as you represent, it should be able to file on time. Otherwise, these motions will only serve to delay Rule 56 procedures. Please also represent to the Court that plaintiff's offer of a two week extension to resolve conflicts and answer was declined.

Sincerely,

Tim Thimesch

