MARTIN H. ORLICK, SBN 83908, mho@jmbm.com
MATTHEW S. KENEFICK, SBN 227298, msk@jmbm.com
JEFFER, MANGELS, BUTLER & MARMARO LLP
Two Embarcadero Center, 5th Floor
San Francisco, California 94111
Telephone:   (415) 398-8080
Facsimile:    (415) 398-5584

Attorneys for Specially Appearing Defendant
CITY OF SAN FRANCISCO UPTOWN PARKING
CORPORATION, a California non-profit corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG YATES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNION SQUARE; CITY AND COUNTY OF SAN FRANCISCO; CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION; EMPORIO RULLI IL CAFFE UNION SQ.; EMPORIO RULLI IL CAFFE UNION SQ., INC.; and DOES 1 through 50, Inclusive,<br><br>　　　　Defendants. | CASE NO.   C 07 4087 EDL<br><br>**SUPPLEMENTAL DECLARATION OF MARTIN H. ORLICK, ESQ. IN SUPPORT OF *EX PARTE* APPLICATION FOR EXTENSION OF TIME FOR SPECIALLY APPEARING DEFENDANT, CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION, TO FILE A RESPONSE TO CIVIL COMPLAINT** |

I, Martin H. Orlick, Esq. declare:

1.　　I am a member of the law firm of Jeffer, Mangels, Butler & Marmaro LLP and am duly licensed to practice before this Court. I make this declaration based on personal, first hand knowledge, and if called to testify as a witness as to any of the matters contained herein, I am competent to and would do so.

2.　　City of San Francisco Uptown Parking Corporation ("UPC"), a non-profit California corporation, leases and operates Union Square and the Union Square parking garage from the City and County of San Francisco ("CCSF").

3.　　UPC contacted Jeffer, Mangels, Butler & Marmaro LLP ("JMBM")

1 August 24, 2007, and agreed to retain my Firm August 27, 2007. UPC asked my Firm to represent both UPC and CCSF in this ADA action. Immediately thereafter, I requested a brief extension of time to respond from Plaintiff's counsel, and told him I needed to identify and clear conflicts, and communicate with all clients to understand the factual background of the case. Counsel refused to grant any extension of time to respond to the Complaint, although he was willing to extend time to answer the Complaint. I could not waive Defendants' rights to challenge the pleadings, if appropriate.

4. On August 28, 2007, declarant caused a conflicts search to be performed. JMBM has a prominent land use, entitlement and government affairs practice and regularly represents clients in administrative proceedings before various departments, agencies, branches and boards of the CCSF. Occasionally, JMBM clients are required to litigate against the CCSF.

5. My Firm is clearing conflicts with the CCSF and our clients. We are in the process of obtaining necessary conflict waivers which can take some time.

6. JMBM's representation of clients adverse to the CCSF, and the current representation of UPC and the CCSF, create obvious waivable conflicts under Rule 3-310 of the California Rules of Professional Conduct applicable to attorneys ("Avoiding the Representation of Adverse Interests").

7. Declarant, JMBM's Conflict Committee, Jim Emery, Esq., Director of Complex Litigation for the CCSF, and others within his department have been working diligently to identify and clear conflicts, not only with UPC, the CCSF, but the Firm's clients, all of whom must consent to such joint representation.

8. As the Court well knows, until JMBM receives written conflict waivers from UPC, the CCSF, and the Firm's affected clients, Declarant and the CCSF are prohibited from discussing the merits of the case or litigation strategy. Nor can the CCSF ethically share any documents, permit Declarant to interview witnesses, or review work product until written waivers are signed by all parties.

9. Mr. Emery, Declarant, other lawyers of JMBM,, and the Firm's clients have been cooperating and working diligently to clear conflicts and estimate needing one week from

1 today to complete the process. Mr. Emery needs to clear certain specific conflicts with Deputy City
2 Attorneys working on one matter. Only then, will a defense strategy be formulated.

3     10.    Despite Plaintiff's counsel's lengthy conjecture about possible or hypothetical
4 motions Defendants may or may not file, regarding principles of standing or comity, absolutely no
5 decision has been made whether or not to file any motions. The requested extension of time to
6 respond, rather than answer the Complaint, is necessary to protect the rights of all Defendants.
7 Contrary to counsel's inflammatory and vacuous accusations about misleading the Court, this
8 application, supported by Mr. Emery's department, is presented in absolute good faith and not for
9 purposes of delay.

10     11.    Accordingly, this application requests the establishment of a responsive
11 pleading deadline for efficient case management, of September 28, 2007 for all Defendants. In
12 point of fact, despite assertions to the contrary, there is no prejudice to Plaintiff by the brief
13 extension requested. There is no disruption of "Rule 56 procedures" as Plaintiff asserts, whatever
14 they are at this stage of the case. In thirty (30) years of practice, I have never encountered a lawyer
15 who refused a Defendant a reasonable extension of time to respond to a Complaint, or who filed an
16 opposition to a request for an extension of time to file a response. Basic professional courtesy
17 would have obviated the need for this application.

18     I declare under penalty of perjury under the laws of the State of California that the
19 foregoing is true and correct, based on actual knowledge, and that this Declaration was executed in
20 San Francisco, California.

22 DATED: September 6, 2007      /s/ Martin H. Orlick
                                                     MARTIN H. ORLICK, ESQ., Declarant

# PROOF OF SERVICE

**STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO**

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: Two Embarcadero Center, 5th Floor, San Francisco, California 94111.

On September 6, 2007 I served the document(s) described as SUPPLEMENTAL DECLARATION OF MARTIN H. ORLICK IN SUPPORT OF *EX PARTE* APPLICATION FOR EXTENSION OF TIME FOR SPECIALLY APPEARING DEFENDANT, CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION, TO FILE A RESPONSE TO CIVIL COMPLAINT in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

Timothy S. Thimesch, Esq.
THIMESCH LAW OFFICES
158 Hilltop Crescent
Walnut Creek, Ca 94597-3452

☐ (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ BY ELECTRONIC SERVICE TRANSMISSION via U.S. District Court, Northern Division, Case Management/Electronic Case Files, Filing System. I served a copy of the above-listed document(s) to the e-mail address(es) of the addressee(s) by use as identified and maintained therein.

☒ (BY FAX) At 2:30 p.m., I transmitted, pursuant to Rule 2.306, the above-described document by facsimile machine (which complied with Rule 2003(3)), to the above-listed fax number(s). The transmission originated from facsimile phone number (415) 398-5584 and was reported as complete and without error. The facsimile machine properly issued a transmission report, a copy of which is attached hereto.

☐ (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

☐ (BY OVERNIGHT DELIVERY) I caused said envelope(s) to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressee(s).

Executed on September 6, 2007 at San Francisco, California.

☒ (FEDERAL)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/ Angela Pereira

Angela Pereira