1  JEFFER, MANGELS, BUTLER & MARMARO LLP
   MARTIN H. ORLICK (Bar No. 083908), MHO@jmbm.com
2  MATTHEW S. KENEFICK (Bar No. 227298), MSK@jmbm.com
   Two Embarcadero Center, Fifth Floor
3  San Francisco, California 94111-3824
   Telephone:   (415) 398-8080
4  Facsimile:   (415) 398-5584

5  Attorneys for Defendants CITY AND COUNTY OF SAN
   FRANCISCO and CITY OF SAN FRANCISCO UPTOWN
6  PARKING CORPORATION, a California Corporation

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11 | CRAIG YATES,                          | CASE NO.   C074087EDI
12 |        Plaintiff,                     | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR THE COURT TO DECLINE SUPPLEMENTAL JURISDICTION OVER AND TO DISMISS PLAINTIFF'S STATE LAW CLAIMS [28 U.S.C. § 1367(c)] AND TO STRIKE PLAINTIFF'S UNSUPPORTED AND IMPROPER DAMAGE PRAYERS FROM THE COMPLAINT [FRCP 12(f)]**
13 |   v.                                  |
14 | UNION SQUARE; CITY AND COUNTY OF SAN FRANCISCO, CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION; EMPORIO RULLI IL CAFFE UNION SQ.; EMPORIO RULLI IL CAFFE UNION SQ., INC.; and DOES 1 through 50, Inclusive, |
18 |        Defendants.                    |

Accompanying Papers: Notice of Motion; Request for Judicial Notice; (Proposed) Order

Date:   November 6, 2007
Time:   9:00 a.m.
Dept:   Crtrm. E
Judge:  The Hon. Elizabeth D. Laporte

Complaint filed:   August 9, 2007
Trial date:        none set

625369v1

C074087EDI
MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................... 1

II. BACKGROUND ....................................................................................................... 1

    A. The Parties ................................................................................................... 1

    B. The Subject Premises ................................................................................... 2

    C. The Complaint ............................................................................................. 2

III. LEGAL ARGUMENT ............................................................................................... 4

    A. Because Of Conflicting Statutory Interpretations, This Court Should Decline To Extend Supplemental Jurisdiction To Plaintiff's State Law Claims And Dismiss The Same – 28 U.S.C. § 1367(c) ............................... 4

    B. This Court Should Strike Plaintiff's Improper And Unsupported Damage Claims And Attorneys' Fees Requests ........................................... 7

        1. This Court Should Strike Plaintiff's Requests For Damages Under Title II Of The ADA And Section 504 Of The Rehabilitation Act ............... 7

        2. This Court Should Strike Plaintiff's Requests For Attorneys' Fees And Litigation Costs Under Code of Civil Procedure Section 1021.5 .................. 9

IV. CONCLUSION ........................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Baggert v. Gates,
    32 Cal. 3d 128 (1982) .................................................................................................. 10

Bureerong v. Uvawas, 922 F. Supp. 1450,
    fn. 34 (CD CA 1996) ................................................................................................... 8

Cross v. Boston Market Corp.,
    07CV486J(LSP) (May 29, 2007) ................................................................................ 7

Cross v. Pacific Coast Plaza Invest.,
    No. 06CV2543 ............................................................................................................ 6

Duvall v. County of Kitsap,
    260 F.3d 1124 (9th Cir. 2001) .................................................................................... 8

Ferguson v. City of Phoenix,
    157 F.3d 668 (9th Cir. 1998) ...................................................................................... 8

Gasperini v. Center for Humanities, Inc.,
    518 U.S. 415 (1996) ............................................................................................... 6, 7

Gunther v. Lin,
    144 Cal. App. 4th 223 (4th Dist. 2006) ............................................................. 5, 6, 7

Lentini v. California Center for the Arts, Escondido,
    370 F.3d 837 (9th Cir. 2004) ............................................................................. 5, 6, 7

Lewis v. Casey,
    518 U.S. 343 (1996) .................................................................................................... 9

Lovell v. Chandler,
    303 F.3d 1039 (9th Cir. 2002) .................................................................................... 8

Memmer v. Marin County Courts,
    169 F.3d 630 (9th Cir. 1999) ...................................................................................... 8

OAM v. Singletary,
    406 F. Supp. 2d 1120 (2005 S.D. Cal.) ...................................................................... 6

