1  JEFFER, MANGELS, BUTLER & MARMARO LLP
   MARTIN H. ORLICK (Bar No. 083908), MHO@jmbm.com
2  MATTHEW S. KENEFICK (Bar No. 227298), MSK@jmbm.com
   Two Embarcadero Center, Fifth Floor
3  San Francisco, California 94111-3824
   Telephone:  (415) 398-8080
4  Facsimile:  (415) 398-5584

5  Attorneys for Defendants CITY AND COUNTY OF SAN
   FRANCISCO and CITY OF SAN FRANCISCO UPTOWN
6  PARKING CORPORATION, a California Corporation

7

8  UNITED STATES DISTRICT COURT

9  NORTHERN DISTRICT OF CALIFORNIA

10  SAN FRANCISCO DIVISION

| | |
|---|---|
| 11  CRAIG YATES,<br><br>12        Plaintiff,<br><br>13        v.<br><br>14  UNION SQUARE; CITY AND COUNTY OF SAN FRANCISCO, CITY OF SAN<br>15  FRANCISCO UPTOWN PARKING CORPORATION; EMPORIO RULLI IL<br>16  CAFFE UNION SQ.; EMPORIO RULLI IL CAFFE UNION SQ., INC.; and DOES 1<br>17  through 50, Inclusive,<br><br>18        Defendants. | CASE NO.   C074087EDI<br><br>**(Proposed) ORDER RE: MOTION FOR THE COURT TO DECLINE SUPPLEMENTAL JURISDICTION OVER AND TO DISMISS PLAINTIFF'S STATE LAW CLAIMS [28 U.S.C. § 1367(c)] AND TO STRIKE PLAINTIFF'S UNSUPPORTED AND IMPROPER DAMAGE PRAYERS FROM THE COMPLAINT [FRCP 12(f)]**<br><br>**Accompanying Papers**: Notice and Motion; Memorandum of Points and Authorities; Request for Judicial Notice<br><br>Date:    November 6, 2007<br>Time:    9:00 a.m.<br>Dept:    Crtrm. E<br>Judge:   The Hon. Elizabeth D. Laporte<br><br>Complaint filed:  August 9, 2007<br>Trial date:       none set |

23   The Motion of Defendants City and County of San Francisco ("CCSF") and City of

24  San Francisco Uptown Parking Corporation, a California corporation ("Uptown") (collectively,

25  "Moving Parties") for the Court to Decline Supplemental Jurisdiction Over and to Dismiss

26  Plaintiff's State Law Claims [28 U.S.C. § 1367(c)] and to Strike Plaintiff's Unsupported and

27  Improper Damage Prayers from the Complaint [FRCP 12(f)] (the "Motion") came on regularly for

28  hearing on November 6, 2007, at 9:00 a.m., in Courtroom E of the above-referenced Court, located

1  at 450 Golden Gate Ave., 15th Floor, San Francisco, California.  The Honorable Elizabeth D.
2  Laporte presided.  All parties had sufficient notice.
3        This Court, having considered the pleadings and papers on file herein and the oral
4  argument of the parties, hereby grants Moving Parties' Motion.
5        IT IS THEREFORE ORDERED as follows:  Because of conflicting interpretation of
6  California state disabled access law regarding the presence of intentional discrimination as a pre-
7  requisite to statutory damages arising from the opinions of <u>Gunther v. Lin</u>, 144 Cal.App.4th 223
8  (4th Dist. 2006), <u>Lentini v. California Center for the Arts, Escondido</u>, 370 F.3d 837, 847 (9th Cir.
9  2004), and their respective progenies, pursuant to 28 U.S.C. § 1367(c), this Court declines to extend
10 supplemental jurisdiction over Plaintiff's claims arising under California state law, which are framed
11 as Plaintiff's "Fourth Cause of Action," "Fifth Cause of Action," "Sixth Cause of Action," "Seventh
12 Cause of Action," "Eighth Cause of Action," and "Ninth Cause of Action" (collectively, the "State
13 Law Claims").  Accordingly, this Court dismisses Plaintiff's State Law Claims.
14       IT IS FURTHER ORDERED as follows:  Pursuant to Federal Rule of Civil
15 Procedure, 12(f), this Court herby orders stricken the following portions of the Complaint as un-
16 supported and improper damage prayers:

**Requests For Damages Under Title II Of The ADA:**

As a result of such discrimination, in violation of section 202 of the ADA, plaintiff is entitled to the remedies, procedures and rights set forth in section 505 of the Rehabilitation Act of 1973 (29 U.S.C. §794a), as provided by section 203 of the ADA, including injunctive relief and damages for violation of his civil rights, as previously plead.

Complaint ¶ 24 p.11 line 27 through p.12 line 4.

Plaintiff requests appropriate damages for each of his complained experiences for the two year period preceding the filing of this complaint, as well as litigation expenses and costs, and reasonable attorneys' fees as provided by law.

Complaint ¶ 26, p.12 lines 10-14.

Award damages against the government entity defendants pursuant to Title II of the Americans with Disabilities Act.

Complaint, Prayer for Relief, p.39 lines 15-17.

**Requests For Damages Under Section 504 Of The Rehabilitation Act:**

Plaintiff seeks damages for the ongoing and continuous denial of his Civil Rights from the date of his initial attempts to use the square, or the dates he was deterred (preceding back to two years before the filing of the original complaint) to the time of trial or remediation, and for physical, mental and emotional injury, all to his damages according to proof.

Complaint ¶ 32, p.14 lines 21-27

Award damages against all defendants pursuant to section 504 of the Rehabilitation Act.

Complaint, Prayer for Relief, p.39 lines 13-14.

**Requests For Attorneys' Fees And Litigation Costs Under California Code Of Civil Procedure Section 1021.5:**

…justifying "public interest" attorneys' fees pursuant to the provisions of California Code of Civil Procedure Section 1021.5.

Complaint ¶ 47, p.22 lines 9-10.

Plaintiff further request that the court award statutory attorneys' fees, litigation expenses and costs to plaintiff pursuant to section 19953 Health & Safety Code, Civil Code section 55, and Code of Civil Procedure section 1021.5, all hereinafter prayed for.

Complaint ¶ 61, p.27 lines 1-5.

…justifying "public interest" attorneys' fees pursuant to the provisions of California Code of Civil Procedure Section 1021.5.

Complaint ¶ 76, p.32 lines 26-28.

…plaintiff seeks attorneys' fees pursuant to section 1021.5 California Code of Civil Procedure…

Complaint ¶ 80, p.34 lines 6-7.

…justifying "public interest" attorneys' fees pursuant to the provisions of California Code of Civil Procedure Section 1021.5.

Complaint ¶ 84, p.35 lines 15-17.

…plaintiff seeks attorneys' fees pursuant to section 1021.5 California Code of Civil Procedure…

Complaint ¶ 89, p.36 lines 19-20.

Award all costs of this proceeding and all reasonable attorneys' fees, litigation expenses and costs as provided by law, including but not limited to those recoverable pursuant to the provisions of section 54.3 and 55 Civil Code, section 1021.5 Code of Civil Procedure…

625638v1 - 3 - C074087EDI
(Proposed) ORDER

1  Complaint Prayer for Relief, p.39 lines 20-24.

2  IT IS SO ORDERED.

4  DATED: _____

_____
THE HONORABLE ELIZABETH D. LAPORTE of
the United States District Court