JEFFER, MANGELS, BUTLER & MARMARO LLP
MARTIN H. ORLICK (Bar No. 083908), MHO@jmbm.com
MATTHEW S. KENEFICK (Bar No. 227298), MSK@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California  94111-3824
Telephone:     (415) 398-8080
Facsimile:      (415) 398-5584

Attorneys for Defendants CITY AND COUNTY OF SAN FRANCISCO and CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION, a California Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CRAIG YATES,<br><br>          Plaintiff,<br><br>   v.<br><br>UNION SQUARE; CITY AND COUNTY OF SAN FRANCISCO, CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION; EMPORIO RULLI IL CAFFE UNION SQ.; EMPORIO RULLI IL CAFFE UNION SQ., INC.; and DOES 1 through 50, Inclusive,<br><br>          Defendants. | CASE NO. C074087JSW<br><br>*RELATED*  CASE NO. C073685TEH(SBA)<br><br>**NOTICE OF RELATED CASES AND REQUEST FOR RE-ASSIGNMENT (Local Rule 3-12)**<br><br>**Accompanying Papers**: Request for Judicial Notice<br><br><br>Complaint filed:     August 9, 2007<br>Trial date:             none set |

## I.  INTRODUCTION

This Action (the "Yates Action" – defined herein) alleges disabled access barriers at San Francisco's Union Square. The Kirola Action (defined herein), which was filed before the Yates Action, makes broader allegations of disabled access barriers throughout all of the City and County of San Francisco, not just Union Square, and encompasses the allegations of the Yates Complaint (defined herein). The Yates Action and Kirola Action both concern substantially the same parties, property, transactions, events, and questions of law, and therefore, are related. This Court, therefore, should designate these Actions as related and re-assign the Yates Action to the Honorable Saundra B. Armstrong, the Court before which the earlier filed and numbered Kirola Action is pending.

## II.  BACKGROUND

**The Kirola Action.** On July 17, 2007, Plaintiffs Ivana Kirola, Michael Kwok, and Elizabeth Elftman, on behalf of themselves and all others similarly situated, filed their complaint alleging the existence of disabled access barriers in the public premises, facilities, programs, services and activities of the City and County of San Francisco gives rise to claims for violations of federal and California state disabled access laws (the "Kirola Complaint" [1]) (the "Kirola Action"). The Kirola Action is assigned to the Honorable Saundra B. Armstrong, of the Oakland division of the United States District Court of the Northern District of California.

**The Yates Action**. On August 9, 2007, Plaintiff Craig Yates, on behalf of himself and all other similarly situated disabled persons, filed his complaint alleging the existence of disabled access barriers at San Francisco's Union Square gives rise to claims for violations of federal and California state disabled access laws (the "Yates Complaint" [2]) (the "Yates Action"). The Yates Action was initially assigned to the Honorable Elizabeth D. LaPorte, Court room E, of the San Francisco division of the United States District Court of the Northern District of California, and

---

[1] See **Exhibit 1** to the accompanying Request for Judicial Notice in Support of Notice of Related Cases and Request for Re-Assignment (Local Rule 3-12) (the "Request for Judicial Notice").

[2] See **Exhibit 2** to Request for Judicial Notice.

thereafter, was re-assigned to the Honorable Jeffery S. White of the same court.

**Action Requested**.  Defendants request that because the Kirola Action and Yates Action are related, pursuant to Local Rule 3-12, the Yates Action be re-assigned to the Honorable Saundra B. Armstrong, the Court before which the earlier filed and numbered Kirola Action is pending.

### III. LEGAL ARGUMENT

In considering whether a case is related to another, and whether to re-assign the matter, the court examines whether:

> (1) The actions concern substantially the same parties, property, transaction or event; and
>
> (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.
>
> Local Rule 3-12(a).

In this case, the Yates Action and Kirola Action are related and these factors favor re-assignment of the Yates Action to the Honorable Saundra B. Armstrong.

