# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J. OLIVER,<br><br>                          Plaintiff,<br>vs.<br><br>GMRI, INC., dba RED LOBSTER #0521,<br><br>                          Defendant. | CASE NO. 07cv1719-IEG(WMc)<br><br>Order Granting Defendant GMRI's Motion to Decline Supplemental Jurisdiction and to Dismiss State Law Claims [Doc. Nos. 4 and 5] |

    Presently before the Court is Defendant GMRI, Inc.'s motion to decline supplemental jurisdiction and dismiss Plaintiff's state law claims. Plaintiff has filed an opposition and Defendant has filed a reply. This motion is appropriate for submission on the papers and without oral argument pursuant to Local Rule 7.1(d)(1), and the November 13, 2007 hearing was previously vacated. For the reasons set forth herein, Defendant's motion is GRANTED.

## *Background*

    Plaintiff A.J. Oliver suffered a stroke approximately 13 years ago which left him paralyzed, speech impaired, and unable to stand or walk. [Complaint, ¶ 8.] He is required to use a motorized wheelchair. [Id.]

    Plaintiff's claims arise from his visit to the Red Lobster Restaurant ("Restaurant") in Chula Vista, California. Plaintiff alleges Defendant denied him full and equal access to its Restaurant by failing to remove numerous barriers in violation of Title III of the Americans with Disabilities Act ("ADA") and Title 24 regulations. [Complaint, ¶ 10-14.] Plaintiff alleges Defendant has

EXHIBIT E

intentionally maintained the subject property in its current non-compliant condition, and has intentionally refrained from altering the subject property so that it complies with the accessibility standards. [Complaint, ¶ 14-15.]

Plaintiff states four claims for relief under Title III of the ADA, the California Disabled Persons Act (Cal. Civ. Code § 54 and 54.1), the California Unruh Civil Rights Act (Cal. Civ. Code § 51-52), and California Health & Safety Code § 19953 *et seq*. Plaintiff seeks injunctive relief, declaratory relief, statutory damages, and attorneys fees.

Defendant moves to dismiss Plaintiff's state law claims. Defendant argues Plaintiff's claim under the Unruh Act presents novel and complex issues of state law such that the Court should decline to exercise its supplemental jurisdiction.

## *Discussion*

"It is a fundamental precept that federal courts are courts of limited jurisdiction." Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). Pursuant to Fed. R. Civ. P. 12(b)(1), a party may challenge the court's subject matter jurisdiction "on the basis that supplemental jurisdiction . . . is improper" according to 28 U.S.C. §1367. Sparrow v. Mazda American Credit, 385 F. Supp. 2d 1063, 1066 (E.D. Cal. 2005). A challenge to jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint. White v. Lee, 227 F.3d 1214, 1242 (9th Cir.2000). Here, defendant is bringing a facial attack to jurisdiction and the court confines its inquiry to the complaint. Once a party challenges subject matter jurisdiction, the non-moving party bears the burden of establishing that jurisdiction exists. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 378 (1994).

Section 1367(a) of Title 28 grants supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966). To form part of the same "case or controversy," the state law claims must "derive from a common nucleus of operative fact[s] . . . such that [a plaintiff] would ordinarily be expected to try them all in one judicial

1  proceeding." United Mine Workers of America, 383 U.S. at 725.  Here, the Court can exercise
2  supplemental jurisdiction over plaintiff's state law claims because those claims derive from the
3  same "common nucleus of operative fact" as plaintiff's federal ADA claim.
4       However, in certain circumstances a district court can decline to exercise supplemental
5  jurisdiction under §1367. Mendoza v. Zirkle Fruit Co., 301 F.3d 1163, 1174 (9th Cir. 2002). The
6  district court may decline to exercise supplemental jurisdiction over a state law claim if: 1) the
7  claim raises a novel or complex issue of state law; 2) the state law claim substantially
8  predominates over the federal claims; 3) the district court has dismissed all claims over which it
9  has original jurisdiction; or 4) if there is some other exceptional and compelling reason to decline
10 jurisdiction. 28 U.S.C. § 1367(c); see, e.g., Sparrow, 385 F. Supp. 2d 1063 at 1070-71.  In
11 deciding whether to exercise supplemental jurisdiction, the court should consider the interest of
12 judicial economy, convenience, fairness and comity. City of Chicago v. International College of
13 Surgeons, 522 U.S. 156, 173 (1997); Smith v. Lenches, 263 F.3d 972, 977 (9th Cir. 2001).
14 Defendant argues the Court should decline to exercise jurisdiction over Plaintiff's state law claims
15 in this case because those claims raise novel or complex issues. Defendant points to the recent
16 dissension between the state and federal courts on the interpretation of California disability access
17 statutes, and argues the state court is the appropriate venue to resolve such dispute.
18       Under Title III of the ADA, plaintiffs do not need to establish discriminatory intent to
19 obtain injunctive relief. Lentini v. California Center for the Arts, 370 F.3d 837, 846-47 (9th Cir.
20 2004). Pursuant to Cal. Civ. Code §51(f), a violation of the ADA also qualifies as a violation of
21 the Unruh Act. As a result, the Ninth Circuit has held that plaintiffs also do not need to prove
22 discriminatory intent to obtain damages under the California Unruh Act. Id. at 847.  California
23 courts, however, have held that the Unruh Act *does* require proof of intentional discrimination
24 before a plaintiff can recover damages. See Harris v. Capital Growth Investors XIV, 52 Cal. 3d
25 1142, 1175 (Cal. 1991); see generally Wilson, 493 F. Supp. 2d 1122 (S.D. Cal. 2007) (discussing
26 the history of the Unruh Act and the interpretation of the California courts). In fact, the California
27 Court of Appeal in Gunther v. Lin, 144 Cal. App. 4th 223, 252-257 (2006) expressly *rejected* the
28 Ninth Circuit's decision in Lentini and held that it improperly interpreted California law so as to

