TIMOTHY S. THIMESCH, Esq. (No. 148213)
THIMESCH LAW OFFICES
158 Hilltop Crescent
Walnut Creek, CA 94597-3452
Tel: 925/588-0401
Fax: 888/210-8868
tim@thimeschlaw.com

LAW OFFICES OF GENE A. FARBER
GENE A. FARBER, ESQ. (No. 44215)
4258 Twenty Sixth Street
San Francisco, CA 94131
Telephone: (415) 956-1800
Fax: (415) 282-4228
genefarber@gmail.com

Attorneys for Plaintiff
CRAIG YATES

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG YATES,<br><br>              Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION; and DOES 1-50, Inclusive,<br><br>              Defendants.<br>_____/ | CASE NO. C07-04087 JSW<br>Civil Rights<br><br>**PLAINTIFF'S SEPARATE CASE MANAGEMENT STATEMENT AND [Proposed] ORDER**<br><br>__Conference:__<br>Date:     January 4, 2007<br>Time:     1:30 PM<br>Place:    Courtroom 2, 17th Fl<br>Judge:   Hon. Jeffrey S. White |

> **Note:** Although the Court's Order requires the submission of a "joint statement," plaintiff has just been advised by defense counsel that they intend to file their own separate statement as they cannot agree to plaintiff's proposal. Plaintiff understands that defendants will be open to filing a joint submission clearly stating the separate positions that are from defendants versus plaintiff. Once defendants' statement is received, plaintiff will try to meld the two statements into a joint statement.

Pursuant to this Court's Civil Local Rules 16-9 and 16-10, plaintiff submits this Case Management Statement and Proposed Order. Each party certifies that its lead trial counsel who will try this case met and conferred for the preparation of this Statement as required by Civ. L.R. 16-3.

Plaintiff's Case Management Statement and Proposed Order:
Case No. Case No. C07-04087 JSW

1    Plaintiff makes the following representations and recommendations:

2    **I.    DESCRIPTION OF THE CASE**

3         **1.    A brief description of events underlying the action:**

4              **a.    Plaintiffs' Position:**

5                   This action involves a Complaint under the ADA and California law for

6    failure to provide both physical and programmatic access at the Union Square park and

7    underground parking garage.  To the square itself, all normal paths of travel into the park are

8    blocked by non-compliant ramps.  This is despite the square being completely demolished down

9    to the base dirt, and built from scratch in approximately 2003 to the tune of $25 million.  The

10   garage is also blocked by path of travel problems, and has no compliant parking.  The overhead

11   entry is restricted and the limited overhead parking available to the disabled on the first floor of

12   the garage is nothing but a decoy.  The painted lines are actually reserved as a vehicle maneuver

13   area.  In addition, defendants' policies, practices and procedures discriminate against the disabled

14   in that they discourage high-top van users from parking in the garage.  If numerosity can be

15   obtained, plaintiff intends to seek certification of a class action.  Plaintiff seeks an injunction,

16   individual damages, as well as reasonably statutory attorney fees, litigation expenses and costs.

17                  Failing to provide proper disabled access as required under Sections 4450

18   et seq. of the Government Code also constitutes a *per se* violation of Section 54.1 Civil Code

19   which guarantees "full and equal access" for disabled persons without the necessity of proving

20   any wrongful "intent."  (Hankins v. El Torito Restaurants, Inc., et al. (1998) 63 Cal.App.4th 510;

21   Donald v. Cafe Royale (1990) 218 Cal.App.3d 168.)  Damages, injunctive relief, and attorney's

22   fees are available pursuant to Sections 54.3 and 1021.5 Civil Code, and Section 19953 Health &

23   Safety Code; and injunctive relief and attorney's fees are additionally available pursuant to

24   Sections 308(a) and 505 of the ADA.  Plaintiffs' Complaint in this action alleges a continuing

25   violation until proper access is finally provided.  Any violation of the ADA is also incorporated as

26   an independent violation of Sections 54(c) and 54.1(d) California Civil Code, guaranteeing

27   damages per Section 54.3 Civil Code on this basis.

