1  JEFFER, MANGELS, BUTLER & MARMARO LLP
   MARTIN H. ORLICK (Bar No. 083908) mho@jmbm.com
2  MATTHEW S. KENEFICK (Bar No. 227298) msk@jmbm.com
   Two Embarcadero Center, Fifth Floor
3  San Francisco, California  94111-3824
   Telephone:    (415) 398-8080
4  Facsimile:    (415) 398-5584

5  Attorney for Defendants CITY AND COUNTY OF
   SAN FRANCISCO and CITY OF SAN FRANCISCO
6  UPTOWN PARKING CORPORATION

7  DENNIS J. HERRERA, (Bar No. 139669)
   City Attorney
8  JAMES M EMERY, (Bar No. 153630) jim.emery@sfgov.org
   Deputy City Attorney
9  ELAINE O'NEIL eleine.O'Neil@sfgov.org
   Fox Plaza
10 1390 Market Street, Sixth Floor
   San Francisco, CA  94102-5408
11 Telephone:    (415) 554-4261
   Facsimile:    (415) 554-3837
12 Attorney for Defendant CITY AND COUNTY OF
   SAN FRANCISCO only

13

14              UNITED STATES DISTRICT COURT

15           NORTHERN DISTRICT OF CALIFORNIA

16              SAN FRANCISCO DIVISION

17 | CRAIG YATES, | CASE NO.    C07-4087 JSW |
18 |         Plaintiff, | |
19 |     v. | **DEFENDANTS' STATUS REPORT** |
20 | UNION SQUARE; CITY AND COUNTY OF | |
21 | SAN FRANCISCO, CITY OF SAN FRANCISCO UPTOWN PARKING | Date: January 4, 2008 |
   | | Time: 1:30 p.m. |
22 | CORPORATION; EMPORIO RULLI IL CAFFE UNION SQ.; EMPORIO RULLI IL | Place: Courtroom 2, 17th Floor |
   | | Judge: Hon. Jeffrey S White |
23 | CAFFE UNION SQ., INC.; and DOES 1 through 50, Inclusive, | |
   | | Trial Date:        None Set |
24 |         Defendants. | Complaint Filed:    August 9, 2007 |

25          Defendants, City and County Of San Francisco and City Of San Francisco Uptown

26 Parking Corporation ("Defendants") by and through the undersigned counsel apologize for

27 submitting a separate status report.  However, Plaintiff's counsel ignored Defendants' requests to

28

PRINTED ON
RECYCLED PAPER

646037v2

cooperate in the preparation of a Joint Case Management Conference Statement ("CMC Statement"). Despite defendants' efforts to expedite the CMC process, it was not until Friday, December 28, 2007, the due date, that Plaintiff emailed a 13-page self-serving "Joint" Case Management Statement which purports to confirm numerous "agreements" reached by the parties. Because Plaintiff's counsel refused to meet and confer to prepare the CMC Statement, and his late submission of a draft Statement, no agreements have been possible at this time.

        1. A brief description of the events underlying the action.

        A.    On August 9, 2007, Plaintiff filed this complaint (the "Complaint") against Defendants for Injunctive & Declaratory Relief and Damages for violations of the Americans with Disabilities Act and various California statutes.

        B.    On or about October 18, 2007, Defendants filed a motion for related case. The case was eventually not deemed related. The case was reassigned to this Court. A CMC is set for January 4, 2007.

        C.    On November 19, 2007, Plaintiff filed a Request for Dismissal of Defendants Emporio Rulli Il Caffe Union Sq.and Emporio Rulli Il Caffe Union Sq., Inc., which request was granted on November 19, 2007.

        D.    Pursuant to General Order 56, the parties had been acting in good faith to advance this case to trial and resolution. On December 6, 2007, the parties met at Union Square and performed an extensive overview of the property.

        E.    On December 12, 2007, Defendants re-noticed their Motion for this Court to Decline Supplemental Jurisdiction Over and to Dismiss Plaintiff's State Law Claims [28 U.S.C. Section 1367 (c)] and to Strike Plaintiff's Unsupported and Improper Damage Prayer from the Complaint [FRCP 12 (f)] ("Motion"), which Motion was originally filed on September 28, 2007, before Judge Elizabeth D. Laporte. A hearing on the Motion is set for February 8, 2008.

        F.    On December 20, 2007, co-counsel, James Emery, Esq., faxed a letter to Plaintiff's counsel inviting him to conduct the "in person" meet and confer in anticipation of the CMC (See Exhibit "A" hereto.). Mr. Emery asked Plaintiff's counsel to identify each alleged violation at Union Square. Mr. Emery further noted that "Defendants will then respond, as

1   contemplated in General Order 56, identifying which alleged violations they will remedy and

2   explaining why the remaining alleged violations require no action...Please let us know when

3   Plaintiffs are prepared to meet and confer, and to identify each alleged violation at Union Square".

4   Plaintiff's counsel did not respond.  Rather, on the date the Joint CMC Statement is to be filed,

5   Plaintiff submitted a 13-page vitriolic, argumentative description of the case and legal issues. (See

6   Exhibit "B" hereto.)

7           G.      At 1:27 p.m., December 20, 2007,  my paralegal, Angela Pereira, emailed a

8   reminder to Plaintiff's counsel that a Joint CMC Statement was to be filed on December 27, 2007,

9   and reminded him of his obligation to submit Plaintiff's contentions to Defendants (See Exhibit

10  "C").  Still silence.

