1　TIMOTHY S. THIMESCH, Esq. (No. 148213)
　　THIMESCH LAW OFFICES
2　158 Hilltop Crescent
　　Walnut Creek, CA 94597-3452
3　Tel: 925/588-0401
　　Fax: 888/210-8868
4　tim@thimeschlaw.com

5　LAW OFFICES OF GENE A. FARBER
　　GENE A. FARBER, ESQ. (No. 44215)
6　4258 Twenty Sixth Street
　　San Francisco, CA 94131
7　Telephone: (415) 956-1800
　　Fax: (415) 282-4228
8　genefarber@gmail.com

9　Attorneys for Plaintiff
　　CRAIG YATES

10

11　　　　　　　UNITED STATES DISTRICT COURT
　　　　　　　NORTHERN DISTRICT OF CALIFORNIA

12

13　CRAIG YATES,　　　　　　　　CASE NO. C07-04087 JSW
　　　　　　　　　　　　　　　　　Civil Rights
14　　　　　　　Plaintiffs,
　　　　　　　　　　　　　　　　　**PLAINTIFF'S OPPOSITION TO**
15　v.　　　　　　　　　　　　　　**DEFENDANTS' MOTION TO DISMISS**
　　　　　　　　　　　　　　　　　**AND MOTION TO STRIKE**
16　CITY AND COUNTY OF SAN
　　FRANCISCO; CITY OF SAN FRANCISCO　**Conference**:
17　UPTOWN PARKING CORPORATION; and　Date:　　February 8, 2008
　　DOES 1-50, Inclusive,　　　　　Time:　　9:00 AM
18　　　　　　　　　　　　　　　　　Place:　　Courtroom 2, 17th Fl
　　　　　　　Defendants.　　　　　Judge:　　Hon. Jeffrey S. White
19
　　_____/
20

21　　　　　　　　　　**INTRODUCTION**

22　　　　　Defendants' motion is drastically late and should be stricken summarily.　Without

23　obtaining leave of court, defendants acted unilaterally, and <u>filed their motion a full 4 months</u> after

24　plaintiff served the Complaint all the way back on August 13, 2007.　The Clerk's offer on

25　October 10, 2007 to allow defendants to re-file their motion (which had been taken off calendar

26　automatically when defendants filed a last-minute declination against Magistrate Judge Laporte

27　exercising jurisdiction) was not an open-ended invitation for delay.　Without explanation,

28　defendants waited thereafter a full two months to re-file their motion, and only after plaintiff

**Plaintiff's Opposition to Motion to Dismiss and Motion to Strike:**
**Case No. Case No. C07-04087 JSW**

1　　insisted that they get an answer on file.  Defendants sought no leave of court, and thereafter

2　　refused to explain any good cause for delay when plaintiff attempted to initiate meet and confer

3　　on the matter.  (They only asserted in conclusory fashion that their motion is "timely.")  Given the

4　　disfavored status of Motions to Strike as delaying motions, this unilateral action by defendants

5　　without any attempt to obtain leave of court cannot possibly comport with proper procedure.

6　　　　　Severance and dismissal of the state law claims is the exception rather than the rule, and

7　　such request is improper in the present case, and would lead toward substantial prejudice toward

8　　plaintiff.  Unlike the cases cited by the defense where severance has been granted in Title III

9　　cases, this case involves a Title II claim with a federal claim for damages.  Thus, alleged

10　　"complex" issue of intent under state law is already at issue for the federal damage claim, and

11　　cannot be avoided.  Further, the state and federal claims are tightly interwoven, sharing the same

12　　common nucleus of fact.  Severance and dismissal would require two concurrent actions related to

13　　the same facts, each seeking damages for the identical occurrences, particularly the City's $25

14　　million reconstruction of the park without provision of proper disabled access in 2002.  Finally,

15　　the particular state injunctive relief claims at issue (making a violation of the ADA a violation of

16　　state law) trigger their own separate basis for federal question jurisdiction.  Defendants' straw

17　　man arguments – grossly misrepresenting both plaintiff's prayer for damages within the

18　　Complaint and the level of his overall claim (which defendants "calculate" and grossly

19　　misrepresent as "$3,000,000") – should be ignored.[1]/

20　　　　　The motion to strike plaintiff's damage claim under Title II of the ADA and the

21　　Rehabilitation Act is improper.  The Complaint properly pleads intent in general terms, which is

22　　all that is required by federal notice pleading standards, as well as specific federal rules relating to

23　　state of mind.  Plaintiff has also properly alleged proximate cause in multiple paragraphs of the

24　　complaint.

