1  JEFFER, MANGELS, BUTLER & MARMARO LLP
   MARTIN H. ORLICK (Bar No. 083908), MHO@jmbm.com
2  MATTHEW S. KENEFICK (Bar No. 227298), MSK@jmbm.com
   Two Embarcadero Center, Fifth Floor
3  San Francisco, California 94111-3824
   Telephone:   (415) 398-8080
4  Facsimile:   (415) 398-5584

5  Attorneys for Defendants CITY AND COUNTY OF SAN
   FRANCISCO and CITY OF SAN FRANCISCO UPTOWN
6  PARKING CORPORATION

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10             SAN FRANCISCO DIVISION

11 CRAIG YATES,                              CASE NO.   C074087 JSW

12         Plaintiff,                        **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR THE COURT TO DECLINE SUPPLEMENTAL JURISDICTION OVER AND TO DISMISS PLAINTIFF'S STATE LAW CLAIMS [28 U.S.C. § 1367(c)] AND TO STRIKE PLAINTIFF'S UNSUPPORTED AND IMPROPER DAMAGE PRAYERS FROM THE COMPLAINT [FRCP 12(f)]**
13      v.

14 UNION SQUARE; CITY AND COUNTY OF
   SAN FRANCISCO, CITY OF SAN
15 FRANCISCO UPTOWN PARKING
   CORPORATION; EMPORIO RULLI IL
16 CAFFE UNION SQ.; EMPORIO RULLI IL
   CAFFE UNION SQ., INC.; and DOES 1
17 through 50, Inclusive,

18         Defendants.                       **Accompanying papers**: Orlick Declaration

                                             Date:    February 8, 2008
19                                           Time:    9:00 a.m.
                                             Dept:    Crtrm. 2, 17th Floor
20                                           Judge:   The Hon. Jeffrey S. White

21                                           Complaint filed:   August 9, 2007
                                             Trial date:        none set
22

23

24         Defendants City and County of San Francisco ("CCSF") and City of San Francisco

25 Uptown Parking Corporation ("Uptown") (collectively, "Defendants") hereby submit the following

26 Reply Memorandum of Points and Authorities in Support of Motion for the Court to Decline

27 Supplemental Jurisdiction Over and to Dismiss Plaintiff's State Law Claims [28 U.S.C. § 1367(c)]

28 and to Strike Plaintiff's Unsupported and Improper Damage Prayers from the Complaint [FRCP

---
660663v1                                     CASE NO. C074087 JSW
                                             REPLY MEMO OF POINTS AND AUTH.

12(f)]:

## I. INTRODUCTION

This Court simply should not decide Plaintiff's Unruh Act claims for relief. The irreconcilable dissension between the state and federal courts in the construction of the damage provisions of the Unruh Act carry a significant penalty: if this Court wrongly predicts how the law will resolve, then the parties face re-litigating the issues. This peril has been long recognized by the United States Supreme Court, which has held that in circumstances such as these, it is proper for a federal court to decline supplemental jurisdiction.

This Court should also strip Plaintiff's Complaint of unsupported and improper damage prayers. While Plaintiff may seek to use the threat of these damages to attempt to extort a larger settlement, Defendants see through the merits of these hollow claims, thereby leaving the Parties at a settlement impasse.

Plaintiff's argument that this Motion is untimely is nothing more than a meritless red herring. This Motion was initially filed on September 28, 2007 - and re-filed immediately after it was determined which Court would hear this Action. This Court hearing this Motion only stands to avoid prejudice to the Parties - not create it. Not too mention, this motion is entirely briefed - what harm would it impose for this Court to determine key issues which will promote settlement and conserve resources? As such, this Court should grant Defendants' Motion.

## II. LEGAL ARGUMENT

A. **Because Of The Irreconcilable State And Federal Court Interpretations Of the Unruh Act, This Court Should Decline Supplemental Jurisdiction Over Plaintiff's State Law Claims**

If this Court permits plaintiff's state law damage claims to proceed, this court will be faced with predicting the final outcome of an unsettled area of state law. The consequence of a wrong prediction is the potential re-litigation of those claims for relief.

