1  JEFFER, MANGELS, BUTLER & MARMARO LLP
   MARTIN H. ORLICK (Bar No. 083908) mho@jmbm.com
2  MATTHEW S. KENEFICK (Bar No. 227298) msk@jmbm.com
   Two Embarcadero Center, Fifth Floor
3  San Francisco, California  94111-3824
   Telephone:    (415) 398-8080
4  Facsimile:    (415) 398-5584

5  Attorney for Defendants CITY AND COUNTY OF
   SAN FRANCISCO and CITY OF SAN FRANCISCO
6  UPTOWN PARKING CORPORATION

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                         SAN FRANCISCO DIVISION

11 | CRAIG YATES,                          | CASE NO.   C074087 JSW
12 |        Plaintiff,                     | **DECLARATION OF MARTIN H. ORLICK, ESQ. IN SUPPORT OF REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR THE COURT TO DECLINE SUPPLEMENTAL JURISDICTION OVER AND TO DISMISS PLAINTIFF'S STATE LAW CLAIMS [28 U.S.C. § 1367(c)] AND TO STRIKE PLAINTIFF'S UNSUPPORTED AND IMPROPER DAMAGE PRAYERS FROM THE COMPLAINT [FRCP 12(f)]**
13 |    v.                                 |
14 | UNION SQUARE; CITY AND COUNTY OF SAN FRANCISCO, CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION; EMPORIO RULLI IL CAFFE UNION SQ.; EMPORIO RULLI IL CAFFE UNION SQ., INC.; and DOES 1 through 50, Inclusive, |
18 |        Defendants.                    |

**Accompanying papers**: Reply Memorandum of Points and Authorities

Date: February 8, 2008
Time: 9:00 a.m.
Place: Courtroom 2, 17th Floor
Judge: Hon. Jeffrey S White

Trial Date:       None Set
Complaint Filed:  August 9, 2007

26  ///
27  ///
28  ///

I Martin H. Orlick declare:

1. I am a member of the law firm of Jeffer, Mangels, Butler & Marmaro LLP and am duly licensed to practice before this Court. I make this Declaration based on personal, first hand knowledge, and if called to testify as a witness as to any of the matters contained herein, I am competent to and would do so.

2. In an effort to convince the Court that this Motion is untimely, plaintiff's declaration presents an incomplete, distorted, and self-serving history of the pending Motion to Dismiss and Motion to Strike (the "Motion") and the discussions between counsel. It is not!

3. On two occasions, I spoke with plaintiff's counsel, Timothy Thimesch, Esq., concerning this Motion and informed him that defendants considered the state law claims to be improper for disposition in this Court. Based on the well recognized principle of "comity", I explained to him in detail that in light of Lentini v California Center for the Arts, 370 F.3d 837 (9th Cir. 2004) and the state appellate decision, Gunther v. Lin, 144 Cal.App.4th 223(2006), there is a conflict between the state and federal courts on whether a plaintiff must allege and prove intentional discrimination to recover $4,000 per occurrence minimum statutory damages under the Unruh Civil Rights Act, Civil Code Section 52. I specifically cited plaintiff's counsel to the cases which uphold the comity principle. I also specifically identified four (4) Orders from the United States District Court for the Southern District of California in which my clients prevailed on similar motions.

4. On two occasions prior to filing the instant Motion, I specifically asked plaintiff's counsel to stipulate to dismissing the state law damage claims without prejudice and noted that plaintiff's counsel could refile the state law claims in Superior Court if he so desired. Plaintiff's counsel refused. Rather, he initially contended that the Motion had no merit and later argued that the Motion was untimely. Plaintiff's counsel asked why the Motion was not filed earlier. I recited the history of the Motion.

5. I explained that plaintiff's counsel refused to extend a basic courtesy of a two week extension of time for defendants to respond to the Complaint while Declarant cleared conflicts with the City and County of San Francisco. As a result, on August 30, 2007, it was necessary for defendants to file a Motion for Extension of Time to Respond. Defendants filed their original

PRINTED ON
RECYCLED PAPER

658849v1                                - 2 -    CASE NO. C07-4087 JSW
                                                 DECLARATION OF MARTIN H. ORLICK

1  Motion to Dismiss on September 28, 2007, (21) twenty-one days after the Court granted defendants'
2  Motion for an Extension of Time to Respond to September 28, 2007. The Court issued an Order for
3  parties to Consent or Decline Jurisdiction of United States Magistrate Judge Elizaberth LaPorte. On
4  October 8, 2007, defendants challenged the jurisdiction of Magistrate Judge LaPorte to preside over
5  the action, and on October 10, 2007, an Order reassigning the case to Judge Jeffrey S. White was
6  issued by the Court. At that time this Court vacated the hearing date for defendants' Motion. I told
7  plaintiff's counsel that defendants would renotice the Motion. On October 18, 2007, defendants
8  filed a Notice of Related Cases to consolidate the instant case with <u>Kirola vs. The City and County
9  of San Francisco</u>, USDC Northern District of California Case No. C07-3685, before Judge Saundra
10 B. Armstrong, an action which seeks injunctive relief to remove access barriers in all public parks
11 located in the City and County of San Francisco, including Union Square.

12    6.    On November 8, 2007, Judge Armstrong issued an Order stating that the cases were
13 not related and therefore the case was not reassigned to Judge Armstrong.

14    7.    On December 4, 2007, Judge White also determined that the cases were not related
15 and that no reassignment would occur.

16    8.    On December 12, 2007, defendants refiled their Motion before Judge Jeffrey S.
17 White.

18    9.    Plaintiff's counsel took the position that the Motion had to be filed at the first
19 opportunity, (which it was), and insisted that defendants' Motion was untimely.

20    10.   Plaintiff's counsel turned a deaf ear and refused to consider defendants' position.
21 Instead, plaintiff's counsel kept repeating that the Motion was untimely. Plaintiff's counsel for
22 failed to offer any authority to support his position. This latter conversation was followed by
23 plaintiff's counsel's self-serving emails accusing Declarant of refusing to meet and confer to avoid
24 the Motion. Counsel's self-serving emails tell an incomplete and inaccurate version of the events
25 surrounding this Motion.
26 ///
27 ///
28 ///

1 | I declare under penalty of perjury under the laws of the State of California that the foregoing
2 | is true and correct.

3 | DATED: January 25, 2008        JEFFER, MANGELS, BUTLER & MARMARO LLP
                                    MARTIN H. ORLICK
4 |                                 MATTHEW S. KENEFICK

6 |                                 By: /s/Martin H. Orlick
                                        MARTIN H. ORLICK
7 |                                 Attorneys for Defendants CITY AND COUNTY OF
                                    SAN FRANCISCO and CITY OF SAN FRANCISCO
8 |                                 UPTOWN PARKING CORPORATION