IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG YATES,<br><br>    Plaintiff,<br><br>  v.<br><br>UNION SQUARE; CITY AND COUNTY OF SAN FRANCISCO; CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION; EMPORIO RULLI IL CAFFE UNION SQ.; EMPORIO RULLI IL CAFFE UNION SQ., INC.; and DOES 1 through 50, inclusive,<br><br>    Defendants.<br>_____/ | No. C 07-04087 JSW<br><br>**ORDER GRANTING MOTION TO DECLINE SUPPLEMENTAL JURISDICTION AND TO DISMISS STATE LAW CLAIMS AND DENYING PART AND GRANTING IN PART MOTION TO STRIKE PLAINTIFF'S DAMAGES PRAYERS** |

    Now before the Court is the motion filed by Defendants City and County of San Francisco ("CCSF") and City of San Francisco Uptown Parking Corporation ("Uptown") (collectively "Moving Defendants") for the Court to decline supplemental jurisdiction over and to dismiss Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c) and to strike Plaintiff's improper damages prayers from the complaint. The Court finds that this matter is appropriate for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for February 8, 2008 is HEREBY VACATED. Having considered the parties' pleadings and the relevant legal authority, the Court HEREBY GRANTS the motion to dismiss the state law claims and DENIES IN PART and GRANTS IN PART the motion to strike portions of the damage prayers.

**BACKGROUND**

According to the Complaint, Plaintiff Craig Yates, is a person with physical disabilities and utilizes a wheelchair for mobility. (Compl., ¶ 1.) He files this lawsuit on behalf of himself and other, similarly situated persons with disabilities, against the operators and owners of the City's newly renovated Union Square. Plaintiff alleges that he has been discriminated against on the basis of his disability as the result of architectural access barriers such as failure to provide a safe and accessible path of travel from the southern boundary to the square; failure to provide safe and accessible high-top van parking facilities fully complying with the requirements of the code; failure to provide an accessible and safe path of travel for use by persons with disabilities from the public parking area to the square, including accessible ramp facilities; failure to provide open and accessible ticket payment facilities; failure to provide accessible service and condiment counter; and failure to modify, draft or implement policies, practices and procedures, and to provide adequate training and information to staff, so as to maintain accessible parking facilities and their availability, or otherwise provide access through reasonable alternative accommodations and methods. (*Id.*, ¶ 13.)

Plaintiff alleges that Moving Defendants have intentionally maintained the subject property in its current non-compliant condition, and has intentionally refrained from altering the subject property so that it complies with accessibility standards. (*Id.*, ¶¶ 15, 27.) Plaintiff states ten causes of action for relief for various violations of the Americans with Disabilities Act of 1990 ("ADA"), violation of Section 504 of the Rehabilitation Act of 1973, denial of full and equal access in violation of California Heath & Safety Code sections 19955, *et seq.*, violation of California Government Code sections 4450, *et seq.*, violation of California Civil Code sections 55, 54.1 and 55, violation of the Unruh Civil Rights Act section 51(f), violation of California Government Code section 11135 and a cause of action for declaratory relief.

Moving Defendants bring a motion for the Court to decline supplemental jurisdiction over and to dismiss Plaintiff's state law claims as well as a motion to strike certain damage prayers from the complaint.

2

## ANALYSIS

**A.      Motion for Court to Decline Supplemental Jurisdiction Over State Law Claims.**

Plaintiff's state law claims are so related to the ADA claims that the Court finds that they form a part of the same case or controversy. Therefore, the Court can properly exercise supplemental jurisdiction under 28 U.S.C. § 1367(a). However, once the Court acquires supplemental jurisdiction over state law claims, section 1367(c) provides the only valid bases upon which it may, in its discretion, decline to exercise it. *Executive Software N. Am., Inc. v. Jensen*, 24 F.3d 1545, 1551 (9th Cir. 1994). Section 1367(c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
> (1) the claim raises a novel or complex issue of State law,
> (2) the claims substantially predominates over the claims or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Moving Defendants request that the Court decline supplemental jurisdiction over the California state law claims by arguing that California law regarding damages permissible under the Unruh Act is unsettled because of a conflict between the California Court of Appeal decision in *Gunther v. Lin*, 144 Cal. App. 4th 223, 231-32 (2006), and the Ninth Circuit's holding in *Lentini v. Cal. Center for the Arts*, 370 F.3d 837, 846-47 (9th Cir. 2004).

Under Title III of the ADA, plaintiffs need not establish discriminatory intent to obtain injunctive relief. Pursuant to California Civil Code section 51(f), a violation of the ADA automatically qualifies as a violation of the Unruh Act. As a result, in *Lentini*, the Ninth Circuit held that plaintiffs also need not prove discriminatory intent to obtain damages under the California Unruh Act. *Lentini*, 370 F.3d at 846-47. California courts, however, have held that the Unruh Act does requires proof of intentional discrimination before a plaintiff may recover damages. *See Harris v. Capital Growth Investors XIV*, 52 Cal. 3d 1142, 1175 (1991).

In *Gunther*, the California Court of Appeal expressly rejected the Ninth Circuit's decision in *Lentini* and determined that damages for Unruh Act violations under California Civil Code section 52 are not available without proof of intent. *Gunther*, 144 Cal. App. 4th at 232.

