1  JEFFER, MANGELS, BUTLER & MARMARO LLP
   MARTIN H. ORLICK (Bar No. 083908), MHO@jmbm.com
2  MATTHEW S. KENEFICK (Bar No. 227298), MSK@jmbm.com
   Two Embarcadero Center, Fifth Floor
3  San Francisco, California  94111-3824
   Telephone:    (415) 398-8080
4  Facsimile:     (415) 398-5584

5  DENNIS J. HERRERA, ESQ., (SBN 139669)
   DANNY CHOU, ESQ. (SBN 180240) danny.chou@sfgov.org
6  JAMES M. EMERY, ESQ. (SBN 153630) jim.emery@sfgov.org
   ELAINE M. O'NEIL, ESQ. (SBN 142234) elaine.o'neil@sfgov.org
7  Fox Plaza, 1390 Market St., Sixth Floor
   San Francisco, CA 94102
8  Telephone:    (415) 554-4261
   Facsimile:     (415) 554-3985

9
   Attorneys for Defendants CITY AND COUNTY OF SAN
10 FRANCISCO and CITY OF SAN FRANCISCO UPTOWN
   PARKING CORPORATION
11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14                        SAN FRANCISCO DIVISION

15  CRAIG YATES,                          CASE NO.    C074087 JSW

16            Plaintiff,                  **ANSWER OF CITY AND COUNTY OF SAN
                                          FRANCISCO AND CITY OF SAN
17        v.                              FRANCISCO UPTOWN PARKING
                                          CORPORATION TO COMPLAINT FOR
18  UNION SQUARE; CITY AND COUNTY OF      INJUNCTIVE & DECLARATORY RELIEF
    SAN FRANCISCO, CITY OF SAN            AND DAMAGES: DENIAL OF CIVIL
19  FRANCISCO UPTOWN PARKING              RIGHTS OF A DISABLED PERSON IN
    CORPORATION; EMPORIO RULLI IL         VIOLATION OF THE AMERICANS WITH
20  CAFFE UNION SQ.; EMPORIO RULLI IL     DISABILITIES ACT OF 1990, SECTION 504
    CAFFE UNION SQ., INC.; and DOES 1     OF THE REHABILITATION ACT OF 1973,
21  through 50, Inclusive,                AND CALIFORNIA'S DISABLED RIGHTS
                                          STATUTES**
22            Defendants.

23

24

25
                                          Complaint filed:    August 9, 2007
26                                        Trial date:          none set

27

28

PRINTED ON
RECYCLED PAPER

725096v1                    -1-        C074087 JSW
                                       ANSWER TO COMPLAINT

1    Defendants City and County of San Francisco and City of San Francisco Uptown

2  Parking Corporation (collectively, "**Defendants**") hereby respond to the Complaint for Injunctive &

3  Declaratory Relief and Damages: Denial of Civil Rights of a Disabled Person in Violation of the

4  Americans with Disabilities Act of 1990, Section 504 of the Rehabilitation Act of 1973, and

5  California's Disabled Rights Statutes of Plaintiff Craig Yates ("**Plaintiff**") (the "**Complaint**") and

6  answer, allege and aver as follows.  Defendants reserve the right to amend, add, or strike affirmative

7  defenses as discovery ensues or excluded as the result of inadvertence.

8  **INTRODUCTION**

9    1.    In answer to paragraph 1 of the Complaint, Defendants lack knowledge and

10  information sufficient to enable Defendants to form a belief as to the truth of the allegations in said

11  paragraph and therefore deny the allegations contained therein on that ground.

12    2.    In answer to paragraph 2 of the Complaint, Defendants admit only that Plaintiff

13  seeks the relief set forth therein.  Defendants deny each and every remaining allegation of said

14  paragraph and Defendants deny that they have acted unlawfully or have discriminated against

15  Plaintiff, or any similarly situated persons.

16  **JURISDICTION AND VENUE**

17    3.    In answer to paragraph 3 of the Complaint, Defendants admit the allegations

18  contained therein.  Defendants assert that as a matter of comity and to promote justice, this Court

19  should decline supplemental jurisdiction over Plaintiff's state law claims.

20    4.    In answer to paragraph 4 of the Complaint, Defendants admit the allegations

21  contained therein.

22    5.    In answer to paragraph 5 of the Complaint, Defendants admit the allegations

23  contained therein.

24    6.    In answer to paragraph 6 of the Complaint, Defendants lack knowledge and

25  information sufficient to enable Defendants to form a belief as to the truth of the allegations in said

26  paragraph and therefore deny the allegations contained therein on that ground.

27    7.    In answer to paragraph 7 of the Complaint, Defendants deny the allegations

28  contained therein.  Defendants deny they have acted unlawfully or have discriminated against

JMBM  Jeffer Mangels
Butler & Marmaro LLP

1    Plaintiff, or any similarly situated persons.

2    **PARTIES**

3        8.    In answer to paragraph 8 of the Complaint, Defendants lack knowledge and

4    information sufficient to enable Defendants to form a belief as to the truth of the allegations in said

5    paragraph and therefore deny the allegations contained therein on that ground.

6        9.    In answer to paragraph 9 of the Complaint, the allegations as contained therein are so

7    vague, ambiguous and uncertain Defendants cannot determine how to respond to this allegation.