Pacific Legal Foundation v. California Coastal Commission,
    33 Cal. 3d 158 (1982) .............................................................................................. 10

Parr v. L&L Drive-Inn Restaurant,
    96 F. Supp. 2d 1065 (D. Haw. 2000) ......................................................................... 9

Planned Parenthood v. City of Santa Maria,
    16 Cal. App. 4th 685 (1993) .................................................................................... 10

Press v. Lucky Stores, Inc.,
    34 Cal. 3d 311 (1983) .............................................................................................. 10

Ryan v. California Interscholastic Federation,
    94 Cal. App. 4th 1033 (2001) .................................................................................. 10

Salve Regina College v. Russell,
    499 U.S. 225 (1991) ................................................................................................... 7

# TABLE OF AUTHORITIES
### [Continued]

Page(s)

Serrano v. Priest,
    20 Cal. 3d 25 (1977) .................................................................................................10

Tapley v. Lockwood Green Engineers, Inc.,
    502 F.2d 559 (8th Cir. 1974) ......................................................................................8

United Mine Workers of America v. Gibbs,
    383 U.S. 715 (1966) ................................................................................................6, 7

Wilkerson v. Butler,
    229 F.R.D. 166 (ED CA 2005) ...................................................................................8

Wilson v. Haria and Gogri Corp.,
    2007 WL 851744 (ED Cal. 2007) ...............................................................................7

Zukle v. Regents of the University of California, 166 F.3d 1041,
    fn.11 (9th Cir. 1999) ...................................................................................................8

**CODES AND STATUTES**

28 U.S.C.
    § 1367(c) ......................................................................................................1, 5, 6, 13

Code of Civil Procedure
    Section 1021.5 ..........................................................................................................10

F.R.C.P. 12(f) .......................................................................................................................1, 6

Defendants City and County of San Francisco ("CCSF") and City of San Francisco Uptown Parking Corporation, a California corporation ("Uptown") (collectively, "Moving Parties") hereby submit the following Memorandum of Points and Authorities in Support of Motion for the Court to Decline Supplemental Jurisdiction Over and to Dismiss Plaintiff's State Law Claims [28 U.S.C. § 1367(c)] and to Strike Plaintiff's Unsupported and Improper Damage Prayers from the Complaint [FRCP 12(f)]:

I. **INTRODUCTION**

The Plaintiff, Craig Yates ("Plaintiff"), seeks approximately $3,000,000.00 in damages for the alleged lack of disabled accessible parking spots at the Union Square garage. Plaintiff's $3,000,000.00 damage prayer arises primarily under the California Unruh Civil Rights Act. California courts require the presence of intentional discrimination for a plaintiff to recover damages under the Unruh Act – federal courts do not. Plaintiff has asked this Court to attempt to predict how the law in this regard will settle – a request this Court should not indulge. Federal courts have, time and again, in circumstances such as these, declined supplemental jurisdiction over such conflicted state legal schemes – this is to promote comity and justice. This Action is no different. This Court should decline to extend supplemental jurisdiction over Plaintiff's state law claims and dismiss the same.

Plaintiff's $3,000,000.00 damage prayer indicates this action predominately furthers Plaintiff's interests, as opposed to the public benefit. Because of this, attorneys' fees and costs under California's private attorney general statute (Code of Civil Procedure section 1021.5) should be stricken. Further, Plaintiff fails to make the requisite allegation of intentional discrimination and therefore his damage prayers under section 504 of the Rehabilitation Act and Title II of the ADA should both be stricken.

II. **BACKGROUND**

A. **The Parties**

Plaintiff is allegedly disabled, requiring the use of a wheelchair for mobility. See

- 1 -

C074087EDI
MEMORANDUM OF POINTS AND AUTHORITIES

Complaint[1] ¶¶ 1, 8, p.2 lines 5-7, p.4 line 8 through p.5 line 9.  CCSF, Uptown, Union Square,[2] Emporio Rulli Il Caffe Union Sq., Emporio Rulli Il Caffe Union Sq., Inc., as well as those named as Doe defendants in the Complaint (collectively, "Defendants"), are the alleged controlling entities, owners, operators, lessors, and/or lessees of the real properties and improvements thereon which are the subject of this lawsuit.  See Complaint ¶ 9, p.5 lines 11 through 26.