#### A. The Actions Concern Substantially The Same Parties, Property, Transaction Or Event

**The Same Parties**.  The Yates Action and Kirola Action involve substantially the same parties.  The primary Defendant in both Actions is the City and County of San Francisco.  Both Actions also involve the same class of Plaintiffs.  The Kirola Action involves three (3) named Plaintiffs, Ivana Kirola, Michael Kwok, and Elizabeth Elftman, all allegedly disabled, suing on their own behalf and *on behalf of all persons similarly situated*.  See Kirola Complaint ¶¶ 8, 9, 10, and 50, p.3 line 9, through p.4 line 2, and p.13 lines 10 through 13.  Ivana Kirola and Michael Kwok allegedly require the use of a wheelchair for mobility.  See Kirola Complaint ¶¶ 8, 9, p.3 lines 9-22.

Similarly, the Yates Action involves Craig Yates, an allegedly disabled individual requiring the use of a wheelchair for mobility, suing on behalf of himself *and those similarly situated*.  See Yates Complaint ¶¶ 8, 49, p. 1 lines 21 through 23, p.4 line 27 through p.5 line 9, p.22 line 21 through p.23 line 2.  Yates and those similarly situated to him fall within the class represented in the Kirola Action.

**The Same Property**. The Kirola Action involves the real properties in-issue in the Yates Action. The Kirola Action alleges multiple categories disabled access barriers located throughout the entire City and County of San Francisco including its parks and parking facilities. See Kirola Complaint ¶ 15, p.4 line 15 through p.6 line 2. The Yates Action involves Union Square, which is encompassed by the Kirola Action. Yates Complaint ¶ 1, p.2 lines 7-9.

**The Same Transactions/Events**. The transactions or events which form the bases of the Yates Action are the alleged existence of disable access barriers and/or violations of disabled access laws. Each and every disabled access barrier/violation alleged in the Yates Action is encompassed by the Kirola Action:

| Access Barrier/Violation Alleged In Yates Complaint | Where Alleged In Yates Complaint | Where Alleged in Kirola Complaint |
|---|---|---|
| Failure to provide a safe and accessible path of travel from the southern boundary to the square. | Yates Complaint ¶ 13, p.8 lines 7-8. | Kirola Complaint ¶¶ 15(e), 15(m), p.5 lines 9-10 and 26-28. |
| Failure to provide safe and accessible disabled high-top van parking facilities fully complying with the requirements of the code. | Yates Complaint ¶ 13, p.8 lines 9-11. | Kirola Complaint ¶ 15(m), p.5 lines 26-28. |
| Failure to provide an accessible and safe path of travel for use by persons with disabilities from the public parking areas to the square, including accessible ramp facilities. | Yates Complaint ¶ 13, p.8 lines 12-15. | Kirola Complaint ¶¶ 15(e), 15(m), p.5 lines 9-10 and 26-28. |
| Failure to provide open and accessible ticket payment facilities. | Yates Complaint ¶ 13, p.8 lines 16-17. | Kirola Complaint ¶ 15(m), p.5 lines 26-28. |
| Failure to provide accessible service and condiment counter facilities. | Yates Complaint ¶ 13, p.8 lines 18-19. | Kirola Complaint ¶ 15(j), p.5 lines 19-20. |
| Failure to modify, draft, or implement policies, practices, and procedures, and provide adequate training and information to staff, so as to maintain accessible parking facilities and their availability, or otherwise provide access through reasonable alternative accommodations and methods. | Yates Complaint ¶ 13, p.8 lines 20-25. | Kirola Complaint ¶ 63, p.15 lines 16-22. |

**The Same Questions Of Law**. The questions of law presented in the Yates Action are encompassed by the Kirola Action. The Yates Action and Kirola Action both ask the Court to