1  allow recovery of damages under Cal. Civ. Code § 52 without proof of intentional discrimination.

2  Other courts in this district have been faced with this conundrum. This court is obligated
3  to follow the Ninth Circuit's decision in <u>Lentini</u>, which allows plaintiffs to recover monetary
4  damages under the Unruh Act without proving discriminatory intent. <u>Wilson v. Haria and Gogri
5  Corp.</u>, 479 F. Supp. 2d 1127, 1135-41 (finding <u>Lentini</u> controlling law and declining to follow
6  <u>Gunther</u>). However, <u>Gunther</u> plainly holds that a plaintiff seeking damages under Cal. Civ. Code
7  §52 must show intentional discrimination. Faced with this conflicting authority, courts of this
8  district have almost uniformly concluded that it is appropriate to decline supplemental jurisdiction.
9  <u>See, e.g., Cross v. Pacific Coast Plaza Investments, L.P.</u>, 2007 WL 951772 (S.D. Cal. Mar. 6,
10  2007); <u>Wilson v. PFS, LLC</u>, 493 F. Supp. 2d 1122 (S.D. Cal. 2007); <u>Morgan v. American Stores
11  Co., LLC</u>, 2007 WL 191945 (S.D. Cal. Jun. 29, 2007); <u>Pinnock v. Java Depot, Inc.</u>, 2007 WL
12  2462106 (S.D. Cal. Aug. 28, 2007); <u>but see Pinnock v. Solana Beach Do It Yourself Dog Wash,
13  Inc.</u>, 2007 WL 1989635 (S.D. Cal. Jul. 3, 2007) (finding <u>Gunther</u> decision does not raise a novel or
14  complex issue of state law).

15  The court finds the reasoning of the majority of the judges of this Court to be persuasive.
16  It is for the state courts, not federal courts, to determine the proper interpretation of the Unruh Act
17  and its effect on plaintiff's state law claims. If this Court maintains jurisdiction over Plaintiff's
18  state law claims, the Court will be bound by <u>Lentini</u> to allow Plaintiff to recover damages under
19  the Unruh Act without any showing of intentional discrimination. However, if Plaintiff had filed
20  this case in the San Diego County Superior Court, that court would be bound by <u>Gunther</u> to deny
21  relief unless Plaintiff showed intent. Plaintiff's extensive discussion of Judge Lawrence Karlton's
22  decision in <u>Wilson v. Haria and Gogri Corp.</u>, 479 F. Supp. 1127, 1136 (E.D. Cal. 2007) does
23  not change the Court's opinion. Although Judge Karlton concluded the California Court of
24  Appeal wrongly decided <u>Gunther</u>, his decision only reinforces the fact that it is still unclear
25  whether Plaintiff must show intent to recover damages under the Unruh Act. As this Court first
26  noted in <u>Organization for the Advancement of Minorities with Disabilities v. Brick Oven</u>, 406 F.
27  Supp. 2d 1120, 1130 (S.D. Cal. 2005), "the remedial provision of the Unruh Act . . . present novel
28  and complex issues of unresolved state law." The California Court of Appeal's decision in

Gunther, finding that the Ninth Circuit in Lentini wrongly interpreted the Unruh Act, shows that the comity interests have become more, not less compelling over time as the courts struggle to resolve what remains an unreconciled tension between the ADA and the Unruh Act.

Plaintiff argues the Court should not dismiss his state law claims because, even if the Court ultimately concludes it is bound by Gunther, he has alleged intent. However, even if Plaintiff alleges Defendant intentionally maintained the subject property in its current non-compliant condition and intentionally refrained from altering the subject property to meet accessibility standards, [Complaint, ¶ 14-15], the Court would still ultimately be required to resolve a novel and complex issue of state law – whether Plaintiff is required to show intentional discrimination in order to recover damages under the Unruh Act.  Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claims in this case.  In addition, Plaintiffs state law claims under the California Disabled Persons Act and the California Health and Safety Code are intertwined with his Unruh Act claims. Therefore, the Court also finds it appropriate to dismiss those claims to allow the state court to adjudicate all of Plaintiff's state claims.

### Conclusion

For the reasons set forth herein, the Court GRANTS Defendant's motion to dismiss Plaintiff's state law claims [Doc. Nos 4 and 5]. Plaintiff's state law claims only are dismissed without prejudice to being re-filed in state court.

**IT IS SO ORDERED.**

DATED: November 16, 2007

IRMA E. GONZALEZ, Chief Judge
United States District Court