28   ////

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Plaintiff's Case Management Statement and Proposed Order:**
**Case No. Case No. C07-04087 JSW**                                    — 2 —

**2.     The principal factual issues that the parties dispute:**

1.     Who are the owners, operators, and lessors of the subject park, garage, and what are their responsibilities for providing disabled access under the lease and operator agreements?

2.     What are defendants' policies, practices and procedures with regard to entry of disabled parkers with high-top vans?

3.     What were the policies, practices and procedures followed by defendants in obtaining approval from the city administrative agencies of handicap design for both the parking and garage?

4.     Have the defendants received any public, state or federal funds in connection with the construction, operation and maintenance of the park or garage?

5.     What construction or "alterations, structural repairs or additions," have the facilities undergone since July 1, 1969 (Government Code §§ 4450 et seq.), and since January 1, 1982 (Cal. Code Regulations, Title 24)?

6.     What "alterations" or "new construction" have the facilities undergone since January 26, 1992 (ADA §302); and since January 1, 1977 (Section 504 of the Rehabilitation Act of 1973)?

7.     Were the parking, entrances, service counters, paths of travel, public restrooms, and other relevant facilities serving the subject garage and park inaccessible to wheelchair users on dates plaintiff Bohlke visited the premises?

8.     What statutory damages is plaintiff incurring as a result of lack of access, under California state law standards including Section 54.3 Civil Code?

7)     What access improvements and changes in policy, practice and procedure have defendants already made in response to plaintiffs' lawsuit?

8)     What barriers have been removed since service of the complaint? (Government Code Section 4452 requires correction of access deficiencies within 90 days of receiving "notice.")

Plaintiff's Case Management Statement and Proposed Order:
Case No. Case No. C07-04087 JSW                              — 3 —

9)    Was the level of the construction sufficient at the park to require compliance with "new construction requirements" under all applicable regulations?

**3.    The principal legal issues that the parties dispute:**

1)    What access changes and reasonable modifications in policy are required under the Americans With Disabilities Act of 1990 and the corresponding regulations entitled Americans with Disabilities Act Access Guidelines?

2)    What access changes and monetary damages are required for violations of Section 54.1 Civil Code?

3)    What damages are also required under California law for access violations under ADA standards, as incorporated by reference into California Civil Code Sections 54(c) and 54.1(d)?

**4.    The other factual issues which remain unresolved for the reason stated below and how the parties propose to resolve those issues:** None known at this time.

**5.    The parties that have not been served and the reasons:**  All named parties have been served.

**6.    The additional parties that the below-specified parties intend to join and the intended time from for such joinder:**    Plaintiff is investigating the nature and whether additional parties must be joined.

**II.    ALTERNATIVE DISPUTE RESOLUTION**

**7.    The following parties consent to assignment of this case to a United States Magistrate Judge for trial:**  Plaintiff did consent to the initial assignment to Magistrate Judge Laporte.  Defendants declined.

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

Plaintiff's Case Management Statement and Proposed Order:
Case No. Case No. C07-04087 JSW                — 4 —

8.    **The parties have already been assigned to the following court ADR process:**

**Plaintiff's Position:** General Order 56.  The parties held a partial site inspection on December 6, 2007.  The meeting was not productive and did not result in a settlement.  Although numerous path of travel problems were identified, including at every ramp and path into the park, defendants denied the existence of an obligation to provide such access.  More importantly, the parties could not agree on whether the park's recent reconstruction should subject it to heightened "new construction" standards.  Discovery will be necessary to demonstrate that the park has been completely rebuilt, and that paths of travel into the park, as well as high-top van parking, etc., at the garage, are necessary and required.

9.    **The ADR process to which the parties jointly request referral:**

**Plaintiff's Position:** Because of fundamental disagreements about the scope of liability, further ADR would not be productive at this point.  Discovery and possible motion work will be necessary to clarify liability.