11          H.      On December 21, 2007, my office sent Plaintiff's counsel a Proposed

12  Stipulation and Order vacating the upcoming Case Management Conference.  It was not until 4:00

13  p.m. December 28, 2007, that Plaintiff's counsel responded refusing to sign the stipulation. (See

14  Exhibit "D")

15          I.      Defendants believe that a Case Management Conference at this time is pre-

16  mature because Plaintiff has not articulated his specific claims for injunctive, despite the recent site

17  inspection, Plaintiff has failed to meet and confer regarding the Joint CMC Statement and the

18  parties have agreed to mediate pursuant to General Order 56.  After the mediation, all sides will be

19  in a better position to give a status report to the Court and to participate meaningfully in a Case

20  Management Conference.

21          J.      None of Plaintiff's proposed discovery procedures, timing, length of trial or

22  any other matters stated in the "Joint CMC Statement" have been discussed, let alone agreed upon.

23          K.      At this time, Defendants request that the Court vacate the current Case

24  Management Conference to a future date which would be fourteen (14) days after the conclusion of

25  the mediation.

26

27

28

PRINTED ON
RECYCLED PAPER

646037v2

1

DATED: December 28, 2007       JEFFER, MANGELS, BUTLER & MARMARO LLP
                               MARTIN H. ORLICK

2                              MATTHEW S. KENEFICK

3

4                              By: /s/Martin H. Orlick
                                        MARTIN H. ORLICK
5                              Attorneys for Defendants CITY AND COUNTY OF
                               SAN FRANCISCO and CITY OF SAN FRANCISCO
6                               UPTOWN PARKING CORPORATION

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

DEC-20-2007 12:33                                                                P.02/02

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

DENNIS J. HERRERA                     JAMES M. EMERY
City Attorney                         Deputy City Attorney

                                      DIRECT DIAL:  (415) 554-4261
                                      E-MAIL:       jim.emery@sfgov.org

                                             December 20, 2007

**Via Facsimile:**        **888-210-8868**

Timothy S. Thimesch, Esq.
158 Hilltop Crescent
Walnut creek, CA 94576

        Re:    *Yates v. Union Square*, N. D. Cal. Case No. C07-4087

Dear Tim:

        I am responding to your email of December 7. You have proposed that the parties
conduct joint measurements of all features at Union Square. My alternative proposal is that at
the upcoming meet-and-confer session, as contemplated in General Order 56, plaintiffs identify
each alleged violation at Union Square. Defendants will then respond, as contemplated in
General Order 56, identifying which alleged violations they will remedy and explaining why the
remaining alleged violations require no action. To the extent defendants' explanations challenge
plaintiffs' numerical measurements, rather than plaintiffs' interpretation of applicable law, the
parties will have to develop agreed-upon measurements. I expect that disputed numerical
measurements will be rare, if they happen at all. It is most efficient to deal with this problem
when, and if, it specifically arises.

        Please let us know when plaintiffs are prepared to meet and confer, and to identify each
alleged violation at Union Square.

                                      Very truly yours,

                                      DENNIS J. HERRERA
                                      City Attorney

                                      JAMES M. EMERY
                                      Deputy City Attorney

cc:    Gene Farber
       Martin Orlick
       Elaine O'Neil

                            **EXHIBIT A**

FOX PLAZA · 1390 MARKET STREET, 6TH FLOOR · SAN FRANCISCO, CALIFORNIA 94102-5408
RECEPTION: (415) 554-3800 · FACSIMILE: (415) 554-3837

n:\lit\li2007\080216\00456251.doc

                                                        TOTAL P.02



CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

DENNIS J. HERRERA                              JIM M. EMERY
City Attorney                                  Deputy City Attorney

                                               DIRECT DIAL:  (415) 554-4261
                                               E-MAIL:    jim.emery@sfgov.org

# FACSIMILE COVER SHEET

## Thursday, December 20, 2007; Time:  12:32 PM

| TO: | OF: | PHONE: | FAX: |
|-----|-----|--------|------|
| Timothy S. Thimesch, Esq. | Thimesch Law Offices | (925) 588-0400 | (888) 210-8868 |
| CC: Gene Farber, Esq. | Thimesch Law Offices | | (888) 210-8868 |
| CC: Martin Orlick, Esq. | Jeffer, Mangels, Buttler, et al. | (415) 398-8080 | (415) 398-5584 |

| FROM: | OF: | PHONE: | FAX: |
|-------|-----|--------|------|
| Jim Emery, Esq. | City Attorney's Office | (415) 554-4261 | (415) 554-3837 |

| MESSAGE |
|---------|
| Re: Yates v. Union Square, N.D. Ca., Case No. C07-4087 |
| **Attached please find a letter dated December 20, 2007, if you have any questions or concerns, please contact our office. Thank you.** |

We are transmitting a total of **2** pages,
including this cover sheet.
If you did not receive all of the pages or there is another problem, please call me or
Carla Ramos at (415) 554-4279.