---

[1] Defendants set up a straw man argument that plaintiff seeks $3,000,000 in damages under Unruh at $4,000 per day for two years.  This is absurd and would be an absurd result.  This case would never support such an outcome and plaintiff does not advocate it.  Moreover, even under plaintiff's Disabled Rights Act cause of action, using the defendants' mathematical formula, plaintiff would be entitled to $750,000 in damages at $1,000 per day for two years.  Such a result in this case would likewise be absurd.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Plaintiff's Opposition to Motion to Dismiss and Motion to Strike:
Case No. Case No. C07-04087 JSW**　　　　　　　　— 2 —

Plaintiff has properly pled his right to seek private attorney general fees under Code of Civil Procedure Section 1021.5. Defendants' request to strike is at best premature. The pleading stage is not the proper time to determine whether plaintiff individualized interest in damages (recovery of which is not all assured) can possibly outweigh the substantial public interest claims of thousands of disabled users being granted access to the park. Since neither of these claims has been resolved, the scope of recovery has not been determined, and it is not possible to make a comparison. Such a determination is proper only at the conclusion of the case.

### STATEMENT OF FACTS

A.     **Defendants' Unexplained Delay in Re-filing Their Motion**

The Complaint was served on defendants on August 13, 2007. (CR Nos. 11&12.) Thus, the deadline for defendants' responsive pleading was September 2, 2007. Over plaintiff's opposition, the Court granted defendants' application for a 26 day extension to file a late responsive motion attacking the pleadings. Defendants' motion was filed and set for hearing on November 6, 2007. The magistrate judge issued an order giving defendants until October 9, 2007 to file either a consent or declination in relation to the magistrate's jurisdiction. The defendants waited until the last day before filing their declination. This caused the Clerk to issue an order reassigning the case on October 10, 2007, which advised defendants that they had the option to re-file their motion. Instead of promptly refilling the motion before this Court, the defendants spent the next two months attempting to forum-shop the case through successive motions to relate to other actions. Only when those motions failed, and after plaintiff insisted upon the filing of an answer, did defendants act to re-file their motion on December 12, 2007. Apparently in order to seek further delay, defendants promptly filed an "Amended" Notice of Motion setting the hearing nearly two months out. Upon plaintiff's effort to meet and confer regarding the delay and prejudice, defendants refused to provide any good cause or explanation for the delay, but instead provided one-line replies stating simply that their motion was "timely." (See Declaration of Timothy Thimesch.)

////

**Thimesch Law Offices**
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Plaintiff's Opposition to Motion to Dismiss and Motion to Strike:**
**Case No. Case No. C07-04087 JSW**                                              — 3 —

**B.      Pleading of Intent**

The Complaint pleads defendants' knowledge of discrimination and willful failure and refusal to rectify it are pled generally at paragraph 27 of the Complaint, which states:

> 27.  Plaintiff is further informed and believes that during the applicable statutory periods the <u>named governmental defendants and each of them have been made aware orally, in writing, and through the media and governmental sources of the inaccessibility of their public facility/business to disabled persons, such as plaintiff, and other persons with disabilities similarly situated, and of the federal and state legal obligations of owners and operators of public facilities to make their facilities accessible to disabled persons</u>.  Despite being informed of such effect on disabled persons and the manner in which their practices and lack of accessible facilities were continuing to discriminate against disabled persons on a day-to-day basis, said <u>defendants and each of them knowingly and willfully failed and refused to take proper steps to rectify this situation and to provide full and equal access for disabled persons to each public facility referred to herein</u>.  ((Emphasis added); see also paragraph 71.)