The state and federal courts currently have an irreconcilable difference in the interpretation of the Unruh Act damage provisions. In Gunther v. Lin, 144 Cal.App.4th 223 (4th Dist. 2006), the California Court of Appeal rejected the Ninth Circuit's holding in Lentini v. California Center for the Arts, Escondido, 370 F.3d 837, 847 (9th Cir. 2004), holding intentional

1  discrimination was required to obtain statutory damages under the California Unruh Civil Rights
2  Act. Id. at 228-229. The United States District Court for the Eastern District of California in
3  Wilson v. Haria and Gogri Corp., 2007 WL 851744 (ED Cal. 2007) rejected Gunther, finding
4  Lentini to be more persuasive, and awarded the plaintiff statutory damages in the absence of
5  intentional discrimination. Id. at 7-8. California Superior courts, however, are bound by Gunther.
6  See Auto Equity Sales v. Superior Court, 57 Cal.2d 450, 455 (1962).
7      In circumstances such as this, involving conflicting interpretations of state law, as a
8  matter of comity and to promote justice between the parties, federal courts should decline
9  supplemental jurisdiction. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726
10 (1966).

### 1. Plaintiff's Claim For Relief Under The Unruh Act Invokes The Differing Interpretations Of State Law Which Other Federal Courts Have Sought To Avoid

13     Plaintiff's Counsel's attempt to distinguish this Action as involving Title II and
14 Rehabilitation Act claims is irrelevant. Similar to those actions where federal courts dismissed state
15 law claims, this Action also includes a Title III ADA claim. See Complaint ¶¶ 34-47, p.15 line 13
16 through p.22 line 12. More importantly, this distinction is irrelevant, as what is at issue is Plaintiff's
17 claim for relief under the Unruh Act.
18     The substantive aspects of this Action are no different than those where the courts
19 have declined supplemental jurisdiction. This Action involves a claim for statutory damages under
20 the Unruh Act based on the alleged existence of disabled access barriers at a public facility. See
21 Complaint ¶¶ 81-84, p.34 line 11 through p.35 line 17. This is the heart of the dissention between
22 the state and federal Courts which has prompted countless federal courts to deny supplemental
23 jurisdiction. This Court should do the same.

### 2. Any Burden Created By Having A State Court Decide Plaintiff's Unruh Act Claims Is By Far Exceeded By The Risk Of The Parties Re-litigating Those Claims Should This Court Incorrectly Predict How The Law Will Resolve

27     With the state and federal courts' polar-opposite interpretations of the California
28 Unruh Civil Rights Act, this Court deciding such issues subjects the parties to potentially re-

litigating the matters if the Court wrongly predicts how the law will resolve. The Eastern District of California in Wilson v. Haria and Gogri Corp., 2007 WL 851744 (ED Cal. 2007) predicted the California Supreme Court will ultimately reverse or distinguish Gunther v. Lin, 144 Cal.App.4th 223 (4th Dist. 2006). A federal court, however, must apply state law, and such application is reviewed *de novo* by the Court of Appeals. See Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 416 (1996); Salve Regina College v. Russell, 499 U.S. 225, 231 (1991). Thus, if this Court wrongly predicts how the law will settle, the parties may be forced to re-litigate the issues. There is no need for this Court or the parties to unnecessarily expend such resources. This reasoning was recognized by the United States Supreme Court in United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Thus, the risk of the parties being forced to re-litigate issues if this Court wrongly predicts how the law will resolve is real. This risk, by far, eclipses any potential burden of having Plaintiff present its claims under California law to a California court.

### 3. This Court Should Decline Jurisdiction Over All Plaintiff's State Law Claims - Not Just Those Under The Unruh Act

All of Plaintiff's state law claims are inextricable intertwined. The basis for Plaintiff's claims under the California Health & Safety Code, the California Disabled Persons Act, the California Government Code, and the California Unruh Civil Rights Act is the same: *the alleged existence of disabled access barriers at the Premises.* See Complaint ¶¶ 48-61, p.22 line 13 through p.27 line 5; ¶¶ 48-61, 67-76, 77-80, p.22 line 13 through p.27 line 5, p.29 line 1 through p.32 line 28, p.33 line 2 through p.34 line 10; ¶¶ 62-66, 85-89, p.27 line 5 through p.28 line 26, p.35 line 17 through p.36 line 22; and ¶¶ 81-84, p.34 line 11 through p.35 line 17. A state court, by deciding Plaintiff's Unruh Act claims, will also be suited to adjudicate his other state law claims. This will address Plaintiff's Counsel's concerns for the efficient litigation of these claims, and also allow this Court to avoid the task of attempting to forecast how California law will resolve.