Faced with this conflicting authority, the majority of district courts in California have concluded that it is appropriate to decline to exercise supplemental jurisdiction. *See Wilson v. Haria and Gogri Corp.*, 479 F. Supp. 2d 1127, 1135-141 (E.D. Cal. 2007); *Wilson v. PFS, LLC*, 493 F. Supp. 2d 1122, 1126 (S.D. Cal. 2007); *Simonelli v. University of California-Berkeley*, 2007 WL 4165958, *3 (N.D. Cal. Nov. 7, 2007); *Oliver v. GMRI, Inc.*, 2007 WL 41449955, *3 (S.D. Cal. Nov. 19, 2007); *Morgan v. American Stores Co.*, 2007 WL 1971945, *3 (S. D. Cal. June 29, 2007); *Pinnock v. Java Depot, Inc.*, 2007 WL 2462106, *5 (S.D. Cal. Aug. 28, 2007); *Pinnock v. Safino Designs, Inc.*, 2007 WL 2462107, *5 (S.D. Cal. Aug. 28, 2007); *Cross v. Pac. Coast Plaza Invs, L.P.*, 2007 WL 951772, *6 (S.D. Cal. Mar. 6, 2007); *Feezor v. Tesstab Operations Group,* Inc., 2007 WL 4410262, *3 (S.D. Cal. Dec. 17, 2007); *but see Johnson v. Barlow*, 2007 WL 1723617, *3 (E.D. Cal. June 11, 2007) (finding that court is bound by Ninth Circuit and retaining supplemental jurisdiction); *Pinnock v. Solana Beach Do It Yourself Dog Wash, Inc.*, 2007 WL 1989635, *3 (S.D. Cal. July 3, 2007) (exercising supplemental jurisdiction at an early stage in litigation and preserving defendants' rights to renew motion once ADA claim is resolved).

This Court finds the reasoning of the majority of judges in the California district courts to be persuasive. It is for the state courts, not the federal courts, to determine the proper interpretation of the Unruh Act and its effect on Plaintiff's state law claims. If this Court maintains jurisdiction over Plaintiff's state law claims, the Court will be bound by *Lentini* to allow Plaintiff to recover damages under the Unruh Act without any showing of intentional discrimination. However, if Plaintiff had filed this case in state court, the state court would be bound by *Gunther* to deny relief unless Plaintiff established intent.

Although in this case, Plaintiff has alleged intent, the Court would ultimately have to resolve a novel and complex issue of state law, that is, whether Plaintiff would need to prove intentional discrimination in order to recover under the Unruh Act. Although it would be more convenient for this lawsuit to be adjudicated in one action, the novelty and complexity of the state law issues weighs in favor of dismissing them to allow California state courts to resolve the issue. "Needless decisions of state law should be avoided as a matter of comity." *United*

4

1  *Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Therefore, this Court declines to exercise
2  supplemental jurisdiction over the Unruh Act claims. In addition, because Plaintiff's remaining
3  state law claims are intertwined with the Unruh Act claims, the Court also finds it appropriate to
4  dismiss those claims to permit the state court to adjudicate all state law claims together.
5  Plaintiff's state law claims are dismissed without prejudice to being re-filed in state court.

**B.     Motion to Strike Improper Damage Prayers from Complaint.**

Federal Rule of Civil Procedure 12(f) provides that a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *California Dept. of Toxic Substances Control v. ALCO Pacific, Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations omitted). Impertinent material "consists of statements that do not pertain, or are not necessary to the issues in question." *Id.* Motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. *Colaprico v. Sun Microsystems Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw unwarranted inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike. *Cal. Dept. of Toxic Substances Control*, 217 F. Supp. at 1028.

Moving Defendants contend that Plaintiff has failed properly to allege intentional discrimination and is therefore not entitled to seek damages under Title II of the ADA or Section 504 of the Rehabilitation Act. *See Lovell v. Chandler*, 303 F.3d 1039, 1056 (9th Cir. 2002) (holding that, at trial, Plaintiff must establish facts demonstrating "deliberate indifference" which requires that a plaintiff demonstrate that defendant had knowledge that harm to a federally protected right in likely and the defendant's failure to act on that likelihood); *see also Zukle v. Regents of the Univ. of California*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) (holding that same standard applies to Section 504 claims). The Court finds that, at this procedural stage, Plaintiff makes out sufficient allegations of intentional discrimination.

5

(*See* Compl., ¶¶ 15, 27.) Therefore, Moving Defendants' motion to strike the prayer for damages for violations of Title II of the ADA and Section 504 of the Rehabilitation Act is DENIED.

Next, Moving Defendants contends that the Court should strike Plaintiff's request for attorneys' fees and litigation costs under California Code of Civil Procedure § 1021.5. The California Code of Civil Procedure § 1021.5 permits an award of attorney fees to a prevailing party in an action under California state law when "the litigation enforced an important right affecting the public interest, ... a significant benefit was conferred on a large class of persons, and ... the necessity and financial burden are such that an award of attorney's fees is appropriate." *In re County of Monterey Initiative Matter*, 2007 WL 3342796, *3 (N.D. Cal. Nov. 9, 2007) (citing *Keith v. Volpe,* 858 F.2d 467, 486 (9th Cir. 1988)). Because the Court has dismissed the state causes of action, the Court may not grant an award of attorneys' fees under the California provision. Therefore, Moving Defendants' motion to strike the request for attorneys' fees and litigation costs under California Code of Civil Procedure § 1021.5 is GRANTED.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Moving Defendants' motion for the Court to decline supplemental jurisdiction over the state law claims and DENIES IN PART and GRANTS IN PART Moving Defendants' motion to strike. Plaintiff shall have until February 29, 2008 to file an amended complaint in compliance with this order. Failure to amend shall result in the operative complaint being the one on file, subject to the Court's order.

**IT IS SO ORDERED.**

Dated: February 7, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

6