8    Moreover, Defendants state the averments are conclusions of law, which require no responsive

9    pleading under the Federal Rules of Civil Procedure.  Defendants deny each and every remaining

10    allegation of said paragraph and Defendants deny that they have acted unlawfully or have

11    discriminated against Plaintiff, or any similarly situated persons

12        10.    In answer to paragraph 10 of the Complaint, Defendants lack knowledge and

13    information sufficient to enable Defendants to form a belief as to the truth of the allegations in said

14    paragraph and therefore deny the allegations contained therein on that ground.  Defendants deny

15    they have acted unlawfully or have discriminated against Plaintiff, or any similarly situated persons.

16    **FACTUAL ALLEGATIONS**

17        11.    In answer to paragraph 11 of the Complaint, Defendants admit only that municipal

18    funds may have been used for construction, repair, maintenance, or remediation of certain portions

19    Union Square premises.  Defendants further assert that the remaining portions of paragraph 11,

20    which pertain to Plaintiff's state law claims, are inapplicable and do not require a reply pursuant to

21    that certain February 7, 2008 Order Granting Motion to Decline Supplemental Jurisdiction and to

22    Dismiss State Law Claims and Denying Part and Granting in Part Motion to Strike Plaintiff's

23    Damage Prayers (the "**Order**"), and therefore deny the allegations contained therein on that ground.

24        12.    In answer to paragraph 12 of the Complaint, Defendants admit only that certain

25    portions of the Union Square facility constitute places of public accommodation.  Defendants

26    further assert that the portions of paragraph 12 pertaining to Plaintiff's state law claims are

27    inapplicable and do not require a reply pursuant to the Order, and therefore deny the allegations

28    contained therein on that ground.

JMBM  Jeffer Mangels  Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

725096v1

- 3 -

C074087 JSW
ANSWER TO COMPLAINT

13.    In answer to paragraph 13 of the Complaint, Defendants admit only that Plaintiff seeks the relief set forth therein.  Defendants deny each and every remaining allegation of said paragraph and Defendants deny that they have acted unlawfully or have discriminated against Plaintiff, or any similarly situated persons.  Defendants further assert that the portions of paragraph 13 pertaining to Plaintiff's state law and damage claims are inapplicable and do not require a reply pursuant to the Order, and therefore deny the allegations contained therein on that ground.

14.    In answer to paragraph 14 of the Complaint, Defendants deny the allegations contained therein.  Defendants deny that they have acted unlawfully or have discriminated against Plaintiff, or any similarly situated persons.

15.    In answer to paragraph 15 of the Complaint, Defendants deny the allegations contained therein.  Defendants deny that they have acted unlawfully or have discriminated against Plaintiff, or any similarly situated persons.

16.    In answer to paragraph 16 of the Complaint, Defendants deny the allegations contained therein.  Defendants further assert that the portions of paragraph 16 pertaining to Plaintiff's state law claims are inapplicable and do not require a reply pursuant to the Order.

17.    In answer to paragraph 17 of the Complaint, Defendants deny the allegations contained therein.  Defendants deny that they have acted unlawfully or have discriminated against Plaintiff, or any similarly situated persons.

18.    In answer to paragraph 18 of the Complaint, Defendants deny the allegations contained therein.  Defendants deny that they have acted unlawfully or have discriminated against Plaintiff, or any similarly situated persons.

19.    In answer to paragraph 19 of the Complaint, Defendants deny the allegations contained therein.  Defendants deny that they have acted unlawfully or have discriminated against Plaintiff, or any similarly situated persons.

**FIRST CAUSE OF ACTION:**
**DISCRIMINATION IN VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (Against Defendants UNION SQUARE; CITY AND COUNTY OF SAN FRANCISCO; CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION; and DOES 1 through 50, Inclusive)**

20.    In answer to paragraph 20 of the Complaint, Defendants hereby incorporate by

PRINTED ON
RECYCLED PAPER

JMBM    Jeffer Mangels
Butler & Marmaro LLP

1 reference each admission, denial, and each denial on information and belief, as well as all

2 explanations regarding those allegations, made in response to paragraphs 1 through 19, inclusive, as

3 though fully set forth herein.

4      21.    In answer to paragraph 21 of the Complaint, Defendants state the averments are

5 conclusions of law, which require no responsive pleading under the Federal Rules of Civil

6 Procedure. As to the remaining portions of paragraph 21 of the Complaint, Defendants lack

7 knowledge and information sufficient to enable Defendants to form a belief as to the truth of the

8 allegations in said paragraph and therefore deny the allegations contained therein on that ground.

9 Defendants deny they have acted unlawfully or have discriminated against Plaintiff, or any similarly

10 situated persons.

11      22.    In answer to paragraph 22 of the Complaint, Defendants state the averments are

12 conclusions of law, which require no responsive pleading under the Federal Rules of Civil

13 Procedure. Defendants deny each and every remaining allegation of said paragraph and Defendants

14 deny that they have acted unlawfully or have discriminated against Plaintiff, or any similarly

15 situated persons.