### B. The Subject Premises

The real properties and improvements thereon which are the subject of this lawsuit comprise San Francisco's "newly renovated Union Square, which is described locally as the 'heartbeat of San Francisco itself.'" (the "Premises").  See Complaint ¶ 1, p.2 lines 7-9.

### C. The Complaint

On August 9, 2007, Plaintiff filed his Complaint for this Action.  See Complaint.  In the Complaint, Plaintiff alleges he has been discriminated on the basis of his disability as the result of architectural access barriers at the Premises related to parking facilities:

> …On (sic) daily basis during the two years preceding the filing of this complaint, plaintiff CRAIG YATES has been denied the right and desire to visiting (sic) the subject square by these substantial barriers, which include:
>
> (1)    Failure to provide a safe and accessible path of travel from the southern boundary to the square.
>
> (2)    Failure to provide safe and accessible disabled high-top van parking facilities fully complying with the requirements of the code.
>
> (3)    Failure to provide an accessible and safe path of travel for use by persons with disabilities from the public parking areas to the square, including accessible ramp facilities.
>
> (4)    Failure to provide open and accessible ticket payment facilities.
>
> (5)    Failure to provide accessible service and condiment counter

---

[1] The Complaint for Injunctive & Declaratory Relief and Damages: Denial of Civil Rights of a Disabled Person in Violation of the Americans with Disabilities Act of 1990, Section 504 of the Rehabilitation Act of 1973, and California's Disabled Rights Statutes filed by Plaintiff in this Action on August 9, 2007 (the "Complaint").

[2] Plaintiff has named "Union Square" as a defendant.  Union Square is not a legal entity. This analogous to Plaintiff suing Golden Gate Park, Coit Tower, or the Golden Gate Bridge.

facilities.

(6) Failure to modify, draft, or implement policies, practices, and procedures, and provide adequate training and information to staff, so as to maintain accessible parking facilities and their availability, or otherwise provide access through reasonable alternative accommodations and methods.

Complaint ¶ 13, p.8 lines 3-25.

**Violation of Title II of the ADA.** As a "First Cause of Action," Plaintiff alleges the foregoing disabled access barriers give rise to a claim by him against Union Square, CCSF, Uptown, and Does 1 through 50 for discrimination in violation of Title II of the Americans with Disabilities Act of 1990 (the "ADA"). See Complaint ¶¶ 20-28, p.10 line 12 through p.13 line 13.

**Violation of the Rehabilitation Act.** As a "Second Cause of Action," Plaintiff alleges the existence of disabled access barriers at the Premises has acted to violate his civil rights thereby forming the basis for a claim against Union Square, CCSF, Uptown, and Does 1 through 50 for violations of Section 504 of the Rehabilitation Act of 1973. See Complaint ¶¶ 29-33, p.13 line 14 through p.15 line 12.

**Violation of Title III of the ADA.** As a "Third Cause of Action," Plaintiff alleges the existence of disabled access barriers and the failure of "defendants" to remove the same gives rise to a claim by Plaintiff for violations of Title III of the ADA – Plaintiff does not distinguish against which of the Defendants this claim is being asserted. See Complaint ¶¶ 34-47, p.15 line 13 through p.22 line 12.

**Violation of the California Health & Safety Code.** In his "Fourth Cause of Action," Plaintiff alleges disabled access barriers at the Premises acted to deny him and others who are similarly situated, full and equal access to public facilities in violation of California Health & Safety Code sections 19955, et seq. See Complaint ¶¶ 48-61, p.22 line 13 through p.27 line 5. Plaintiff, again, fails to specify against which Defendant this claim is being asserted. Id.

**Violation of the California Disabled Persons Act.** In his "Fourth Cause of Action," "Sixth Cause of Action," and "Seventh Cause of Action," Plaintiff claims disabled access barriers at the Premises give rise to violations of the California Disabled Persons Act (Civil Code

625369v1

C074087EDI
MEMORANDUM OF POINTS AND AUTHORITIES

sections 54, et seq.), without specifying against which Defendant these claims are being asserted.[3] See Complaint ¶¶ 48-61, 67-76, 77-80, p.22 line 13 through p.27 line 5, p.29 line 1 through p.32 line 28, p.33 line 2 through p.34 line 10.

**Violation of the California Government Code.** As a "Fifth Cause of Action" and a "Ninth Cause of Action," Plaintiff alleges the existence of access barriers at the Premises gives rise to claims under California Government Code sections, 4450 et seq. and 11135, et seq. See Complaint ¶¶ 62-66, 85-89, p.27 line 5 through p.28 line 26, p.35 line 17 through p.36 line 22.