1  determine if the foregoing alleged access barriers/violations constitute violations of the following
2  legal schemes:

| Legal Scheme Alleged To Be Violated In The Yates Action | Legal Scheme Alleged To Be Violated In The Kirola Action |
|---|---|
| The Americans with Disabilities Act<br><br>*Yates Complaint ¶¶ 20-28, 34-47, p.10 line 12 through p.13 line 13, p.15 line 13 through p.22 line 12* | The Americans with Disabilities Act<br><br>*Kirola Complaint ¶¶ 60-65, p.15 line 1 through p.16 line 4* |
| Section 504 of the Rehabilitation Act of 1973<br><br>*Yates Complaint ¶¶ 29-33, p.13 line 14 through p.15 line 12* | Section 504 of the Rehabilitation Act of 1973<br><br>*Kirola Complaint ¶¶ 66-70, p.16 line 7 through p.17 line 5* |
| The California Unruh Civil Rights Act (Civil Code sections 51 et seq.)<br><br>*Yates Complaint ¶¶ 81-84, p.34 line 11 through p.35 line 17* | The California Unruh Civil Rights Act (Civil Code sections 51 et seq.)<br><br>*Kirola Complaint ¶¶ 74-77, p.17 line 18 through p.18 line 5* |
| The California Disabled Persons Act (Civil Code sections 54 et seq.)<br><br>*Yates Complaint ¶¶ 48-61, 67-76, 77-80, p.22 line 13 through p.27 line 5, p.29 line 1 through p.32 line 28, p.33 line 2 through p.34 line 10* | The California Disabled Persons Act (Civil Code sections 54 et seq.)<br><br>*Kirola Complaint ¶¶ 78-82, p.17 line 18 line 6 through p.19 line 6* |
| The California Government Code<br><br>*Yates Complaint ¶¶ 62-66, 85-89, p.27 line 5 through p.28 line 26, p.35 line 17 through p.36 line 22* | The California Government Code<br><br>*Kirola Complaint ¶¶ 83-85, p.19 line 9 through p.19 line 17* |

20  Thus, the Yates Action and Kirola Action both concern substantially the same parties,
21  property, transactions, events, and questions of law, and therefore are related.

22  **B.    It Is Likely That There Will Be An Unduly Burdensome Duplication Of Labor And Expense Or Conflicting Results If The Cases Are Conducted Before Different Judges**

24  The Yates Action and Kirola Action involve the same parties, property, transactions, events,
25  and questions of law. The main issue of the Yates Action – whether disabled access barriers at
26  Union Square violate federal and California state disabled access laws, is encompassed by the
27  Kirola Action. The separate litigation of these issues risks a duplication of judicial and party
28  resources, as well as inconsistent results. Thus, the Yates Action and Kirola Action are related and

1  the Yates Action should be re-assigned to Honorable Saundra B. Armstrong, the Court before which
2  the earlier filed and numbered Kirola Action is pending.

3  **IV.    CONCLUSION**

4  The Yates Action and the Kirola Action are related. Both Actions involve the same parties,
5  property, transactions and events, and questions of law. The Kirola Action, which was filed first,
6  involves broader allegations which completely encompass those of the Yates Action. The litigation
7  of these Actions separately, before different Courts, subjects the parties and the Courts to the
8  unnecessary expenditure of duplicative resources, as well as, inconsistent results. As such, the
9  Yates Action and Kirola Action are related and the Yates Action should be re-assigned to
10 Honorable Saundra B. Armstrong, the Court before which the earlier filed and numbered Kirola
11 Action is pending.

12 DATED:     October 18, 2007         JEFFER, MANGELS, BUTLER & MARMARO LLP
                                       MARTIN H. ORLICK
13                                     MATTHEW S. KENEFICK

14

15                                     By: /S/ Martin H. Orlick
                                           MARTIN H. ORLICK
                                       Attorneys for Defendant CITY AND COUNTY OF
16                                     SAN FRANCISCO AND CITY OF SAN
                                       FRANCISCO UPTOWN PARKING
17                                     CORPORATION, a California corporation

627486v2                            - 5 -    C074087JSW
                                             NOTICE OF RELATED CASES