## III.    DISCLOSURES

10.    **Plaintiff certifies the following disclosures:** Each party served an initial disclosure.  Plaintiff proposes that the Court order the parties to produce all documents disclosed.

a.    **Plaintiffs' Requests the Following Disclosure:**

1)    Plaintiffs request disclosure of all documents, and the identity of all witnesses with testimony, that refer or relate to the issue of defendants' policies, practices and procedures for entry into the garage by handicap high-top van users.

2)    Plaintiffs request disclosure of both the subject garage and park construction and alteration history in that defendants have denied liability under Sections 4450 et seq. of the Government Code.  (San Francisco v. Grant (1986) 181 Cal.App.3d 1085; Donald v. Sacramento Valley Bank (1989) 209 Cal.App.3d 1183; and Donald v. Cafe Royale (1990) 218 Cal.App.3d 168.)  This should include all applications, permits, plans, variances, and exceptions.

3)    Plaintiffs request disclosure of the identity of all persons from local

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Plaintiff's Case Management Statement and Proposed Order:
Case No. Case No. C07-04087 JSW

— 5 —

building, planning and public work departments with whom defendants have discussed any changes at the subject park.

4)    Plaintiffs request the disclosure of defendants' employee handbooks, memorandums, correspondence, etc., since 1990, and all witnesses and documents for that period, that concern defendants' policies, practices and procedures for providing the disabled access to the garage.

5)    Since the defendants have been involved in prior access litigation, plaintiffs request copies of all dispositive motions, sworn declarations, discovery responses and deposition transcripts from that litigation.

6)    Finally, if defendants have already initiated changes to provide access or to change their relevant policies, plaintiffs request immediate disclosure of all documentation and witnesses relating to the nature of such changes, the date decisions to institute them were formed and by whom.    This documentation should include all directives, memorandums, rule-books, communications, decisions, surveys, bids, proposals, permits, plans, cost estimates (and cost billing for each access feature, i.e., the cost to add accessibility features to the paths of travel, entrance, parking, etc., as well as the cost of the entire project), etc.    If defendants intend to invoke "advice of counsel" or "attorney-client privilege" to prevent such disclosure, plaintiffs request a privilege log as to any such documents withheld from disclosure.

## IV.    DISCOVERY

11.    **The parties agree to the following discovery plan:** Plaintiff intends to utilize all discovery tools available under the code, including interrogatories, requests for production and admission, subpoenas, etc., and suggests the setting of the following limitations and deadlines:

    a.    <u>**Limitations:**</u>

        i)    <u>Depositions</u>: No limit.

        ii)    <u>Interrogatories</u>: No limit.

        iii)    <u>Interrogatories Directed at Responses to Requests for Admission</u>: No limit.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Plaintiff's Case Management Statement and Proposed Order:**
**Case No. Case No. C07-04087 JSW**                — 6 —

iv)    <u>Experts</u>. The parties do not agree to any limitations on discovery from experts.

v)    <u>Supplemental disclosures</u>: Per F.R.C.P. Rule 26(a) and (e), and local rules.

vi)    <u>Initial Disclosures From Any Newly Added Parties</u>: within 30 days of the new party's initial appearance.

**b.**    **<u>Deadlines:</u>** If a trial date is set at the suggested date of November 21, 2008:

i)    Deadline to disclose experts and expert reports ................................................................August 15, 2008

ii)    Deadline to complete discovery including experts, and deadline to complete dispositive motions .......................September 15, 2008

iii)    Deadline to disclose identities of all witnesses to be called in each party's case-in-chief.................................................. November 10, 2008

**c.**    **<u>Plaintiff's Discovery</u>** <u>(This Section is Presented Solely By Plaintiffs)</u>

**A.**    **<u>Scope And Purpose Of Plaintiffs' Discovery</u>**
**[FRCP Rule 26(f)(2)]**

Plaintiff will utilize the following discovery tools to discover the relevant and material facts: requests for disclosure, requests for admissions, interrogatories, requests for production, subpoenas, site inspections, and depositions.