### CONFIDENTIALITY NOTE

THIS AND ANY ACCOMPANYING PAGES CONTAIN INFORMATION FROM THE SAN
FRANCISCO CITY ATTORNEY'S OFFICE WHICH IS CONFIDENTIAL AND PRIVILEGED.
THE INFORMATION IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY
NAMED ABOVE.  IF YOU ARE NOT THE INTENDED RECIPIENT, THEN BE AWARE
THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR USE OF THE ACCOMPANYING
DOCUMENT (OR THE INFORMATION CONTAINED IN IT) IS PROHIBITED.  IF YOU
HAVE RECEIVED THIS FACSIMILE TRANSMISSION IN ERROR, PLEASE NOTIFY OUR
OFFICES IMMEDIATELY SO THAT WE CAN ARRANGE FOR RETRIEVAL AT NO COST
TO YOU.

# EXHIBIT B

1   TIMOTHY S. THIMESCH, Esq. (No. 148213)
    THIMESCH LAW OFFICES
2   158 Hilltop Crescent
    Walnut Creek, CA 94597-3452
    Tel: 925/588-0401
3   Fax: 888/210-8868
    tim@thimeschlaw.com
4
    LAW OFFICES OF GENE A. FARBER
5   GENE A. FARBER, ESQ. (No. 44215)
    4258 Twenty Sixth Street
    San Francisco, CA 94131
6   Telephone: (415) 956-1800
    Fax: (415) 282-4228
7   genefarber@gmail.com

8   Attorneys for Plaintiff
    CRAIG YATES

9   DENNIS J. HERRERA, ESQ., SBN 139669
    JOANNE HOEPER, SBN 114961
10  JAMES MOXON EMERY, ESQ. SBN 153630
    OFFICE OF THE CITY ATTORNEY
    Fox Plaza, 1390 Market St., Sixth Floor
11  San Francisco, CA 94102
    (415) 554-4261
12  Fax: 415-554-3837
    Email: jim.emery@sfgov.org

13  Attorneys for Defendant CITY AND COUNTY OF SAN FRANCISCO

14  JEFFER, MANGELS, BUTLER & MARMARO LLP
    MARTIN H. ORLICK, ESQ. (No. 083908), MHO@jmbm.com
15  MATTHEW S. KENEFICK, ESQ. (No. 227298), MSK@jmbm.com
    Two Embarcadero Center, 5th Floor
16  San Francisco, CA 94111
    Telephone: 415/398-8080
    Facsimile: 415/398-5584
17
    Attorneys for Defendants CITY AND COUNTY OF SAN FRANCISCO and CITY OF SAN FRANCISCO
18  UPTOWN PARKING CORPORATION, a California Corporation

19                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
20

21  CRAIG YATES,                        CASE NO. C07-04087 JSW
                                        Civil Rights
22          Plaintiffs,
                                        **JOINT CASE MANAGEMENT
23  v.                                  STATEMENT**

24  CITY AND COUNTY OF SAN              **Conference:**
    FRANCISCO; CITY OF SAN FRANCISCO    Date:    January 4, 2007
25  UPTOWN PARKING CORPORATION; and     Time:    1:30 PM
    DOES 1-50, Inclusive,               Place:   Courtroom 2, 17th Fl
26                                      Judge:   Hon. Jeffrey S. White
            Defendants.
27  _____/

28      Pursuant to this Court's Civil Local Rules 16-9 and 16-10, the parties jointly submit this

Joint Case Management Statement and Proposed Order:
Case No. Case No. C07-04087 JSW

EXHIBIT B

1    Case Management Statement and Proposed Order.  Each party certifies that its lead trial counsel

2    who will try this case met and conferred for the preparation of this Statement as required by Civ.

3    L.R. 16-3.

4         The parties make the following representations and recommendations:

5

6    **I.    DESCRIPTION OF THE CASE**

7         **1.    A brief description of events underlying the action:**

8              **a.    Plaintiffs' Position:**

9                   This action involves a Complaint under the ADA and California law for

10   failure to provide both physical and programmatic access at the Union Square park and

11   underground parking garage.  To the square itself, all normal paths of travel into the park are

12   blocked by non-compliant ramps.  This is despite the square being completely demolished down

13   to the base dirt, and built from scratch in approximately 2003 to the tune of $25 million.  The

14   garage is also blocked by path of travel problems, and has no compliant parking.  The overhead

15   entry is restricted and the limited overhead parking available to the disabled on the first floor of

16   the garage is nothing but a decoy.  The painted lines are actually reserved as a vehicle maneuver

17   area.  In addition, defendants' policies, practices and procedures discriminate against the disabled

18   in that they discourage high-top van users from parking in the garage.  If numerosity can be

19   obtained, plaintiff intends to seek certification of a class action.  Plaintiff seeks an injunction,

20   individual damages, as well as reasonably statutory attorney fees, litigation expenses and costs.

21                   Failing to provide proper disabled access as required under Sections 4450

22   et seq. of the Government Code also constitutes a *per se* violation of Section 54.1 Civil Code

23   which guarantees "full and equal access" for disabled persons without the necessity of proving

24   any wrongful "intent."  (Hankins v. El Torito Restaurants, Inc., et al. (1998) 63 Cal.App.4th 510;

25   Donald v. Cafe Royale (1990) 218 Cal.App.3d 168.)  Damages, injunctive relief, and attorney's

26   fees are available pursuant to Sections 54.3 and 1021.5 Civil Code, and Section 19953 Health &

27   Safety Code; and injunctive relief and attorney's fees are additionally available pursuant to

28   Sections 308(a) and 505 of the ADA.  Plaintiffs' Complaint in this action alleges a continuing

Robinson Law Offices
188 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

Joint Case Management Statement and Proposed Order:
Case No. Case No. C07-04087 JSW                              — 2 —

1  violation until proper access is finally provided. Any violation of the ADA is also incorporated as
2  an independent violation of Sections 54(c) and 54.1(d) California Civil Code, guaranteeing
3  damages per Section 54.3 Civil Code on this basis.