**C.      Pleading of Proximate Cause**

The Complaint alleges defendants' violations have "proximately caused", or "resulted" in, his damages.  (See paragraphs 2, 10, 17, 57, 59, 60, 73; see also incorporation of facts at paragraphs 20, 24, 34, 48, 62, 67, 77, 78, 81, 82, 85, and 90.)

**D.      Pleading of Statutory Damages**

Plaintiff's complaint seeks actual damages, specifying the scope of compensatory relief sought in the following fashion:

> 5.  Because defendants have now formally denied plaintiff's Government Claim, **plaintiff seeks an award of statutory and "actual" damages against all defendants, including general damages and special damages, according to proof,** against such defendants pursuant to sections 52 and 54.3 Civil Code, and that these damages be <u>trebled</u>;

> 6.  Award damages against all defendants pursuant to section 504 of the Rehabilitation Act.

> 7.  Award damages against the government entity defendants pursuant to Title II of the Americans with Disabilities Act.  (Id. (emphasis added.)

In contrast, the only request for daily damages in plaintiff's Complaint relates to the possible "event of a default judgment."  (See paragraph 72.)  All other references to "daily damage" in the complaint refer to the good-cause for injunctive relief.  (See paragraphs 14, 18,

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

27, 59, 60 and 71.)

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    SEVERANCE AND DISMISSAL IS IMPROPER

This Court may properly take supplemental jurisdiction when the relationship between the federal and state claims is such that they "form part of the same case or controversy under Article III of the United States Constitution." (28 U.S.C § 1367(a) (emphasis added).) A single case exists in the constitutional sense when the state and federal claims arise from "a common nucleus of operative facts" such that a plaintiff "would ordinarily be expected to try them all in a single judicial proceeding." (United Mine Workers v. Gibbs (1966) 383 US 715, 725, 86 S.Ct. 1130, 1138.) Because the language of § 1367(a) was derived from United Mine Workers, the "common nucleus of operative facts" test continues to be the standard for supplemental jurisdiction. (See Kirschner v. Klemons (2nd Cir. 2000) 225 F.3d 227, 239; Lyon v. Whisman (3rd Cir. 1995) 45 F.3d 758, 760.)

This Court's jurisdiction over the state law claims is discretionary. 28 U.S.C § 1367(a). The rationale justifying this Court's exercise of supplemental jurisdiction over state law claims is that "considerations of judicial economy, convenience and fairness to the litigant" give the court with jurisdiction over a federal claim the power to determine related state law claims joined by the plaintiff. (United Mine Workers at 1139.)

Supplemental jurisdiction of the state law claims advances two important judicial functions. The first is to permit disposition by a single court of factually interdependent claims. Requiring the litigants to try the same basic set of facts in two different courts is a waste of Court and litigant's time and resources and risks inconsistent results undermining the rule of law. The second function underlying this Court's authority to take supplemental jurisdiction of the state law claims is "to enable a court to function successfully, that is, to manage its

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

1  proceedings, vindicate its authority, and effectuate its decrees." (See <u>Kokkonen v. Guardian</u>

2  <u>Life Ins. Co. of America</u> (1994) 511 US 375, 380, 114 S.Ct. 1673, 1676 (emphasis added).)

3      The state law claim to which the Defendants present their challenge to this Court's

4  supplemental jurisdiction is based solely on the Unruh Civil Rights Act. Even so, the

5  Defendants' challenge is limited to a single issue in the interpretation of that act: whether the

6  discrimination complained of must be "intentional" or "unintentional." The difference to the

7  resolution of this case is whether the plaintiff would be entitled to statutory damages of $4,000

8

9  or $1,000 per violation.

10      Catapulting their position from its argument concerning the requirement of whether or

11 not Unruh requires intentional conduct, the defendants conclude, without citation (and without

12 rhyme or reason) that this Court should dismiss *all of plaintiff's state law claims*, even those in

13 harmony with Title II and § 504 of the Rehabilitation Act requiring that damage claims be

14 supported by an "intentional" act. Just why this Court should decline supplemental jurisdiction

15 of each of the plaintiff's state law claims is left unstated by defendants and this Court should

16

17 reject the defendants' request to do so.