### B. This Court Should Strike Out Plaintiff's Unsupported And Improper Damage Prayers And Attorneys' Fee Request Which Stand Only To Impede Resolution Of This Action

A court has the discretion to strike out improper and unsupported damage prayers.

660663v1    - 4 -    CASE NO. C074087 JSW
REPLY MEMO OF POINTS AND AUTH.

See, e.g., Tapley v. Lockwood Green Engineers, Inc., 502 F.2d 559, 560 (8th Cir. 1974); F.D.I.C. v. Niblo, 821 F.Supp. 441 (N.D.Tex.1993). Such a challenge is expressly authorized, and therefore proper, at the pleading stage. Id. This is especially true in circumstances such as these, where the Plaintiff's inappropriate and unsupported damage prayers are an impediment to resolution and/or potential settlement of the action.

> 1. **Because Plaintiff Cannot Properly, In Good Faith, Plead Defendants Intentionally Discriminated Against Disabled Individuals, This Court Should Strike Out Plaintiff's Prayer For Damages Under Title II Of The ADA And Section 504 Of The Rehabilitation Act**

In order to plead a claim for monetary damages under Title II of the ADA and Section 504 of the Rehabilitation Act, Plaintiff must allege facts which if proven true would establish: 1) the defendant had knowledge that harm to a federally protected right is likely, and 2) failure to act on that likelihood. See, e.g., Lovell v. Chandler, 303 F.3d 1039, 1056 (9th Cir. 2002); Zukle v. Regents of the Univ. of California, 166 F.3d 1041, 1045 fn.11 (9th Cir. 1999). Plaintiff does not, and cannot, properly plead this.

Plaintiff's cryptic and intentionally vague allegations fail this standard. These allegations, even if established, would not establish liability. Plaintiff alleges that through un-specified "media" and un-named "governmental sources" that the "named governmental defendants" were made aware of the inaccessibility of their "facility." Complaint ¶ 27, p.12 line 15 through p.13, line 2. This does not connote the requisite knowledge. Base logic dictates that Defendants simply would not intentionally discriminate against disabled persons - thus, it should be of no surprise that Plaintiff cannot, in compliance with Federal Rule of Civil Procedure 11, appropriately make such an allegation.

Plaintiff's allegations, even if proven true, would not establish that Defendants' alleged omission was likely to harm the rights of a disabled individual. As such, Plaintiff has not, and simply cannot, properly allege facts entitling Plaintiff to damages under Title II of the ADA and/or Section 504 of the Rehabilitation Act. Accordingly, this Court should strike out such unsupported and improper damage prayers.

///

2. **Because This Case Is Primarily Directed At Plaintiff's (And His Attorney's) Personal Interests, And Not The Public Benefit, This Court Should Strike Plaintiff's Improper Prayer For Attorneys' Fees**

This Action primarily involves Plaintiff's own rights, **not** the public benefit. Pacific Legal Foundation v. California Coastal Comm'n, 33 Cal.3d 158, 167 (1982). Plaintiff's primary focus is his financial gain - which will go to him and his attorney alone. Ryan v. California Interscholastic Federation, 94 Cal.App.4th 1033 (2001).

Plaintiff seeks monetary damages under Title II of the ADA, Section 504 of the Rehabilitation Act, the California Disabled Persons Act, and the California Unruh Civil Rights Act. See Complaint ¶¶ 90-92, p.36 line 23 through p.37 line 15; Prayer for Relief p.37 line 16 through p.40 line 1. The attorneys' fees and litigation costs, statutory damages, actual damages, and treble damages will only go to Plaintiff - and will not benefit the public. The majority of this Action is directed at Plaintiff's personal recovery. The minor access barriers alleged by Plaintiff are eclipsed by the significant monetary prize he and his attorney are going after. Thus, this is not an action about public benefit.

Because Plaintiff's unsupported and improper attorneys' fees claim will do no more than impair the ability of the parties to meaningfully discuss settlement, this Court should strike out the same.