16      23.    In answer to paragraph 23 of the Complaint, Defendants deny the allegations

17 contained therein. Defendants deny they have acted unlawfully or have discriminated against

18 Plaintiff, or any similarly situated persons.

19      24.    In answer to paragraph 24 of the Complaint, Defendants deny the allegations

20 contained therein. Defendants deny they have acted unlawfully or have discriminated against

21 Plaintiff, or any similarly situated persons.

22      25.    In answer to paragraph 25 of the Complaint, Defendants deny the allegations

23 contained therein. Defendants deny they have acted unlawfully or have discriminated against

24 Plaintiff, or any similarly situated persons.

25      26.    In answer to paragraph 26 of the Complaint, Defendants assert that the portions of

26 paragraph 26 pertaining to Plaintiff's state law and damage claims are inapplicable and do not

27 require a reply pursuant to the Order. Defendants admit only that Plaintiff seeks the relief set forth

28 therein. Defendants deny the remaining allegations contained in said paragraph and deny they have

JMBM Jeffer Mangels Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

1   acted unlawfully or have discriminated against Plaintiff, or any similarly situated persons.

2       27.     In answer to paragraph 27 of the Complaint, Defendants deny the allegations

3   contained therein.  Defendants deny they have acted unlawfully or have discriminated against

4   Plaintiff, or any similarly situated persons.

5       28.     In answer to paragraph 28 of the Complaint, Defendants admit only that Plaintiff

6   seeks the relief set forth therein.  Defendants deny each and every remaining allegation of said

7   paragraph and Defendants deny that they have acted unlawfully or have discriminated against

8   Plaintiff, or any similarly situated persons.

9                       **SECOND CAUSE OF ACTION:**
                **VIOLATION OF § 504 OF THE REHABILITATION ACT OF 1973**
10      **(Against Defendants UNION SQUARE; CITY AND COUNTY OF SAN FRANCISCO;**
                **CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION;**
11                          **and DOES 1 through 50, Inclusive)**

12      29.     In answer to paragraph 29 of the Complaint, Defendants hereby incorporate by

13  reference each admission, denial, and each denial on information and belief, as well as all

14  explanations regarding those allegations, made in response to paragraphs 1 through 28, inclusive, as

15  though fully set forth herein.

16      30.     In answer to paragraph 30 of the Complaint, Defendants deny the allegations

17  contained therein.

18      31.     In answer to paragraph 31 of the Complaint, Defendants deny the allegations

19  contained therein.  Defendants deny they have acted unlawfully or have discriminated against

20  Plaintiff, or any similarly situated persons.

21      32.     In answer to paragraph 32 of the Complaint, Defendants admit only that Plaintiff

22  seeks the relief set forth therein.  Defendants deny each and every remaining allegation of said

23  paragraph and Defendants deny that they have acted unlawfully or have discriminated against

24  Plaintiff, or any similarly situated persons.

25      33.     In answer to paragraph 33 of the Complaint, Defendants deny the allegations

26  contained therein.  Defendants deny they have acted unlawfully or have discriminated against

27  Plaintiff, or any similarly situated persons.

28  ///

JMBM   Jeffer Mangels
       Butler & Marmaro LLP

1

**THIRD CAUSE OF ACTION:**
**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
2                                    **42 USC §§ 12101ff**

3        34.    In answer to paragraph 34 of the Complaint, Defendants hereby incorporate by

4    reference each admission, denial, and each denial on information and belief, as well as all

5    explanations regarding those allegations, made in response to paragraphs 1 through 33, inclusive, as

6    though fully set forth herein.

7        35.    In answer to paragraph 35 of the Complaint, to the extent that such paragraph

8    requires a response, Defendants deny the allegations contained therein and deny they have acted

9    unlawfully or have discriminated against Plaintiff, or any similarly situated persons.

10       36.    In answer to paragraph 36 of the Complaint, Defendants state the averments are

11   conclusions of law, which require no responsive pleading under the Federal Rules of Civil

12   Procedure.  Defendants deny they have acted unlawfully or have discriminated against Plaintiff, or

13   any similarly situated persons.

14       37.    In answer to paragraph 37 of the Complaint, Defendants state the averments are

15   conclusions of law, which require no responsive pleading under the Federal Rules of Civil

16   Procedure.  Defendants deny they have acted unlawfully or have discriminated against Plaintiff, or

17   any similarly situated persons.

18       38.    In answer to paragraph 38 of the Complaint, Defendants state the averments are

19   conclusions of law, which require no responsive pleading under the Federal Rules of Civil

20   Procedure.  Defendants deny they have acted unlawfully or have discriminated against Plaintiff, or

21   any similarly situated persons.

22       39.    In answer to paragraph 39 of the Complaint, Defendants state the averments are

23   conclusions of law, which require no responsive pleading under the Federal Rules of Civil

24   Procedure.  Defendants deny they have acted unlawfully or have discriminated against Plaintiff, or

25   any similarly situated persons.

26       40.    In answer to paragraph 40 of the Complaint, Defendants state the averments are

27   conclusions of law, which require no responsive pleading under the Federal Rules of Civil

28   Procedure.  Defendants deny they have acted unlawfully or have discriminated against Plaintiff, or

JMBM  Jeffer Mangels Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

725096v1                                      - 7 -       C074087 JSW

1    any similarly situated persons.

2        41.    In answer to paragraph 41 of the Complaint, Defendants state the averments are

3    conclusions of law, which require no responsive pleading under the Federal Rules of Civil

4    Procedure.  Defendants deny they have acted unlawfully or have discriminated against Plaintiff, or

5    any similarly situated persons.