**Violation of the California Unruh Civil Rights Act.** As his "Eighth Cause of Action," Plaintiff alleges violations of the ADA gives rise to claims under the California Unruh Civil Rights Act (Civ. Code sections 51, et seq.). See Complaint ¶¶ 81-84, p.34 line 11 through p.35 line 17.

**Relief Sought.** Plaintiff seeks declaratory relief, injunctive relief, recovery of his attorneys' fees and litigation costs, approximately $3,000,000.00 in statutory damages under the Unruh Act, actual damages, and treble damages. See Complaint ¶¶ 90-92, p.36 line 23 through p.37 line 15; Prayer for Relief p.37 line 16 through p.40 line 1.

### III. LEGAL ARGUMENT

A. **Because Of Conflicting Statutory Interpretations, This Court Should Decline To Extend Supplemental Jurisdiction To Plaintiff's State Law Claims And Dismiss The Same – 28 U.S.C. § 1367(c)**

Under 28 U.S.C. § 1367(c), the Court may decline supplemental jurisdiction on four (4) separate grounds:

1) The claim raised a novel or complex issue of state law;

2) The claim substantially predominates over the claim or claims which the district court has original jurisdiction;

3) The district court has dismissed all claims over which it has original jurisdiction; or

4) In exceptional circumstances, there are other compelling reasons for declining jurisdiction.

---

[3] Twenty pages of allegations, nearly one-half of the Complaint, fail to identify which Defendant, if any, is the subject of Plaintiff's vague allegations.

Because of recent dissension between the state and federal courts on the interpretation of California disability access statutes, this Court should decline supplemental jurisdiction over and dismiss Plaintiff's state law claims. In <u>Gunther v. Lin</u>, 144 Cal.App.4th 223 (4th Dist. 2006), the California Court of Appeal rejected the Ninth Circuit's holding in <u>Lentini v. California Center for the Arts, Escondido</u>, 370 F.3d 837, 847 (9th Cir. 2004). In doing so, the California Court of Appeal held intentional discrimination was required to obtain statutory damages under California Civil Code section 52(a) under the California Unruh Civil Rights Act. <u>Id.</u> at 228-229. This decision was affirmed by the California Supreme Court on January 17, 2007, when it denied review and a request to de-publish the opinion. <u>See</u> Request for Judicial Notice,[4] Exh. A.

Federal courts must apply state substantive law. <u>Gasperini v. Center for Humanities, Inc.</u>, 518 U.S. 415, 416 (1996). In circumstances involving conflicting interpretations of state law, as a matter of comity and to promote justice between the parties, federal courts should decline supplemental jurisdiction. <u>See</u> <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 726 (1966). Ninth Circuit District Courts have repeatedly relied on this principle to decline supplemental jurisdiction over state law claims in disabled access cases. <u>See</u> <u>OAM v. Singletary</u>, 406 F.Supp.2d 1120, 1130-1132 (2005 S.D. Cal.); <u>See</u> also <u>Cross v. Pacific Coast Plaza Invest.</u>, No. 06CV2543 JM(RBB) (SD Cal. Mar. 6, 2007).[5]

In <u>Cross v. Pacific Coast Plaza Invest.</u>, the plaintiff, Diane Cross, sued a shopping center and the stores located therein based on disabled access barriers she allegedly encountered. <u>Id.</u> at 1-2. The District Court for the Southern District of California analyzed the federal and state courts' interpretations of California disabled access statutes and concluded "this court is faced with irreconcilable authorities based on the current status of the law." <u>Id.</u> at 7. It found that <u>Lentini v. California Center for the Arts, Escondido</u>, 370 F.3d 837, 847 (9th Cir. 2004), on the one hand, held

---

[4] The accompanying Request for Judicial Notice in Support of Motion for the Court to Decline Supplemental Jurisdiction Over and to Dismiss Plaintiff's State Law Claims [28 U.S.C. § 1367(c)] and to Strike Plaintiff's Unsupported and Improper Damage Prayers from the Complaint [FRCP 12(f)] ("Request for Judicial Notice").