Plaintiff's discovery and disclosure requests will seek production of documents, and identification of facts and witnesses related to the issue of defendants' relevant policies, practices and procedures on the issues outlined above.

Plaintiff seeks disclosure and will propound discovery regarding defendants receipt of public, local, state or federal funds.

**Thimesch Law Offices**
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

Plaintiff's Case Management Statement and Proposed Order:
Case No. Case No. C07-04087 JSW

— 7 —

1   Plaintiff seeks disclosure and/or take depositions in conjunction with written discovery to

2   ascertain the subject park and garage's <u>construction and alteration history</u> in that defendants have

3   denied liability under Sections 4450 et seq. of the Government Code. (<u>San Francisco v. Grant</u>

4   (1986) 181 Cal.App.3d 1085; <u>Hankins v. El Torito Restaurants, Inc., et al.</u> (1998) 63 Cal.App.4th

5   510; <u>Donald v. Sacramento Valley Bank</u> (1989) 209 Cal.App.3d 1183; and <u>Donald v. Cafe</u>

6   <u>Royalé</u> (1990) 218 Cal.App.3d 168.) Plaintiffs will seek to ascertain this information through

7   requests for disclosures, stipulations, requests for admission, interrogatories, and/or requests for

8   production with depositions. The parties to be deposed will include, but are not limited to, the

9   relevant owners, operators, contractors, architects, building and government officials, etc.

10   Defendants' person most qualified will be deposed as to all liability issues,

11   including: notice; the construction and ownership history; the current and past designs of the

12   premises; and all alleged defenses and affirmative defenses.

13   Finally, to the extent defendants have or intend to change their policies, practices

14   and procedures, or to conduct work to modify the subject building to provide further access for

15   the disabled, plaintiffs will seek disclosure and/or discovery of all documentation of such

16   changes, including all memorandums, communications, rules book changes, handbooks, policies,

17   procedure manuals, permits, plans, cost estimates and cost billing for <u>each</u> access feature, i.e., the

18   cost to add accessibility features to the handicap parking, the paths of travel into and around both

19   the garage and park, the service counters, the public restrooms, etc., as well as the cost of the

20   entire project.

21

22   **B.     Plaintiffs' Initial Depositions Of Witnesses And Initial**
      **Discovery Requests [FRCP Rule 26(f)(2)]**

23

24   Assuming defendants cooperate in providing disclosures and responding to

25   discovery in a full and timely manner, plaintiffs will take the following initial depositions, which

26   will be scheduled subject to the convenience of counsel, the parties, and witnesses, the discovery

27   cutoff in this case, and the latitude granted by FRCP, Rule 29:

28   1.     **Deposition of Defendants' Persons Most Qualified:** These individuals

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Plaintiff's Case Management Statement and Proposed Order:**
**Case No. Case No. C07-04087 JSW**

— 8 —

1  have discoverable "knowledge" regarding policies, practices and procedures and alterations to the

2  building.

3          2.    **Deposition of Persons Most Qualified from the City**.  These individuals

4  have discoverable "knowledge" alterations to the building and the approval process, as well as

5  receipt of local, public, state or federal funds.

### C.    Plaintiffs' Follow-Up Depositions And Discovery Requests

8          To the extent plaintiffs cannot discover the necessary facts by way of stipulations,

9  initial requests for disclosures and requests for admission, other written discovery, and/or

10  depositions (**see II. A-B, beginning above at p. 7**), plaintiffs will conduct follow-up written

11  discovery and notice further depositions of any further identified personnel, owners, operators,

12  lessors and lessees, as well as contractors, architects, building and planning department officials,

13  and other governmental officials.  (Assuming full cooperation of the defendants, and subject to

14  the latitude granted by F.R.C.P., Rule 29, this discovery will be completed prior to the suggested

15  discovery cutoff.)