4

5      **b.      Position of Defendants:**

6      Defendants are investigating plaintiff's claims, and deny that any violations of law took
7  place.

8

9      **2.      The principal factual issues that the parties dispute:**

10          1.      Who are the owners, operators, and lessors of the subject park, garage, and
11  what are their responsibilities for providing disabled access under the lease and operator
12  agreements?

13          2.      What are defendants' policies, practices and procedures with regard to
14  entry of disabled parkers with high-top vans?

15          3.      What were the policies, practices and procedures followed by defendants in
16  obtaining approval from the city administrative agencies of handicap design for both the parking
17  and garage?

18          4.      Have the defendants received any public, state or federal funds in
19  connection with the construction, operation and maintenance of the park or garage?

20          5.      What construction or "alterations, structural repairs or additions," have the
21  facilities undergone since July 1, 1969 (Government Code §§ 4450 et seq.), and since January 1,
22  1982 (Cal. Code Regulations, Title 24)?

23          6.      What "alterations" or "new construction" have the facilities undergone
24  since January 26, 1992 (ADA §302); and since January 1, 1977 (Section 504 of the Rehabilitation
25  Act of 1973)?

26          7.      Were the parking, entrances, service counters, paths of travel, public
27  restrooms, and other relevant facilities serving the subject garage and park inaccessible to
28  wheelchair users on dates plaintiff Bohlke visited the premises?

*Whitcomb Law Offices*
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Joint Case Management Statement and Proposed Order:          — 3 —
Case No. Case No. C07-04087 JSW

8.      What statutory damages is plaintiff incurring as a result of lack of access, under California state law standards including Section 54.3 Civil Code?

7)      What access improvements and changes in policy, practice and procedure have defendants already made in response to plaintiffs' lawsuit?

8)      What barriers have been removed since service of the complaint? (Government Code Section 4452 requires correction of access deficiencies within 90 days of receiving "notice.")

9)      Was the level of the construction sufficient at the park to require compliance with "new construction requirements" under all applicable regulations?

**3.      The principal legal issues that the parties dispute:**

1)      What access changes and reasonable modifications in policy are required under the Americans With Disabilities Act of 1990 and the corresponding regulations entitled Americans with Disabilities Act Access Guidelines?

2)      What access changes and monetary damages are required for violations of Section 54.1 Civil Code?

3)      What damages are also required under California law for access violations under ADA standards, as incorporated by reference into California Civil Code Sections 54(c) and 54.1(d)?

**4.      The other factual issues which remain unresolved for the reason stated below and how the parties propose to resolve those issues:** None known at this time.

**5.      The parties that have not been served and the reasons:**  All named parties have been served.

**6.      The additional parties that the below-specified parties intend to join and the intended time from for such joinder:**  Plaintiff is investigating the nature and whether

Johnson Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

1  additional parties must be joined.

2

3  **II.    ALTERNATIVE DISPUTE RESOLUTION**

4      **7.    The following parties consent to assignment of this case to a United States**

5  **Magistrate Judge for trial:**  Plaintiff did consent to the initial assignment to Magistrate Judge

6  Laporte.  Defendants declined.

7

8      **8.    The parties have already been assigned to the following court ADR process:**

9      **Plaintiff's Position:** General Order 56.  The parties held a partial site inspection

10  on December 6, 2007.  The meeting was not productive and did not result in a settlement.

11  Although numerous path of travel problems were identified, including at every ramp and path into

12  the park, defendants denied the existence of an obligation to provide such access.  More

13  importantly, the parties could not agree on whether the park's recent reconstruction should subject

14  it to heightened "new construction" standards.  Discovery will be necessary to demonstrate that

15  the park has been completely rebuilt, and that paths of travel into the park, as well as high-top van

16  parking, etc., at the garage, are necessary and required.

17

18      **9.    The ADR process to which the parties jointly request referral:**

19      **Plaintiff's Position:** Because of fundamental disagreements about the scope of

20  liability, further ADR would not be productive at this point.  Discovery and possible motion work

21  will be necessary to clarify liability.

22

23  **III.   DISCLOSURES**

24      **10.    The parties certify the following disclosures:** Each party served an initial

25  disclosure.  The parties agree to produce all documents disclosed.

26      a.    **Plaintiffs' Requests the Following Disclosure:**

27        1)    Plaintiffs request disclosure of all documents, and the identity of all

28  witnesses with testimony, that refer or relate to the issue of defendants' policies, practices and

Shbraasch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

procedures for entry into the garage by handicap high-top van users.

        2)    Plaintiffs request disclosure of both the subject garage and park construction and alteration history in that defendants have denied liability under Sections 4450 et seq. of the Government Code. (<u>San Francisco v. Grant</u> (1986) 181 Cal.App.3d 1085; <u>Donald v. Sacramento Valley Bank</u> (1989) 209 Cal.App.3d 1183; and <u>Donald v. Cafe Royale</u> (1990) 218 Cal.App.3d 168.) This should include all applications, permits, plans, variances, and exceptions.