18      Defendants cite to a group of mostly unpublished cases all venued in U.S. District Court

19 for the Southern District of California where a small group of judges have effectively created a

20 moratorium in that district against state disabled rights claims under the Unruh Civil Rights Act

21 and Disabled Rights Act, Civil Code Sections 52 and 54.3, i.e., through declining to exercise

22 supplemental jurisdiction on grounds of complicated unresolved state law. (See <u>Cross v. Boston</u>

23 <u>Mkt. Corp.</u>, 2007 U.S. Dist. LEXIS 39407, *7 (S.D. Cal. 2007 (J. Jones)); <u>Cross v. Pac. Coast</u>

24 <u>Plaza Invs. L.P.</u>, 2007 U.S. Dist. LEXIS 17793, *10 (S. D. Cal. 2007; J. Miller); <u>Cross v. Pac.</u>

25 <u>Coast Plaza Invs., L.P.</u>, 2007 U.S. Dist. LEXIS 16138, *18 (S. D. Cal. 2007; J. Miller). The

26 "complication" these cases cite is the disagreement between one federal case and one state court

27 on whether "intent" is required prove a violation of Unruh for purposes of collecting damages.

28 (Compare <u>Gunther v. Lin</u> (4th Dist. 2006) 144 Cal.App.4th 223 (intent required) and <u>Lentini v.</u>

Plaintiff's Opposition to Motion to Dismiss and Motion to Strike:
Case No. Case No. C07-04087 JSW                                                — 6 —

1  <u>California Center for the Arts, Escondido</u> (9th Cir. 2004) 370 F.3d 837, 847 (intent <u>not</u> required).)

2      In examining these Southern District cases, an immediate distinction springs forth.  Each

3  involves only one federal claim, i.e., for injunctive relief under Title III.  There were no federal

4  damage claims.  Thus, severance resulted in focusing the issues on injunctive relief.

5      Such will not be the case here.  The present case involves claims for damages under

6  Title II and the Rehabilitation Act.  (See First and Second Causes of Action; see also Seventh and

7  Eighth Causes of Action seeking state damages for violation of the ADA.)  Thus, unlike the three

8  Southern District cases involving Title III, with no federal damage counterpart, plaintiff's damage

9  claim in this case has a federal counter-part, and cannot be completely severed from the case.

10  Any severance would effectively require plaintiff to pursue identically fact-based claims in two

11  different courts, to his extreme prejudice.  (See <u>Miller v. Lovett</u> (2nd Cir. 1989) 879 F2d 1066,

12  1072 (In plaintiff's action for federal civil rights action (42 USC § 1983) against Police Officers

13  for using excessive force, it was an *abuse of discretion to dismiss* state law tort claims

14  (negligence, assault and battery) arising out of the same incident: "Where the two (federal and

15  state claims) are closely tied the argument for exercise of pendent jurisdiction is particularly

16  strong.").)

17      This case is distinguishable from the Southern District cases for another reason in that

18  they seek injunctive relief under state law for violations of the ADA (Civil Code Sections 52,

19  54.3 & 55).  Because these injunctive relief claims are identical in scope and relief to the

20  Title II and III claims, this Court has independent federal question jurisdiction over such

21  claims.  (See <u>Pickern v. Best Western Timber Cove Lodge Marina Resort</u> (E.D.Cal.,2002) 194

22  F.Supp.2d 1128, 1132, ftn 5 (state claims under DPA for injunctive relief against violations of

23  the ADA are identical to Title III claims, and "[t]hus federal courts would have original

24  jurisdiction over state claims for injunctive relief.")

25      Finally, since plaintiff will have to prove intent anyway to prevail on the federal

26  damage claims, defendants concern is perhaps academic.  Here, defendants spent over $25

27  million rebuilding the square from the ground up without providing proper disabled access.  It

28  will be difficult for them to argue this level of construction without disabled access does not

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Plaintiff's Opposition to Motion to Dismiss and Motion to Strike:
Case No. Case No. C07-04087 JSW                    — 7 —

1  involve the requisite intent.  As observed by <u>Gunther v. Lin</u>, 144 Cal. App. 4th at 228, **"Some**

2  **of the ADAAG's are basically so intuitive and obvious — such as requiring the doors to at**