C. **This Motion Is Timely And Should Be Heard**

Plaintiff's argument that this motion is untimely rings hollow. This motion was initially filed on September 28, 2007. Thereafter, the Court and the parties examined whether this matter was related to the matter of *Kirola et al. v. City and County of San Francisco* (the "Kirola Action"), and whether this Action should proceed before the Honorable Elizabeth D. LaPorte, the Honorable Jeffery S. White, or the Honorable Saundra B. Armstrong (where the Kirola Action was pending). Following briefing and rulings on these issues, on December 4, 2007, the Clerk of the Court issued notice that Judge White determined that this Action was not related to the Kirola Action. Shortly thereafter, on December 12, 2007, Defendants *re-filed* this Motion.

This Motion is neither un-timely nor delayed. It was filed back in September, 2007, and re-filed following resolution of which Court would hear it. Plaintiff is in no way prejudiced by

the re-filing of this Motion. No litigation of this Action, other than determining what Court will decide it, has occurred. If anything, the potential peril of the Court not hearing this Motion (wrongly predicting of how state law will settle, thereby necessitating re-litigation of the Action), stands to prejudice Plaintiff (as well as Defendants) to a far greater extent. As such, this Court should hear and grant Defendants' Motion.

### D. The Core Substantive Defects In Plaintiff's Complaint Cannot Be Overcome By Amendment, And Therefore, Leave To Do The Same Should Not Be Granted

This Court should not grant Plaintiff leave to amend the defects in his Complaint. The fact that this Court should not decide unsettled issues of state law cannot be changed by the mere rephrasing of Plaintiff's allegations. Nor can Plaintiff, in good faith, properly allege that Defendants *intentionally* discriminated against disabled individuals. This Court need not, and should not, indulge Plaintiff leave to amend his Complaint to attempt to overcome core substantive defects.

### III. CONCLUSION

This Court should decline supplemental jurisdiction over Plaintiff's Unruh Act claims, as well as Plaintiff's other state law claims which are inextricably intertwined. California state and federal courts have irreconcilable interpretations of the Unruh Act damage provisions - this Court should not be held to attempt to predict how the law will settle. This Court should also strike Plaintiff's unsupported and improper damage prayers and attorneys' fees request, which stand to do no more than impede settlement. This Motion is neither premature nor untimely. As such, this Court should grant Defendants' Motion.

DATED: January 25, 2008

JEFFER, MANGELS, BUTLER & MARMARO LLP
MARTIN H. ORLICK
MATTHEW S. KENEFICK

By: /S/ Martin H. Orlick
MARTIN H. ORLICK
Attorneys for Defendant CITY AND COUNTY OF SAN FRANCISCO AND CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION

PROOF OF SERVICE  Case No. 07-cv-04087 JSW

STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: Two Embarcadero Center, 5th Floor, San Francisco, California 94111.

On January 25, 2008 I served the document(s) described as

1. **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR THE COURT TO DECLINE SUPPLEMENTAL JURISDICTION OVER AND TO DISMISS PLAINTIFF'S STATE LAW CLAIMS [28 U.S.C. § 1367(c)] AND TO STRIKE PLAINTIFF'S UNSUPPORTED AND IMPROPER DAMAGE PRAYERS FROM THE COMPLAINT [FRCP 12(f)];**

2. **DECLARATION OF MARTIN H. ORLICK IN SUPPORT OF REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR THE COURT TO DECLINE SUPPLEMENTAL JURISDICTION OVER AND TO DISMISS PLAINTIFF'S STATE LAW CLAIMS [28 U.S.C. § 1367(c)] AND TO STRIKE PLAINTIFF'S UNSUPPORTED AND IMPROPER DAMAGE PRAYERS FROM THE COMPLAINT [FRCP 12(f)];**

in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

Timothy S. Thimesch, Esq.
Gene A. Farber, Esq.
Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA  94597-3452

☒  (BY ELECTRONIC MAIL) via U.S. District Court, Northern Division, Case Management/Electronic Case Files, Filing System. I served a copy of the above-listed document(s) to the e-mail addresses of the addressee(s) by use as identified and maintained therein. I

☒  (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐  (BY FAX) At         , I transmitted, pursuant to Rule 2.306, the above-described document by facsimile machine (which complied with Rule 2003(3)), to the above-listed fax number(s). The transmission originated from facsimile phone number (415) 398-5584 and was reported as complete and without error. The facsimile machine properly issued a transmission report, a copy of which is attached hereto.

☐  (BY OVERNIGHT DELIVERY) I caused said envelope(s) to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressee(s).

640822v1

Executed on January 25, 2008 at San Francisco, California.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Angela Pereira

2

640822v1