6        42.    In answer to paragraph 42 of the Complaint, Defendants deny the allegations

7    contained therein.  Defendants deny they have acted unlawfully or have discriminated against

8    Plaintiff, or any similarly situated persons.

9        43.    In answer to paragraph 43 of the Complaint, Defendants deny the allegations

10   contained therein.  Defendants deny they have acted unlawfully or have discriminated against

11   Plaintiff, or any similarly situated persons.

12       44.    In answer to paragraph 44 of the Complaint, Defendants deny the allegations

13   contained therein.  Defendants deny they have acted unlawfully or have discriminated against

14   Plaintiff, or any similarly situated persons.

15       45.    In answer to paragraph 45 of the Complaint, Defendants state the averments are

16   conclusions of law, which require no responsive pleading under the Federal Rules of Civil

17   Procedure.  Defendants admit only that certain portions of the Union Square facility constitute

18   places of public accommodation.  Defendants deny the remaining allegations contained in said

19   paragraph and deny that Defendants have acted unlawfully or have discriminated against Plaintiff,

20   or any similarly situated persons.

21       46.    In answer to paragraph 46 of the Complaint, Defendants deny the allegations

22   contained in said paragraph and deny that Defendants have acted unlawfully or have discriminated

23   against Plaintiff, or any similarly situated persons.

24       47.    In answer to paragraph 47 of the Complaint, Defendants admit only that Plaintiff

25   seeks the relief set forth therein.  Defendants deny each and every remaining allegation of said

26   paragraph and Defendants deny that they have acted unlawfully or have discriminated against

27   Plaintiff, or any similarly situated persons.

28   ///

JMBM    Jeffer Mangels
Butler & Marmaro LLP

**FOURTH CAUSE OF ACTION:**
**DENIAL OF FULL AND EQUAL ACCESS TO A PERSON WITH**
**A DISABILITY IN A PUBLIC FACILITY,**
**IN VIOLATION OF CALIFORNIA'S DISABLED ACCESS STATUTES**

48.    In answer to paragraph 48 of the Complaint, Defendants hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to paragraphs 1 through 47, inclusive, as though fully set forth herein.

49.    In answer to paragraph 49 of the Complaint, the allegations contained therein are inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the allegations contained therein on that ground.

50.    In answer to paragraph 50 of the Complaint, the allegations contained therein are inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the allegations contained therein on that ground.

51.    In answer to paragraph 51 of the Complaint, the allegations contained therein are inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the allegations contained therein on that ground.

52.    In answer to paragraph 52 of the Complaint, the allegations contained therein are inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the allegations contained therein on that ground.

53.    In answer to paragraph 53 of the Complaint, the allegations contained therein are inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the allegations contained therein on that ground.

54.    In answer to paragraph 54 of the Complaint, the allegations contained therein are inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the allegations contained therein on that ground.

55.    In answer to paragraph 55 of the Complaint, the allegations contained therein are inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the allegations contained therein on that ground.

PRINTED ON
RECYCLED PAPER

725096v1

C074087 JSW
ANSWER TO COMPLAINT

JMBM
Jeffer Mangels
Butler & Marmaro LLP

56.    In answer to paragraph 56 of the Complaint, the allegations contained therein are inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the allegations contained therein on that ground.

57.    In answer to paragraph 57 of the Complaint, the allegations contained therein are inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the allegations contained therein on that ground.

58.    In answer to paragraph 58 of the Complaint, the allegations contained therein are inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the allegations contained therein on that ground.

59.    In answer to paragraph 59 of the Complaint, the allegations contained therein are inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the allegations contained therein on that ground.

60.    In answer to paragraph 60 of the Complaint, the allegations contained therein are inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the allegations contained therein on that ground.

61.    In answer to paragraph 61 of the Complaint, the allegations contained therein are inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the allegations contained therein on that ground.

**FIFTH CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA GOVERNMENT CODE §§ 4450 ET SEQ.**
**(Against Defendants UNION SQUARE; CITY AND COUNTY OF SAN FRANCISCO;**
**CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION;**
**and DOES 1 through 50, Inclusive)**

62.    In answer to paragraph 62 of the Complaint, Defendants hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to paragraphs 1 through 61, inclusive, as though fully set forth herein.

63.    In answer to paragraph 63 of the Complaint, the allegations contained therein are inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the allegations contained therein on that ground.

725096v1

C074087 JSW
ANSWER TO COMPLAINT

64.    In answer to paragraph 64 of the Complaint, the allegations contained therein are inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the allegations contained therein on that ground.

65.    In answer to paragraph 65 of the Complaint, the allegations contained therein are inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the allegations contained therein on that ground.

66.    In answer to paragraph 66 of the Complaint, the allegations contained therein are inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the allegations contained therein on that ground.

**SIXTH CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA'S DISABLED RIGHTS ACTS**
**(§§ 54, 54.1 and 55 CIVIL CODE)**

67.    In answer to paragraph 67 of the Complaint, Defendants hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to paragraphs 1 through 66, inclusive, as though fully set forth herein.

68.    In answer to paragraph 68 of the Complaint, the allegations contained therein are inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the allegations contained therein on that ground.

69.    In answer to paragraph 69 of the Complaint, the allegations contained therein are inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the allegations contained therein on that ground.

70.    In answer to paragraph 70 of the Complaint, the allegations contained therein are inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the allegations contained therein on that ground.

71.    In answer to paragraph 71 of the Complaint, the allegations contained therein are inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the allegations contained therein on that ground.