[5] <u>See</u> Request for Judicial Notice, Exh. B.

that a Plaintiff can recover statutory damages for an unintentional violation of the California Unruh Civil Rights Act; whereas, Gunther v. Lin, 144 Cal.App.4th 223 (4th Dist. 2006), on the other hand, held Lentini was wrongly decided and a finding of intentional discrimination is required for an award of statutory damages. Id. Based on the "tension" between these two (2) decisions, in each case, that court dismissed the plaintiff's Unruh Act claims, as well as all of her other state law claims on the basis that they were inextricably intertwined. Id. at 9.

The "tension" between Gunther and Lentini was further compounded by the March 22, 2007 decision of the United States District Court for the Eastern District of California in Wilson v. Haria and Gogri Corp., 2007 WL 851744 (ED Cal. 2007).[6] In Wilson, the Court rejected Gunther, finding Lentini to be more persuasive, and awarded the plaintiff statutory damages in the absence of intentional discrimination. Id. at 7-8. The resulting effect of Wilson, compelling federal courts to decline supplemental jurisdiction over state law disability claims, was recognized by the Southern District of California in Cross v. Boston Market Corp., 07CV486J(LSP) (May 29, 2007).[7]

With the state and federal courts' polar-opposite interpretations of the California Unruh Civil Rights Act, in deciding such issues this Court subjects the parties to potentially re-litigating the matters if the Court wrongly predicts how the law will settle. The Eastern District of California in Wilson v. Haria and Gogri Corp., 2007 WL 851744 (ED Cal. 2007) predicted the California Supreme Court will ultimately reverse or distinguish Gunther v. Lin, 144 Cal.App.4th 223 (4th Dist. 2006). A federal court, however, must apply state law, and such application is reviewed de novo by the Court of Appeals. See Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 416 (1996); Salve Regina College v. Russell, 499 U.S. 225, 231 (1991). Thus, if this Court wrongly predicts how the law will settle, the parties may be forced to re-litigate the issues. There is no need for this Court or the parties to unnecessarily expend such resources. This reasoning was recognized by the United States Supreme Court in United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

---

[6] See Request for Judicial Notice, Exh. C.

[7] See Request for Judicial Notice, Exh. D.

In this Action, Plaintiff asserts a claim for relief based on the California Unruh Civil Rights Act. See Complaint ¶¶ 81-84, p.34 line 11 through p.35 line 17. Under this theory, he seeks statutory damages of $4,000.00 per incident of discrimination on a daily basis, whether or not Plaintiff actually visited or intended to visit the parking garage – for a total approximately $3,000,000.00. See Complaint 81-84, p.34 line 11 through p.35 line 17.[8] Because of the irreconcilable interpretations of California state disability access law between the federal and state courts, this Court should decline to extend supplemental jurisdiction over Plaintiff's Unruh Act claims – as well as Plaintiff's other disabled rights claims arising under state law. As such, to promote comity and justice, this Court should dismiss **all** of Plaintiff's state law disability access claims which are inextricably intertwined with one another.

**B.    This Court Should Strike Plaintiff's Improper And Unsupported Damage Claims And Attorneys' Fees Requests**

Pursuant to Federal Rule of Civil Procedure 12(f), a court can strike out improper and unsupported damage prayers. See, e.g., Tapley v. Lockwood Green Engineers, Inc., 502 F.2d 559, 560 (8th Cir. 1974); Bureerong v. Uvawas, 922 F.Supp. 1450, 1479, fn. 34 (CD CA 1996); Wilkerson v. Butler, 229 FRD 166, 172 (ED CA 2005). In this Action, the Court should strike Plaintiff's damage prayers under his ADA Title II and Rehabilitation Act section 504 claims, and his prayer for attorneys' fees and costs under California Code of Civil Procedure section 1021.5.

**1.    This Court Should Strike Plaintiff's Requests For Damages Under Title II Of The ADA And Section 504 Of The Rehabilitation Act**

In order to plead a claim for monetary damages under the ADA, the Plaintiff must allege ***intentional discrimination***. See, e.g., Lovell v. Chandler, 303 F.3d 1039, 1056 (9th Cir. 2002); Memmer v. Marin County Courts, 169 F.3d 630, 633 (9th Cir. 1999); Ferguson v. City of Phoenix, 157 F.3d 668, 674-675 (9th Cir. 1998). To properly allege intentional discrimination, a plaintiff must plead a ***deliberate indifference***. Lovell, 303 F.3d at 1056; see also Duvall v. County of Kitsap 260 F.3d 1124, 1138-1139 (9th Cir. 2001). To establish a "deliberate indifference," a

---

[8] Plaintiff also incorporates this $4,000.00 statutory damage claim in his Disabled Persons Act claim – the Disabled Persons Act does not afford such damages (only $1,000 per incident – See Civ. Code section 54.3.). See Complaint ¶ 22, p.30 line 15 through p.31 line 6.