17          **12.    Plaintiff requests a trial date as follows:** Nov. 21, 2008.

19          **13.    Plaintiff expects that the trial will last for the following number of days:**

20  Estimate without the benefit of discovery and identification of issues through pre-trial statement:

21  6-8 trial days.

22  **V.    IDENTIFICATION AND SIGNATURE OF LEAD TRIAL COUNSEL**

23          **14.    Identify by name, address and phone number lead trial counsel for each**

24  **party.**

25          a.    **For Plaintiff CRAIG YATES:**

26          LAW OFFICES OF GENE A. FARBER
          GENE A. FARBER, ESQ. – Lead Trial Counsel
27          4258 Twenty Sixth Street
          San Francisco, CA 94131
28          Telephone: (415) 956-1800

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Plaintiff's Case Management Statement and Proposed Order:
Case No. Case No. C07-04087 JSW

— 9 —

Fax: (415) 282-4228
genefarber@gmail.com

TIMOTHY S. THIMESCH, Esq.
THIMESCH LAW OFFICES
158 Hilltop Crescent
Walnut Creek, CA 94526
Tel: 925/588-0401
Fax: 888/210-8868
tim@thimeschlaw.com

        **b.**      **For defendant CITY AND COUNTY OF SAN FRANCISCO:**

JAMES MOXON EMERY, ESQ. SBN 153630
OFFICE OF THE CITY ATTORNEY
Fox Plaza, 1390 Market St., Sixth Floor
San Francisco, CA 94102
(415) 554-4261
Fax: 415-554-3837
Email: jim.emery@sfgov.org

        **c.**      **For defendants CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION:**

JEFFER, MANGELS, BUTLER & MARMARO LLP
MARTIN H. ORLICK, ESQ., MHO@jmbm.com
Two Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone: 415/398-8080
Facsimile: 415/398-5584

**VI.    SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL**

Pursuant to Civil L.R. 16-6, each of the undersigned certifies that he or she has read with the client the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the court and private entities and has considered whether this case might benefit from any of the

////

Plaintiff's Case Management Statement and Proposed Order:
Case No. Case No. C07-04087 JSW

1    available dispute resolution options.

2

3    Dated: December 28, 2007                TIMOTHY S. THIMESCH
                                             THIMESCH LAW OFFICE
4
                                             LAW OFFICES OF GENE A. FARBER
5

6

7                                            /s/_____
                                             Attorneys for Plaintiff
8                                            CRAIG YATES

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Plaintiff's Case Management Statement and Proposed Order:**
**Case No. Case No. C07-04087 JSW**                              — 11 —

1

## **CASE MANAGEMENT ORDER**

2   The Court hereby adopts the Case Management Statement and Proposed Order as the

3 Case Management Order for the case, and the parties are ordered to comply with this Order.  In

4 addition the Court orders: [The Court may wish to make additional orders, such as:

5     a. Referral of the parties to court or private ADR process;

6     b. Schedule a further Case Management Conference;

7     c. Schedule the time and content of supplemental disclosures;

8     d. Specially set motions;

9     e. Impose limitations on disclosure or discovery;

10     f. Set time for disclosure or identity, background and opinions of experts;

11     g. Set deadlines for completing fact and expert discovery;

12     h. Set time for parties to meet and confer regarding pretrial submissions;

13     i. Set deadline for hearing motions directed to the merits of the case;

14     j. Set deadlines for submission of pretrial material;

15     k. Set date and time for pretrial conference;

16     l. Set a date and time for trial.]

17

18 Dated: _____     _____

19           HON. JEFFREY S. WHITE
            UNITED STATES DISTRICT COURT JUDGE

20

21

22

23

24

25

26

27

28

**Thimesch Law Offices**
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Plaintiff's Case Management Statement and Proposed Order:
Case No. Case No. C07-04087 JSW**     — 12 —