        3)    Plaintiffs request disclosure of the identity of all persons from local building, planning and public work departments with whom defendants have discussed any changes at the subject park.

        4)    Plaintiffs request the disclosure of defendants' employee handbooks, memorandums, correspondence, etc., since 1990, and all witnesses and documents for that period, that concern defendants' policies, practices and procedures for providing the disabled access to the garage.

        5)    Since the defendants have been involved in prior access litigation, plaintiffs request copies of all dispositive motions, sworn declarations, discovery responses and deposition transcripts from that litigation.

        6)    Finally, if defendants have already initiated changes to provide access or to change their relevant policies, plaintiffs request immediate disclosure of all documentation and witnesses relating to the nature of such changes, the date decisions to institute them were formed and by whom. This documentation should include all directives, memorandums, rule-books, communications, decisions, surveys, bids, proposals, permits, plans, cost estimates (and cost billing for each access feature, i.e., the cost to add accessibility features to the paths of travel, entrance, parking, etc., as well as the cost of the entire project), etc. If defendants intend to invoke "advice of counsel" or "attorney-client privilege" to prevent such disclosure, plaintiffs request a privilege log as to any such documents withheld from disclosure.

## IV.   DISCOVERY

       **11.**    **The parties agree to the following discovery plan:** The parties intend to utilize

*Thimesch Law Offices*
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Joint Case Management Statement and Proposed Order:
Case No. Case No. C07-04087 JSW

— 6 —

1   all discovery tools available under the code, including interrogatories, requests for production and

2   admission, subpoenas, etc., and suggest the setting of the following limitations and deadlines:

3       a.   <u>Limitations:</u>

4           i)   <u>Depositions</u>: No limit.

5           ii)  <u>Interrogatories</u>: No limit.

6           iii) <u>Interrogatories Directed at Responses to Requests for Admission</u>:

7   No limit.

8           iv)  <u>Experts</u>. The parties do not agree to any limitations on discovery

9   from experts.

10          v)   <u>Supplemental disclosures</u>: Per F.R.C.P. Rule 26(a) and (e), and

11  local rules.

12          vi)  <u>Initial Disclosures From Any Newly Added Parties</u>: within 30 days

13  of the new party's initial appearance.

14

15      b.   <u>Deadlines:</u> If a trial date is set at the suggested date of November 21, 2008:

16          i)   Deadline to disclose experts and expert

17               reports ..............................................................August 15, 2008

18          ii)  Deadline   to   complete   discovery

19               including  experts,  and  deadline  to

20               complete dispositive motions ....................... September 15, 2008

21          iii) Deadline  to  disclose  identities  of  all

22               witnesses to be called in each party's

23               case-in-chief................................................ November 10, 2008

24

25      c.   <u>Plaintiffs' Discovery</u> (<u>This Section is Presented Solely By Plaintiffs</u>)

26          A.   <u>Scope And Purpose Of Plaintiffs' Discovery</u>
                 <u>[FRCP Rule 26(f)(2)]</u>

27

28      Plaintiffs will utilize the following discovery tools to discover the relevant and

Robinson Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

Joint Case Management Statement and Proposed Order:          — 7 —
Case No. Case No. C07-04087 JSW

1   material facts: requests for disclosure, requests for admissions, interrogatories, requests for

2   production, subpoenas, site inspections, and depositions.

3         Plaintiff's discovery and disclosure requests will seek production of documents,

4   and identification of facts and witnesses related to the issue of defendants' relevant policies,

5   practices and procedures on the issues outlined above.

6         Plaintiff seeks disclosure and will propound discovery regarding defendants receipt of

7   public, local, state or federal funds.

8         Plaintiff seeks disclosure and/or take depositions in conjunction with written discovery to

9   ascertain the subject park and garage's construction and alteration history in that defendants have

10  denied liability under Sections 4450 et seq. of the Government Code. (San Francisco v. Grant

11  (1986) 181 Cal.App.3d 1085; Hankins v. El Torito Restaurants, Inc., et al. (1998) 63 Cal.App.4th

12  510; Donald v. Sacramento Valley Bank (1989) 209 Cal.App.3d 1183; and Donald v. Cafe

13  Royalé (1990) 218 Cal.App.3d 168.) Plaintiffs will seek to ascertain this information through

14  requests for disclosures, stipulations, requests for admission, interrogatories, and/or requests for

15  production with depositions. The parties to be deposed will include, but are not limited to, the

16  relevant owners, operators, contractors, architects, building and government officials, etc.

17        Defendants' person most qualified will be deposed as to all liability issues,

18  including: notice; the construction and ownership history; the current and past designs of the

19  premises; and all alleged defenses and affirmative defenses.

20        Finally, to the extent defendants have or intend to change their policies, practices

21  and procedures, or to conduct work to modify the subject building to provide further access for

22  the disabled, plaintiffs will seek disclosure and/or discovery of all documentation of such

23  changes, including all memorandums, communications, rules book changes, handbooks, policies,

24  procedure manuals, permits, plans, cost estimates and cost billing for each access feature, i.e., the

25  cost to add accessibility features to the handicap parking, the paths of travel into and around both

26  the garage and park, the service counters, the public restrooms, etc., as well as the cost of the

27  entire project.