3  **least one stall in a public restroom to be wide enough to allow a wheelchair to pass**

4  **through [footnote omitted] — that it would be hard to believe that noncompliance with**

5  **them could be other than intentional."**  (Emphasis added); Cf. <u>Parr v. L&L Drive-</u>

6  <u>In Restaurant</u> (D.Haw. 2000) 96 F.Supp.2d 1065, 1081 ("Once Plaintiff either encountered

7  discrimination or learned of the alleged violations through expert findings or personal

8  observation, he had 'actual notice' that Defendant did not intend to comply with the ADA.").)[2]

9

10  **II.      PLAINTIFF  HAS  PROPERLY  PLED  A  BASIS  FOR  DAMAGE  RECOVERY**

11  **UNDER TITLE II AND THE REHABILITATION ACT**

12      Defendants contend plaintiff's complaint has not adequately pled either "intent" or

13  proximate cause.  To the extent defendants seek more than mere notice pleading, they are

14  incorrect.

15      Rule 8(a)'s simplified pleading standard applies to all civil actions except as required by

16  the Federal Rules or imposed by statute.  (<u>Swierkiewicz v. Sorema N. A.</u> (2002) 534 US 506,

17  513–514, 122 S.Ct. 992, 998; <u>Crawford-El v. Britton</u> (1998) 523 US 574, 595, 118 S.Ct. 1584,

18  1596; <u>Galbraith v. County of Santa Clara</u> (9th Cir. 2002) 307 F3d 1119, 1125 ("nearly all of the

19  circuits have now disapproved any heightened pleading standard in cases other than those

20  [relating to fraud, etc., under] by Rule 9(b)"].  This includes discrimination actions.  (See

21  <u>Swierkiewicz v. Sorema N. A.</u>, supra, 534 US at 514, 122 S.Ct. at 999 (employment

22  discrimination claim under 42 USC § 2000e (Title VII)); <u>Maduka v. Sunrise Hosp.</u> (9th Cir.

23  _____

24  [2] Regarding the alleged nature of "complexity" on this issue, the Court will want to review the
    decision of Judge Lawrence Karlton of the Eastern District, where he carefully examines

25  <u>Gunther</u> and its reasoning in detail, finding compelling evidence that the Supreme Court of this
    state would reject the decision.  (See, e.g., <u>Wilson v. Haria & Gogri Corp.</u>, 479 F. Supp. 2d

26  1127, 1138, ftn. 15 (E.D. Cal. 2007).)   Regarding the view that federal courts should not avoid
    their duties to timely determine issues of state law, see opinion of Justice Kozinski in <u>Dremen</u>

27  <u>v. Cohen</u> (9th Cir. 2003) 325 F.3d 1035 (Kozinski, dissenting regarding practice of certifying
    state law issues to California Supreme Court for determination): "We do California no favors

28  by asking its Supreme Court to solve our problems while we stand mutely by."

**Plaintiff's Opposition to Motion to Dismiss and Motion to Strike:**
**Case No. Case No. C07-04087 JSW**                                    — 8 —

1    2004) 375 F3d 909, 912–913 (racial discrimination claim under 42 USC § 1981).)

2        With regard to pleading state of mind, including "intent," Rule 9(b) is specific in

3    requiring only that it be pled in general terms.  (Fed. Rules Civ. Pro, Rule 9(b) (*"malice, intent,*

4    *knowledge, and other conditions of a person's mind may be alleged generally"*); <u>Belli v.</u>

5    <u>Orlando Daily Newspapers, Inc</u>. (5th Cir 1967) 389 F.2d 579, certiorari denied 89 S.Ct. 88, 393

6    U.S. 825, 21 L.Ed.2d 96 (malice in libel action may be alleged generally); <u>Neveu v. City of</u>

7    <u>Fresno</u> (E.D.Cal.2005) 392 F.Supp.2d 1159 (*officer's allegations that city and individual*

8    *officers retaliated against him for his whistleblowing activities were sufficient to infer intent*

9    *to injure*); <u>SCO Group, Inc. v. Novell, Inc</u>. (D.Utah 2005) 377 F.Supp.2d 1145 (*general*