72.    In answer to paragraph 72 of the Complaint, the allegations contained therein are

JMBM  Jeffer Mangels Butler & Marmaro LLP

1  inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the

2  allegations contained therein on that ground.

3      73.    In answer to paragraph 73 of the Complaint, the allegations contained therein are

4  inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the

5  allegations contained therein on that ground.

6      74.    In answer to paragraph 74 of the Complaint, the allegations contained therein are

7  inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the

8  allegations contained therein on that ground.

9      75.    In answer to paragraph 75 of the Complaint, the allegations contained therein are

10  inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the

11  allegations contained therein on that ground.

12      76.    In answer to paragraph 76 of the Complaint, the allegations contained therein are

13  inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the

14  allegations contained therein on that ground.

15                    **SEVENTH CAUSE OF ACTION:**
**DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF TITLES II & III**
16  **OF THE AMERICANS WITH DISABILITIES ACT UNDER CALIFORNIA'S**
**DISABLED RIGHTS ACT**
17

18      77.    In answer to paragraph 77 of the Complaint, Defendants hereby incorporate by

19  reference each admission, denial, and each denial on information and belief, as well as all

20  explanations regarding those allegations, made in response to paragraphs 1 through 76, inclusive, as

21  though fully set forth herein.

22      78.    In answer to paragraph 78 of the Complaint, the allegations contained therein are

23  inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the

24  allegations contained therein on that ground.

25      79.    In answer to paragraph 79 of the Complaint, the allegations contained therein are

26  inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the

27  allegations contained therein on that ground.

28      80.    In answer to paragraph 80 of the Complaint, the allegations contained therein are

PRINTED ON
RECYCLED PAPER

JMBM  Jeffer Mangels
Butler & Marmaro LLP

725096v1

C074087 JSW
ANSWER TO COMPLAINT

1   inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the

2   allegations contained therein on that ground.

3                                    **EIGHTH CAUSE OF ACTION:**

**DAMAGES AND INJUNCTIVE RELIEF UNDER THE UNRUH CIVIL RIGHTS ACT FOR**

4   **VIOLATION OF TITLES II & III OF THE AMERICANS WITH DISABILITIES ACT**

5       81.    In answer to paragraph 81 of the Complaint, Defendants hereby incorporate by

6   reference each admission, denial, and each denial on information and belief, as well as all

7   explanations regarding those allegations, made in response to paragraphs 1 through 80, inclusive, as

8   though fully set forth herein.

9       82.    In answer to paragraph 82 of the Complaint, the allegations contained therein are

10  inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the

11  allegations contained therein on that ground.

12      83.    In answer to paragraph 83 of the Complaint, the allegations contained therein are

13  inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the

14  allegations contained therein on that ground.

15      84.    In answer to paragraph 84 of the Complaint, the allegations contained therein are

16  inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the

17  allegations contained therein on that ground.

18                                    **NINTH CAUSE OF ACTION:**

**VIOLATION OF CALIFORNIA GOVERNMENT CODE §11135 DISCRIMINATION**

19  **UNDER PROGRAM RECEIVING FINANCIAL ASSISTANCE FROM THE STATE**

**(Against Defendants UNION SQUARE; CITY AND COUNTY OF SAN FRANCISCO;**

20  **CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION;**

**and DOES 1 through 50, Inclusive)**

21

22      85.    In answer to paragraph 85 of the Complaint, Defendants hereby incorporate by

23  reference each admission, denial, and each denial on information and belief, as well as all

24  explanations regarding those allegations, made in response to paragraphs 1 through 84, inclusive, as

25  though fully set forth herein.

26      86.    In answer to paragraph 86 of the Complaint, the allegations contained therein are

27  inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the

28  allegations contained therein on that ground.

JMBM   Jeffer Mangels
       Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

725096v1

- 13 -

C074087 JSW
ANSWER TO COMPLAINT

87.    In answer to paragraph 87 of the Complaint, the allegations contained therein are inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the allegations contained therein on that ground.

88.    In answer to paragraph 88 of the Complaint, the allegations contained therein are inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the allegations contained therein on that ground.

89.    In answer to paragraph 89 of the Complaint, the allegations contained therein are inapplicable and do not require a reply pursuant to the Order, and therefore, Defendants deny the allegations contained therein on that ground.

### TENTH CAUSE OF ACTION
### (Declaratory Relief)

90.    In answer to paragraph 90 of the Complaint, Defendants hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to paragraphs 1 through 89, inclusive, as though fully set forth herein.

91.    In answer to paragraph 91 of the Complaint, Defendants admit only that Plaintiff seeks the relief set forth therein.  Defendants deny each and every remaining allegation of said paragraph and Defendants deny that they have acted unlawfully or have discriminated against Plaintiff, or any similarly situated persons.

92.    In answer to paragraph 92 of the Complaint, Defendants deny the allegations contained therein.  Defendants deny they have acted unlawfully or have discriminated against Plaintiff, or any similarly situated persons.

### AFFIRMATIVE DEFENSES TO ALL CLAIMS FOR RELIEF

### FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

1.    Defendants allege the Complaint as a whole, and each claim for relief asserted therein, fails to state a claim upon which relief may be granted.