- 7 -    C074087EDI
MEMORANDUM OF POINTS AND
AUTHORITIES

plaintiff must allege facts which establish: 1) the defendant had knowledge that harm to a federally protected right is likely, and 2) failure to act on that likelihood. See Lovell, 303 F.3d at 1056; Duvall, 260 F.3d at 1139. Section 504 of the Rehabilitation Act follows the same standard. See Zukle v. Regents of the Univ. of California, 166 F.3d 1041, 1045 fn.11 (9th Cir. 1999); see also Ferguson v. City of Phoenix, 157 F.3d 668, 673 (9th Cir. 1999).

**Plaintiff Fails To Plead Entitlement To Damages Under Title II Of The ADA.**

Plaintiff seeks damages under Title II of the ADA. See Complaint ¶¶ 24, 26, p.11 line 27 through p.12 line 4, and p.12 lines 10-14; Prayer for Relief, p.39 lines 15-17. Plaintiff, however, fails to allege facts which would establish either CCSF or Uptown acted with a ***deliberate indifference***. In apparent attempt to meet this standard, Plaintiff alleges:

> ...the named governmental defendants[9] ...have been made aware... through the media and governmental sources of the inaccessibility of their public facility/business to disabled persons... Despite being informed of such effect on disabled persons... said defendants ...knowingly and willfully failed and refused to take proper steps to rectify this situation and to provide full and equal access for disabled persons to each public facility...

Complaint ¶ 27, p.12 line 15 through p.13, line 2.

This rote language falls short. Plaintiff's artfully vague allegations do not properly plead that either CCSF or Uptown engaged in intentional discrimination. Plaintiff fails to allege either CCSF or Uptown had knowledge that harm to a federally protected right was likely. Plaintiff, rather, merely alleges that through un-specified "media" and un-named "governmental sources" that the "named governmental defendants" were made aware of the inaccessibility of their "facility." This does not connote the requisite knowledge. This discounts the possibility of equivalent facilitation. This does not allege the "inaccessibility," whatever that may mean, was likely to act to harm the rights of a disabled individual. These barren allegations are insufficient.

Plaintiff also fails to make the crucial allegation that as a proximate result of this conduct, he personally suffered discrimination. See Lewis v. Casey, 518 U.S. 343, 358 n.6 (1996); Parr v. L&L Drive-Inn Restaurant, 96 F.Supp.2d 1065, 1082-83 (D. Haw. 2000). Thus, Plaintiff

---

[9] Which does **not** include Uptown, a private corporation.

fails to make the requisite allegations for damages under Title II of the ADA.

**Plaintiff Fails To Plead Entitlement To Damages Under Section 504 Of The Rehabilitation Act**. Plaintiff also seeks damages under Section 504 of the Rehabilitation Act of 1973:

> ...Plaintiff seeks damages for the ongoing and continuous denial of his Civil Rights... and for physical, mental and emotional injury, all to his damages according to proof...
>
> Complaint ¶ 32, p.14 lines 21-27 (see also Complaint, Prayer for Relief, p.39 lines 13-14).

As discussed above, the same standard applies to damage prayers under section 504 of the Rehabilitation Act as to Title II of the ADA: the plaintiff **must** properly allege *intentional discrimination*. Plaintiff has not done so. Plaintiff, rather, recites the boilerplate allegation that "defendants... have violated plaintiff's rights under section 504 of the Rehabilitation Act of 1973..." Complaint ¶ 31, p.14 lines 8-11. Plaintiff incorporates by reference the allegations of his ADA Title II claim; however, as discussed above, those allegations likewise fall short. Thus, Plaintiff fails to make the requisite allegation of intentional discrimination, manifested by a deliberate indifference, and therefore, this Court should strike his un-supported and legally improper prayer for damages under Title II of the ADA and section 504 of the Rehabilitation Act.