28  ////

Tehimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**B.    Plaintiffs' Initial Depositions Of Witnesses And Initial Discovery Requests [FRCP Rule 26(f)(2)]**

Assuming defendants cooperate in providing disclosures and responding to discovery in a full and timely manner, plaintiffs will take the following initial depositions, which will be scheduled subject to the convenience of counsel, the parties, and witnesses, the discovery cutoff in this case, and the latitude granted by FRCP, Rule 29:

1.    **Deposition of Defendants' Persons Most Qualified:**  These individuals have discoverable "knowledge" regarding policies, practices and procedures and alterations to the building.

2.    **Deposition of Persons Most Qualified from the City.**  These individuals have discoverable "knowledge" alterations to the building and the approval process, as well as receipt of local, public, state or federal funds.

**C.    Plaintiffs' Follow-Up Depositions And Discovery Requests**

To the extent plaintiffs cannot discover the necessary facts by way of stipulations, initial requests for disclosures and requests for admission, other written discovery, and/or depositions (**see II. A-B, beginning above at p. 7**), plaintiffs will conduct follow-up written discovery and notice further depositions of any further identified personnel, owners, operators, lessors and lessees, as well as contractors, architects, building and planning department officials, and other governmental officials.  (Assuming full cooperation of the defendants, and subject to the latitude granted by F.R.C.P., Rule 29, this discovery will be completed prior to the suggested discovery cutoff.)

**d.    Defendants' Position On Discovery And Disclosures**
**(This Section is Presented Solely By Defendants)**

**A.    Scope And Purpose Of Defendants' Discovery [FRCP Rule 26(f)(2)]**

Defendants will utilize the following discovery tools to discover the relevant and material facts: requests for disclosure, requests for admissions, interrogatories, requests for production,

Rehnerich Law Offices
188 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

1  subpoenas, site inspections, and depositions.  Defendants will seek discovery concerning liability,

2  plaintiffs' damages, and all defenses.

3

4             **B.**    **Defendants' Initial Depositions Of Witnesses And Initial Discovery Requests [FRCP Rule 26(f)(2)]**

5

6       If discovery appears necessary to gather the evidence necessary to reach a settlement,

7  defendants will proceed with initial formal written discovery, including requests for admissions,

8  interrogatories, requests for production.  Assuming plaintiffs cooperate in responding to this

9  discovery in a full and timely manner, defendants will take the following initial depositions,

10  which will be scheduled subject to the convenience of counsel, and the parties, and witnesses, the

11  discovery cutoff in this case:

12                        1.    **Deposition of plaintiff** Craig Yates.

13                        2.    **Additional witnesses** identified by plaintiffs as having

14  witnessed the events in question.

15                        3.    **Additional witnesses** as may be discovered.

16             **C.**    **Defendants' Follow-Up Depositions And Discovery Requests**

17      As required.

18

19      **12.**    **The parties request a trial date as follows:** Nov. 21, 2008.

20

21      **13.**    **The parties expect that the trial will last for the following number of days:**

22  Estimate without the benefit of discovery and identification of issues through pre-trial statement:

23  6-8 trial days.

24  **V.**    **IDENTIFICATION AND SIGNATURE OF LEAD TRIAL COUNSEL**

25      **14.**    **Identify by name, address and phone number lead trial counsel for each**

26  **party.**

27           **a.**    **For Plaintiff CRAIG YATES:**

28           LAW OFFICES OF GENE A. FARBER

Joint Case Management Statement and Proposed Order:
Case No. Case No. C07-04087 JSW

1    GENE A. FARBER, ESQ. – Lead Trial Counsel
      4258 Twenty Sixth Street
2    San Francisco, CA 94131
      Telephone: (415) 956-1800
3    Fax: (415) 282-4228
      genefarber@gmail.com
4
      TIMOTHY S. THIMESCH, Esq.
5    THIMESCH LAW OFFICES
      158 Hilltop Crescent
6    Walnut Creek, CA 94526
      Tel: 925/588-0401
7    Fax: 888/210-8868
      tim@thimeschlaw.com
8

9         **b.**      **For defendant CITY AND COUNTY OF SAN FRANCISCO:**

10    JAMES MOXON EMERY, ESQ. SBN 153630
      OFFICE OF THE CITY ATTORNEY
11    Fox Plaza, 1390 Market St., Sixth Floor
      San Francisco, CA 94102
12    (415) 554-4261
      Fax: 415-554-3837
13    Email: jim.emery@sfgov.org

14        **c.**      **For defendants CITY OF SAN FRANCISCO UPTOWN PARKING**

15    **CORPORATION:**

16
      JEFFER, MANGELS, BUTLER & MARMARO LLP
17    MARTIN H. ORLICK, ESQ., MHO@jmbm.com
      Two Embarcadero Center, 5th Floor
18    San Francisco, CA 94111
      Telephone: 415/398-8080
19    Facsimile: 415/398-5584

20    **VI.    SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL**
      **COUNSEL**
21

22         Pursuant to Civil L.R. 16-6, each of the undersigned certifies that he or she has

23    read with the client the brochure entitled "Dispute Resolution Procedures in the Northern

24    District of California," discussed the available dispute resolution options provided by the court

25    and private entities and has considered whether this case might benefit from any of the

26    ////

27

28

Joint Case Management Statement and Proposed Order:
Case No. Case No. C07-04087 JSW                                    — 11 —

1    available dispute resolution options.