10   *allegation of intent sufficient in slander of title action*); <u>Clark v. State Farm Mutual Auto. Ins.</u>

11   <u>Co</u>. (C.D.Cal.2005) 231 F.R.D. 405 (*conclusory allegation of malice sufficient in federal*

12   *court for purposes of claim for punitive damages under California law*); Cf. state law

13   application: <u>Hankins v. El Torito Restaurant</u> (1st Dist. 1998) 64 Cal.App.4th 510, (*complaint's*

14   *pleading of "knowledge of the effect [its conduct] was having on physically disabled*

15   *persons" sufficient to place issue of intent before the Court at trial*).)

16       Rule 9(b) recognizes that "describing a state of mind with exactitude is inherently

17   difficult and would lead to complexity and prolixity in pleadings."  (<u>Heimann v. National</u>

18   <u>Elevator Industry Pension Fund</u> (5th Cir. 1999) 187 F3d 493, 509.)

19       Defendants do not cite any authority on point.  Although defendants cite a large range

20   of authorities (that purportedly relate to what must be "pled" to support a claim for damages

21   under Title II and the Rehabilitation Act), none of the cited cases actually relates to pleading

22   stage requirements.  (See Defense Brief at pp. 7-8, citing <u>Lovell v. Chandler</u> (9th Cir. 2002) 303

23   F.3d 1039, 1056 (*actually relates to proof issues following bench trial*); <u>Ferguson v. City of</u>

24   <u>Phoenix</u> (9th Cir. 1998) 157 F.3d 668, 674-675 (*proof at summary judgment stage*); <u>Memmur</u>

25   <u>v. Marin County Courts</u> (9th Cir. 1999) 169 F.3d 630, 633 (*same*); <u>Duvall v. County of Kitsap</u>

26   (9th Cir. 2001) 260 F.3d 1124, 1138-1139 (*same*); and <u>Zukle v. Regents of the Univ. of</u>

27   <u>California</u> (9th Cir. 1999) 166 F.3d 1041, 1045, ftn 11 (*same*).)

28       Finally, in a buried argument, defendants additionally contend that "plaintiff also fails to

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Plaintiff's Opposition to Motion to Dismiss and Motion to Strike:
Case No. Case No. C07-04087 JSW                                    — 9 —

1   make the crucial allegation that as a proximate result of this conduct, he personally suffered

2   discrimination. (See Def Brief at p. 8, lines 25-26.)  Clearly this is false.  (See Complaint at

3   paragraphs 2, 10, 17, 57, 59, 60, 73.)

4

5   **III.   THE PLEADING STAGE IS NOT THE PROPER TIME TO COMPARE**

6   **PLAINTIFF'S INDIVIDUALIZED INTEREST TO THE PUBLIC INTEREST**

7   **FOR THE PURPOSE OF DETERMINING AVAILABILITY OF FEES UNDER**

8   **CCP 1021.5**

9   Motions to strike are regarded with disfavor because often used as delaying tactics, and

10  because of the policy favoring resolution on the merits.  (Stanbury Law Firm v. I.R.S. (8th Cir.

11  2000) 221 F3d 1059, 1063; RDF Media Ltd. v. Fox Broadcasting Co. (C.D. Calif. 2005) 372

12  F.Supp.2d 556, 566; Bureerong v. Uvawas (CD CA 1996) 922 F.Supp. 1450, 1478.)

13  Defendants additionally ask the Court to strike plaintiff's request for fees under Code

14  Civ. Pro. Section 1021.5.  The request is at its best premature.  The Court simply does not have

15  the facts yet to determine the extent of public interest plaintiff will achieve, or the level of

16  damages.  (See, e.g., Otto v. Los Angeles Unified School District (2003) 106 Cal.App.4[th] 328,

17  332 (noting that there was no guarantee that the plaintiff would ever obtain any financial

18  benefit); Woodland Hills Residents Ass'n v. City Council (1979) 23 Cal.3d 917, 942 (court

19  may distinguish between attorney time devoted to securing personal rights and time devoted to

20  protecting the public interest).)