///

PRINTED ON
RECYCLED PAPER

JMBM    Jeffer Mangels
Butler & Marmaro LLP

725096v1

## SECOND AFFIRMATIVE DEFENSE

### (Statute Of Limitations)

2.     Defendants allege upon information and belief the Complaint as a whole, and each claim for relief asserted therein, is barred by the expiration of the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Conduct Of Third Parties)

3.     Although Defendants deny Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendants allege upon information and belief the proximate cause of such damage was the conduct of Plaintiff or others for which Defendants were not and are not responsible.

## FOURTH AFFIRMATIVE DEFENSE

### (Negligence Of Third-Parties)

4.     Defendants allege if Plaintiff is entitled to any damages under the circumstances alleged in the Complaint or in any other respect, which is denied, these injuries and damages were wholly or in part, directly and proximately caused and contributed to by the negligence, carelessness, lack of due care and fault of third parties.  In the event Plaintiff is found to have sustained any injuries and to be entitled to any damages, Defendants are liable only for that portion of any damages which correspond to their degree of fault or responsibility, and are not liable for any damages attributable to the responsibility, negligence or fault of any other party.

## FIFTH AFFIRMATIVE DEFENSE

### (No Basis For Damages)

5.     Defendants allege, pursuant to and in accordance with the Order, Plaintiff fails to state a basis for recovery of damages from Defendants, and therefore cannot recover the same from Defendants.

## SIXTH AFFIRMATIVE DEFENSE

### (No Basis For Recovery Of Attorneys' Fees Under Code Of Civil Procedure § 1021.5)

6.     Defendants allege, pursuant to and in accordance with the Order, Plaintiff fails to state a basis for recovery of his attorneys' fees under Code of Civil Procedure section 1021.5 from

PRINTED ON RECYCLED PAPER

725096v1

C074087 JSW
ANSWER TO COMPLAINT

JMBM  Jeffer Mangels Butler & Marmaro LLP

1    Defendants, and therefore cannot recover the same.

2                    **SEVENTH AFFIRMATIVE DEFENSE**

3                        **(Defendants' Good Faith)**

4        7.    Defendants allege, at all times relevant to the Complaint, Defendants have acted on

5    good faith interpretations of disabled access laws and provisions, which preclude any recovery by

6    Plaintiff based on the allegations of the Complaint.

7                     **EIGHTH AFFIRMATIVE DEFENSE**

8                        **(Equivalent Facilitation)**

9        8.    Defendants allege, at all times relevant to the Complaint, Defendants made available

10    to Plaintiff, as well as other similarly situated disabled individuals, equivalent facilitation which

11    provided full and equal access to the real property and improvements thereon which are the subject

12    of Plaintiff's Complaint (the "**Subject Premises**").

13                     **NINTH AFFIRMATIVE DEFENSE**

14                    **(No Denial Of Full And Equal Access)**

15        9.    Defendants allege Plaintiff's recovery in this action is barred because Defendants'

16    alleged acts and/or omissions did not actually constitute a denial to physically-disabled persons of

17    full and equal access to the Subject Premises.

18                     **TENTH AFFIRMATIVE DEFENSE**

19                      **(Legitimate Business Purpose)**

20        10.    Defendants allege Plaintiff's recovery in this action is barred because Defendants'

21    acts or omissions, as alleged in the Complaint, to the extent Defendants committed any acts or

22    omissions at all, were done in good faith pursuant to reasonable business justifications and do not

23    constitute intentional acts or omissions resulting in any discrimination against disabled persons or

24    anyone else.

25                    **ELEVENTH AFFIRMATIVE DEFENSE**

26                             **(Waiver)**

27        11.    Defendants are informed and believe, and based thereon allege, that the Complaint,

28    and the whole thereof, is barred by the doctrine of waiver.

PRINTED ON

RECYCLED PAPER

JMBM  Jeffer Mangels
Butler & Marmaro LLP

## TWELFTH AFFIRMATIVE DEFENSE

### (Estoppel)

12.     Defendants are informed and believe, and based thereon allege, that the Complaint, and the whole thereof, is barred by the doctrine of estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

13.     Defendants are informed and believe, and based thereon allege, that the Complaint, and the whole thereof, is barred by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Justifiable Conduct)

14.     Defendants allege Plaintiff's recovery in this action is barred because Defendants' conduct was, at all times mentioned in the Complaint, justified and privileged.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Laches)

15.     Defendants are informed and believe, and based thereon allege, that Plaintiff, by delaying prosecution of this action until the present time, the Complaint, in whole or in part, is barred by the doctrines of laches and acquiescence, thereby preventing Plaintiff from recovering any damages or injunctive relief thereunder from Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Bad Faith)

16.     Defendants assert Plaintiff and Plaintiff's Counsel filed this action against Defendants while they had full knowledge of other pending actions involving the same alleged violations, and the Complaint was filed for the primary purpose of extracting payment over technical, or non-existent, ADA violations which have no discriminatory impact on Plaintiff or the disabled community.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Violation Of Law)

17.     Defendants are informed and believe, and based thereon allege, each of Plaintiff's

C074087 JSW
ANSWER TO COMPLAINT

725096v1

1  purported claims for relief against Defendants are frivolous and unsupported in that the alleged

2  access barriers do not constitute substantive violations of state or federal accessibility law, or

3  violations of any such law at all.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Not Readily Or Likely Achievable)

6  18.    Defendants allege any further action by Defendants to ensure no individual with a