### 2. This Court Should Strike Plaintiff's Requests For Attorneys' Fees And Litigation Costs Under Code of Civil Procedure Section 1021.5

In order to plead entitlement to attorneys' fees under California Code of Civil Procedure section 1021.5,[10] a plaintiff must allege: the action will result in the enforcement of an important right affecting public interest, a significant benefit will be conferred to the general public, and the necessity and financial burden of private enforcement was such to make the award appropriate. See Press v. Lucky Stores, Inc., 34 Cal.3d 311 (1983). A common thread to these elements is that the action must **not** be primarily to enforce the plaintiff's own rights, but rather, to confer a public benefit. See, e.g., Pacific Legal Foundation v. California Coastal Comm'n, 33

---

[10] Commonly referred to as the "private attorney general doctrine." See Serrano v. Priest, 20 Cal.3d 25, 44 (1977).,

1  Cal.3d 158, 167 (1982); <u>Planned Parenthood v. City of Santa Maria</u>, 16 Cal.App.4th 685 (1993). In cases in which the plaintiff has a pecuniary interest in the lawsuit, the court must examine whether the plaintiff is motivated by that pecuniary interest, as opposed to the public benefit. <u>See</u> <u>Ryan v. California Interscholastic Federation</u>, 94 Cal.App.4th 1033 (2001). A court also must look to see if the plaintiff's pecuniary interest in the lawsuit is disproportionate to the burden of prosecuting the lawsuit. <u>See</u> <u>Baggert v. Gates</u>, 32 Cal.3d 128, 143 (1982).

In this case, Plaintiff seeks significant financial recovery. Plaintiff seeks $4,000.00 for each day of the last two (2) years for being deterred from visiting Union Square, despite numerous public transportation alternatives – this adds up to almost $3,000,000.00. <u>See</u> Complaint ¶¶ 13, 72, p.7 line 27 through p.8 line 4, p.30 line 23 through p.31 line 6. Plaintiff also seeks treble damages as well as general damages. <u>See</u> Complaint ¶¶ 90-92, p.36 line 23 through p.37 line 15; Prayer for Relief p.37 line 16 through p.40 line 1.

Plaintiff also seeks, throughout his Complaint, over and over, attorneys' fees and costs pursuant to California Code of Civil Procedure section 1021.5. <u>See</u> Complaint ¶¶ 13, 47, 61, 76, 80, 84, 89, p.8 lines 3-25, p.22 lines 9-10, p.27 lines 1-5, p.32 lines 26-28, p.34 lines 6-7, p.35 lines 15-17, p.36 lines 19-20; Prayer for Damages, p.39 lines 20-24.

The disabled access barriers Plaintiff seeks to have removed consist of the lack of compliant parking striping and accessible parking payment transaction facilities. <u>See</u> Complaint ¶ 13, p.8 lines 3-25. The cost of removal of these barriers is infinitesimal compared to the more than three million dollars Plaintiff seeks. Thus, Plaintiff's personal financial stake in this lawsuit outweighs, by millions of dollars, the public benefit his Action seeks to confer. This does not warrant private attorney general fees under Code of Civil Procedure section 1021.5. Plaintiff appears to be acting in his own interests, and this Court therefore should strike all of Plaintiff's prayers for attorneys' fees and costs under Code of Civil Procedure section 1021.5.

## IV. <u>CONCLUSION</u>

To promote comity and justice, this Court should follow the lead of the Southern District decline to extend supplemental jurisdiction over Plaintiff's state law claims. The heart of Plaintiff's state law claims, the Unruh Act, is the subject of irreconcilable interpretations from

California state and federal courts. In circumstances such as these, the Court should leave the California courts to interpret their own law. Plaintiff seeks unsupported and improper damages under Title II of the ADA and section 504 of the Rehabilitation Act – both should be stricken. Further, because this Action is predominately comprised of Plaintiff's $3,000,000.00 damage claim, this Action predominately further Plaintiff's interests, as opposed to those of the general public, and therefore this Court should strike Plaintiff's prayer for attorneys' fees and litigation costs under California's private attorney general statute (Code of Civil Procedure section 1021.5).

DATED: September 28, 2007

JEFFER, MANGELS, BUTLER & MARMARO LLP
MARTIN H. ORLICK
MATTHEW S. KENEFICK

By: /S/ Martin H. Orlick
    MARTIN H. ORLICK
Attorneys for Defendant CITY AND COUNTY OF SAN FRANCISCO AND CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION, a California corporation