2

3    Dated: December 28, 2007                TIMOTHY S. THIMESCH
                                             THIMESCH LAW OFFICE
4
                                             LAW OFFICES OF GENE A. FARBER
5

6

7                                            /s/ _____
                                             Attorneys for Plaintiff
8                                            CRAIG YATES

9

10   Dated: December 28, 2007                JEFFER, MANGELS, BUTLER & MARMARO LLP
                                             MARTIN H. ORLICK, ESQ.
11

12
                                             /s/ _____
13                                           Attorneys for Defendants
                                             CITY AND COUNTY OF SAN FRANCISCO;
14                                           CITY OF SAN FRANCISCO UPTOWN
                                             PARKING CORPORATION
15

16   Dated: December 28, 2007                JAMES MOXON EMERY, ESQ.
                                             OFFICE OF THE CITY ATTORNEY
17

18
                                             /s/ _____
19                                           Attorneys for Defendants
                                             CITY AND COUNTY OF SAN FRANCISCO
20

21

22

23

24

25

26

27

28

Joint Case Management Statement and Proposed Order:
Case No. Case No. C07-04087 JSW                            — 12 —

**CASE MANAGEMENT ORDER**

The Court hereby adopts the Case Management Statement and Proposed Order as the Case Management Order for the case, and the parties are ordered to comply with this Order.  In addition the Court orders: [The Court may wish to make additional orders, such as:

        a.     Referral of the parties to court or private ADR process;

        b.     Schedule a further Case Management Conference;

        c.     Schedule the time and content of supplemental disclosures;

        d.     Specially set motions;

        e.     Impose limitations on disclosure or discovery;

        f.     Set time for disclosure or identity, background and opinions of experts;

        g.     Set deadlines for completing fact and expert discovery;

        h.     Set time for parties to meet and confer regarding pretrial submissions;

        i.     Set deadline for hearing motions directed to the merits of the case;

        j.     Set deadlines for submission of pretrial material;

        k.     Set date and time for pretrial conference;

        l.     Set a date and time for trial.]

Dated: _____

_____
HON. JEFFREY S. WHITE
UNITED STATES DISTRICT COURT JUDGE

Johnson Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**EXHIBIT C**

**Pereira, Angie**

---

| | |
|---|---|
| **From:** | Pereira, Angie |
| **Sent:** | Thursday, December 20, 2007 1:27 PM |
| **To:** | 'tim@thimeschlaw.com' |
| **Cc:** | Orlick, Martin H.; Kenefick, Matthew; 'jim.emery@sfgov.org'; 'keilcon@aol.com' |
| **Subject:** | Yates v. Union Square |

Good Afternoon Mr. Thimesch:

As you know, a joint case management statement is due to be filed with the Court by December 27, 2007, (CMC is set for 1/4/08). As Plaintiff, it is your obligation to forward Plaintiff's contentions to us and we will add defendants' contentions or comments. Thank you.

---

Angela Pereira
Paralegal
JMBM | Jeffer, Mangels, Butler & Marmaro LLP
Two Embarcadero Center, 5th Floor
San Francisco, California 94111

(415) 984-9620 Direct
(415) 398-5584 Fax
eap@jmbm.com
JMBM.com

This e-mail message and any attachments are confidential and may be attorney-client privileged. Dissemination, distribution or copying of this message or attachments without proper authorization is strictly prohibited. If you are not the intended recipient, please notify JMBM immediately by telephone or by e-mail, and permanently delete the original, and destroy all copies, of this message and all attachments. For further information, please visit JMBM.com.

Circular 230 Disclosure: To assure compliance with Treasury Department rules governing tax practice, we hereby inform you that any advice contained herein (including in any attachment) (1) was not written or intended to be used, and cannot be used, by you or any taxpayer for the purpose of avoiding any penalties that may be imposed on you or any taxpayer and (2) may not be used or referred to by you or any other person in connection with promoting, marketing or recommending to another person any transaction or matter addressed herein.

EXHIBIT C

EXHIBIT D

**Pereira, Angie**

| | |
|---|---|
| **From:** | Pereira, Angie |
| **Sent:** | Friday, December 21, 2007 3:37 PM |
| **To:** | 'tim@thimeschlaw.com' |
| **Cc:** | Orlick, Martin H. |
| **Subject:** | Yates v. Union Square (On behalf of Marty Orlick) |
| **Importance:** | High |



STIPULATION TO
CONTINUE CMC.DO...

Mr. Thimesch:

Per my earlier telephone call, attached hereto, please find a stipulation Mr. Orlick has prepare to have the case management conference continued for 90 days. Please review, and if it meets with your approval, please sign and return. Thank you.

---

Angela Pereira
Paralegal
JMBM | Jeffer, Mangels, Butler & Marmaro LLP
Two Embarcadero Center, 5th Floor
San Francisco, California 94111

(415) 984-9620 Direct
(415) 398-5584 Fax
eap@jmbm.com
JMBM.com

This e-mail message and any attachments are confidential and may be attorney-client privileged. Dissemination, distribution or copying of this message or attachments without proper authorization is strictly prohibited. If you are not the intended recipient, please notify JMBM immediately by telephone or by e-mail, and permanently delete the original, and destroy all copies, of this message and all attachments. For further information, please visit JMBM.com.