21

22  **IV.   ALTERNATIVE REQUEST TO AMEND**

23  Out of an abundance of caution, plaintiff alternatively requests leave to amend.

24  ## CONCLUSION

25  For the reasons argued, plaintiff prays for an order summarily striking defendants

26  motion as late.  Alternatively, plaintiff prays for denial of the motion and an order requiring

27  ////

28

Plaintiff's Opposition to Motion to Dismiss and Motion to Strike:
Case No. Case No. C07-04087 JSW                                    — 10 —

1    defendants to file an answer to the Complaint within 10 days.

2

3    Dated: January 18, 2008                TIMOTHY S. THIMESCH
                                            THIMESCH LAW OFFICE

4                                           LAW OFFICES OF GENE A. FARBER

5

6

7                                           /s/ _____
                                            Attorneys for Plaintiff

8                                           CRAIG YATES

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Plaintiff's Opposition to Motion to Dismiss and Motion to Strike:**
**Case No. Case No. C07-04087 JSW**                              — 11 —

*Certificate or Proof of Service by Mail, Fax or Personal Delivery*

I, the undersigned, say: I am and was at all times herein mentioned, a citizen of the United States and a resident of the County of Contra Costa, over the age of eighteen (18) years and not a party to the within action or proceeding; that my business address is Thimesch Law Offices, 158 Hilltop Crescent, Walnut Creek, California; that on the below date, following normal business practice, I caused to be served the foregoing document(s) described as:

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**
(Yates v. Union Square, et al., Northern District Case No. C07-04087 JSW)

on the interested parties in this action, by taking a true copy thereof and conveying as follows:

**AS INDICATED:**

❑    **See Attached Service List.**

❑    **Personal Delivery:** By personally delivering, or causing to be hand delivered through a fax-filing or messenger agency, true and exact copies of these documents to the above entitled place of business (or as indicated on the attached service list) with directions to deliver them immediately to _____ See Above _____ attorneys for the _____ Defendants.

☑    **Courtesy Email:** By email transmission with attachments enclosed in PDF and with a request for delivery and read receipts.
        (❑ **Without exhibits, which are to follow by mail;** ❑ **With exhibits;** ☑ **N/A):**

❑    **Facsimile:** By facsimile transmission, from our regular facsimile machine at (888) 210-8868, at approximately _____, or soon thereafter, addressed to the following facsimile machine (❑ **Without exhibits, which are to follow by mail;** ❑ **With exhibits;** ☑ **N/A):**
        *Name of Person Served:* _____ See Above _____
        *Facsimile Telephone No:* _____ See Above _____
        A facsimile machine report was printed immediately thereafter, which verified that the transmission was complete and without error.

☑    **U.S. Mail and/or Overnight:** By depositing true copies thereof, enclosed in a sealed envelope(s) with postage thereon fully prepaid, marked with the above address(es), and placed in:
        ☑    in First Class United States Mail
        ❑    in ❑ priority, or ❑ standard, overnight mail via Federal Express,
        I am readily familiar with our office's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence, including said envelope, will be deposited with the United States Postal Service at Walnut Creek, and designated overnight packages will be timely scheduled for pickup or placed in Federal Express drop boxes or left at drop centers.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is true and correct under penalty of perjury pursuant to the laws of the United States and the state of California. Executed this **January 18, 2008**, in Walnut Creek, California.

By: _____
TIMOTHY S. THIMESCH
(Original signed)

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

Plaintiff's Opposition to Motion to Dismiss and Motion to Strike:
Case No. Case No. C07-04087 JSW

— 12 —

**SERVICE LIST**

JEFFER, MANGELS, BUTLER & MARMARO LLP
MARTIN H. ORLICK, ESQ.
Two Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone: 415/398-8080
Facsimile: 415/398-5584
mho@jmbm.com

JAMES M. EMERY, ESQ.
ELAINE O'NEIL, ESQ.
OFFICE OF THE CITY ATTORNEY
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, CA 94102-5408
Telephone: (415) 554-4261
Facsimile: (415) 554-3837
jim.emery@sfgov.org

Plaintiff's Opposition to Motion to Dismiss and Motion to Strike:
Case No. Case No. C07-04087 JSW