7  disability is excluded, denied services, or otherwise treated differently, would result in a

8  fundamental alteration of the Subject Premises, is not technically feasible, or is not structurally or

9  legally readily achievable or likely achievable.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Failure To Notify Defendant)

12  19.    Defendants are informed and believe, and based thereon allege, the Complaint, and

13  each purported claim for relief contained therein, fails as a matter of law because, to the extent

14  Plaintiff was not provided with equivalent service, access and enjoyment of the Subject Premises, it

15  was because Plaintiff failed to give Defendants notice of the need for and an opportunity to do so.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Reliance Upon Municipal Permits/Vested Rights)

18  20.    Defendants allege all applicable legal requirements pertaining to access to the

19  Subject Premises by disabled persons have been complied with through all necessary permits

20  obtained from appropriate authorities for construction, alteration or structural modification of the

21  Subject Premises and Defendants reasonably relied upon powers vested in those authorities and that

22  such permits conferred vested rights in Defendants.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Not Public Accommodation)

25  21.    Defendants are informed and believe some of the alleged access issues at the Subject

26  Premises are not in primary function areas and are therefore without the provisions of the ADA.

27  ///

28  ///

JMBM    Jeffer Mangels Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

725096v1

C074087 JSW
ANSWER TO COMPLAINT

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (*De Minimis* Deviations)

22.    Defendants alleges Plaintiff's Complaint as a whole, and the claims for relief contained therein, fail to state a claim for relief as the alleged accessibility violations constitute *de minimis* deviations from state or federal access laws, codes, regulations or guidelines or construction tolerances.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Failure To Mitigate Damages)

23.    Although Defendants deny Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendants allege, based on information and belief, that Plaintiff has failed to mitigate his purported damages and further allege, to the extent any damages could have been mitigated, such sums should be deducted from any award of damages.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (Undue Hardship)

24.    Defendants are informed and believe some or all of the proposed access changes would cause a loss of function, space or facility where the general public is concerned, and that said proposed changes would cause practical difficulty, unnecessary hardship, and extreme differences, and that equivalent facilitations have been or will be provided.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (Pre-Existing Topographical Conditions)

25.    Defendants allege that the proposed access changes are technically infeasible as the result of pre-existing topographical and geographic conditions at the Subject Premises.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

#### (Reasonable Portion Of Facility Accessible)

26.    Defendants are informed and believe and thereon allege that the Subject Premises does not violate any law, regulation or provision alleged in Plaintiff's Complaint by reason that a reasonable portion of the facility and accommodations normally sought and used by the public are

JMBM    Jeffer Mangels
Butler & Marmaro LLP

1  accessible to and useable by, persons with disabilities.

2  ### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

3  ### (Failure To Utilize Accommodations)

4      27.    Defendants allege that each of Plaintiff's claims for relief is barred because

5  Defendants made and make reasonable accommodations to the disabled, and Plaintiff failed to take

6  advantage of the accommodations offered by Defendants.

7  ### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

8  ### (Assumption Of Risk)

9      28.    Defendants allege Plaintiff voluntarily and with knowledge of the matters alleged in

10  the Complaint assumed any and all of the risks, hazards and perils of the conditions alleged therein,

11  and therefore, assumed the risk of injuries or damages sustained, if any.

12  ### TWENTY-NINTH AFFIRMATIVE DEFENSE

13  ### (No Basis For Attorneys' Fees)

14      29.    Defendants allege the Complaint fails to state facts that would support an award of

15  attorneys' fees or litigation costs against Defendants.

16  ### THIRTIETH AFFIRMATIVE DEFENSE

17  ### (Existence Of Adequate Legal Remedy)

18      30.    Defendants allege the Plaintiff's claims for injunctive relief are barred because there

19  exists an adequate remedy at law.

20  ### THIRTY-FIRST AFFIRMATIVE DEFENSE

21  ### (No Basis For Injunctive Relief)

22      31.    Defendants allege the Complaint fails to state facts sufficient to entitle Plaintiff to an

23  award of injunctive relief as the issues sought to be enjoined are not legally significant.

24  ### THIRTY-SECOND AFFIRMATIVE DEFENSE

25  ### (No Case Or Controversy)

26      32.    Defendants allege the Complaint as a whole, and each claim for relief asserted

27  therein, presents no actual case or controversy, or justifiable issue suitable for determination by this

28  Court.

JMBM Jeffer Mangels Butler & Marmaro LLP

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### (Lack Of Standing For Injunctive Relief)

33.    Defendants allege that Plaintiff lacks standing to seek injunctive relief regarding alleged barriers that are unrelated to and do not impact Plaintiff's alleged disability, to the extent Plaintiff suffered any injury in fact.  Defendants allege Plaintiff's prayer for injunctive relief is barred on the grounds the alleged harm Plaintiff seeks to enjoin is entirely speculative and Plaintiff lacks standing to assert same.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

#### (Standing-No Injury In Fact)

34.    Defendants allege Plaintiff lacks standing because Plaintiff failed to suffer any injury in fact, and that Plaintiff failed to suffer an actual or imminent injury as required.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

#### (Article III Standing)

35.    Plaintiff lacks standing under the California Civil Code or Article III and cannot establish a violation of the California Civil Code or Title III because Plaintiff is unable to show that: (1) he is a qualified individual with a disability within the meaning of the ADA; (2) he was excluded from participation in or denied the benefits of Defendants' services or products, or was otherwise discriminated against by Defendants; (3) any exclusion was by reason of said disability; (4) that Plaintiff suffered any injury in fact; and/or (5) or that there is any imminent threat of future harm.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

#### (Unjust Enrichment)

36.    Defendants allege Plaintiff will be unjustly enriched if he obtains the relief he seeks, and on that ground, Plaintiff is barred from seeking equitable relief from this Court.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Lack of Tester Standing)

37.    Defendants assert tester status does not exist as a matter of law, under the facts alleged and Plaintiff lacks standing to bring this action (42 U.S.C. § 12188) under normal prudential

725096v1    C074087 JSW
ANSWER TO COMPLAINT

1  standing requirements.