Circular 230 Disclosure: To assure compliance with Treasury Department rules governing tax practice, we hereby inform you that any advice contained herein (including in any attachment) (1) was not written or intended to be used, and cannot be used, by you or any taxpayer for the purpose of avoiding any penalties that may be imposed on you or any taxpayer and (2) may not be used or referred to by you or any other person in connection with promoting, marketing or recommending to another person any transaction or matter addressed herein.



EXHIBIT D

1  JEFFER, MANGELS, BUTLER & MARMARO LLP
   MARTIN H. ORLICK (Bar No. 083908)
2  MATTHEW S. KENEFICK (Bar No. 227298)
   Two Embarcadero Center, Fifth Floor
3  San Francisco, California  94111-3824
   Telephone:    (415) 398-8080
4  Facsimile:    (415) 398-5584

5  Attorney for Defendants CITY AND COUNTY OF
   SAN FRANCISCO and CITY OF SAN FRANCISCO
6  UPTOWN PARKING CORPORATION

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11  CRAIG YATES,                          CASE NO.    C07-4087 JSW

12              Plaintiff,
                                          **STIPULATION AND ORDER TO**
13       v.                               **CONTINUE THE CASE MANAGEMENT**
                                          **CONFERENCE; [PROPOSED] ORDER**
14  UNION SQUARE; CITY AND COUNTY OF      **THEREON**
    SAN FRANCISCO, CITY OF SAN
15  FRANCISCO UPTOWN PARKING
    CORPORATION; EMPORIO RULLI IL
16  CAFFE UNION SQ.; EMPORIO RULLI IL
    CAFFE UNION SQ., INC.; and DOES 1
17  through 50, Inclusive,

18              Defendants.              Trial Date:       None Set
                                         Complaint Filed:  August 9, 2007
19

20            TO THE COURT AND ALL PARTIES:

21            The parties, Plaintiff, Craig Yates, and Defendants, City and County Of San

22  Francisco and City Of San Francisco Uptown Parking Corporation ("Defendants"), collectively, the

23  ("Parties"), by and through the undersigned counsel, hereby stipulate to a continuance of the Case

24  Management Conference currently scheduled for January 4, 2008 for 90 days.

                                    **RECITALS.**
25
              A.      On August 9, 2007, Plaintiff filed his complaint for this lawsuit (the
26
    "Complaint") against Defendants for Injunctive & Declaratory Relief and Damages.
27
              B.      On November 19, 2007, Plaintiff filed a Request for Dismissal of Defendants
28

1  Emporio Rulli Il Caffe Union Sq.and Emporio Rulli Il Caffe Union Sq., Inc. which was granted on

2  November 19, 2007.

3          C.      On December 6, 2007, the Parties met and conferred at the subject property.

4          D.      On December 12, 2007, Defendants re-filed their Motion for the Court to

5  Decline Supplemental Jurisdiction Over and to Dismiss Plaintiff's State Law Claims [28 U.S.C.

6  Section 1367 (c) and to Strike Plaintiff's Unsupported and Improper Damage Prayers from the

7  Complaint [FRCP 12 (f)] ("Motion") which was originally filed on September 28, 2007, before

8  Judge Elizabeth D. Laporte, now pending before this Court. A hearing on the Motion is set for

9  February 8, 2008.

10         E.      The Parties are still meeting and conferring and plan to mediate pursuant to

11  General Order Rule 56.

12                 The Parties request the Court continue the Case Management Conference for ninety

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1  (90) days in order to complete their mediation.

2  DATED:  December    , 2007          THIMESCH LAW OFFICES
                                       TIMOTHY S. THIMESCH
3                                      GENE FARBER

4

5                                      By: _____
                                             TIMOTHY S. THIMESCH
6                                      Attorneys for Plaintiff CRAIG YATES

7
   DATED: December 21, 2007            JEFFER, MANGELS, BUTLER & MARMARO LLP
8                                      MARTIN H. ORLICK
                                       MATTHEW S. KENEFICK
9

10
                                       By: _____
11                                           MARTIN H. ORLICK
                                       Attorneys for Defendants CITY AND COUNTY OF
12                                     SAN FRANCISCO and CITY OF SAN FRANCISCO
                                       UPTOWN PARKING CORPORATION
13
   DATED: December    , 2007           OFFICE OF THE CITY ATTORNEY
14                                     JOANNE HOEPER
                                       JAMES MOXON EMERY
15

16
                                       By: _____
17                                           JAMES MOXON EMERY
                                       Attorneys for Defendant CITY AND COUNTY OF
18                                     SAN FRANCISCO

19

20                                     **<u>ORDER.</u>**

21         The parties having so stipulated, and good cause appearing therefor,

22         IT IS SO ORDERED that the Case Management Conference currently scheduled for

23  January 4, 2008 be continued for ninety (90) days until April 4, 2008.

24

25  DATED:                             _____
                                       JUDGE OF THE SUPERIOR COURT
26

27

28

PRINTED ON
RECYCLED PAPER

645579v1                      - 3 -      STIPULATION AND ORDER TO CONTINUE
                                         CASE MANAGEMENT CONFERENCE