2  ### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

3  #### (ADAAG Compliance)

4  38.    Defendants are informed and believes, and based thereon alleges, insofar as portions

5  of the Subject Premises may have been altered during any relevant time period, such alterations, if

6  any, are reasonably accessible to and usable by individuals with disabilities in accordance with the

7  Americans With Disabilities Act Architectural Guidelines, Appendix "A" to 28 Code of Federal

8  Regulations, Part 36, revised as of July 1, 1994 ("ADAAG"), California Health & Safety Code and

9  the California Building Standards Code, to the maximum extent feasible, and is therefore in

10  compliance with applicable state and federal law.

11  ### THIRTY-NINTH AFFIRMATIVE DEFENSE

12  #### (Defendants' Due Care)

13  39.    Defendants assert at all times mentioned in the Complaint, and with respect to all

14  matters mentioned therein, it acted in good faith, exercised reasonable care, and complied with all

15  duties owed by it to the public.

16  ### FORTIETH AFFIRMATIVE DEFENSE

17  #### (Defendants' Attorneys' Fees)

18  40.    Because Plaintiff's Complaint and the claims for relief contained therein are

19  frivolous, unreasonable, and without foundation, Defendants are entitled to an award of reasonable

20  attorneys' fees and litigation costs incurred in defending against Plaintiff's Complaint upon

21  judgment thereon in their favor. Goodell v. Ralph's Grocery Co., 207 F.Supp.2d 1124 (E.D.Cal.

22  2002).

23  ### FORTY-FIRST AFFIRMATIVE DEFENSE

24  #### (Historical Landmarks)

25  41.    Defendants allege the relief Plaintiff seeks in his Complaint is precluded and barred

26  because portions of the Subject Premises constitute historical landmarks and are exempt from

27  remediation of disabled access barriers which would constitute a fundamental alteration thereof.

28  ///

JMBM  Jeffer Mangels Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

725096v1

C074087 JSW
ANSWER TO COMPLAINT

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (No Federal Funding)

42.    Defendants allege they have not received or used any federal financial assistance in connection with operation and/or construction of the Subject Premises, and therefore, Defendants are not subject to the provisions Section 504 of the Rehabilitation Act of 1973.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Reserved Defenses)

43.    Defendants allege they cannot fully anticipate all affirmative defenses that may be applicable to this action based upon the vague and conclusory terms used in the Complaint. Defendants' defenses will depend heavily on Defendants' expert report.  Accordingly, Defendants expressly reserve the right to assert further defenses if, and to the extent, such affirmative defenses become applicable.

WHEREFORE, Defendants pray:

1.    That Plaintiff's Complaint be dismissed;

2.    That Plaintiff take nothing by reason thereof;

3.    That judgment be entered in favor of Defendants;

4.    That Defendants be awarded their attorneys' fees and costs of suit; and

5.    For such other and further relief as the Court deems just and proper.

DATED:    May 6, 2008

JEFFER, MANGELS, BUTLER & MARMARO LLP
MARTIN H. ORLICK
MATTHEW S. KENEFICK


By: /S/ Martin H. Orlick
MARTIN H. ORLICK
Attorneys for Defendants CITY AND COUNTY OF SAN FRANCISCO AND CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION

725096v1

C074087 JSW
ANSWER TO COMPLAINT

PRINTED ON
RECYCLED PAPER

JMBM  Jeffer Mangels Butler & Marmaro LLP

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO**

3

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: Two Embarcadero Center, 5th Floor, San Francisco, California 94111.

4

5

On May 6, 2008 I served the document(s) described as **ANSWER OF CITY AND COUNTY OF SAN FRANCISCO AND CITY OF SAN FRANCISCO UPTOWN PARKING CORPORATION TO COMPLAINT FOR INJUNCTIVE & DECLARATORY RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS OF A DISABLED PERSON IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, SECTION 504 OF THE REHABILITATION ACT OF 1973, AND CALIFORNIA'S DISABLED RIGHTS STATUTES** in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

6

7

8

9

Timothy S. Thimesch, Esq.
Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA 94597

10

11

12

☒      (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

13

14

15

16

☒      BY ELECTRONIC SERVICE TRANSMISSION via U.S. District Court, Northern Division, Case Management/Electronic Case Files, Filing System. I served a copy of the above-listed document(s) to the e-mail addresses of the addressee(s) by use as identified and maintained therein.

17

18

Executed on May 6, 2008 at San Francisco, California.

19

☒      (FEDERAL)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

20

21

22

Angela Pereira

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER

725096v1

- 24 -

C074087 JSW
ANSWER TO COMPLAINT