1  Patrick M. Ryan (CA Bar No. 203215)
   WINSTON & STRAWN LLP
2  101 California Street, Suite 3900
   San Francisco, CA  94111-5894
3  Telephone:    415-591-1000
   Facsimile:    415-591-1400
4  pryan@winston.com

5  Attorneys for Third-Party Defendant
   SAN FRANCISCO PARKING, INC.,
6  d/b/a CITY PARK

7

8                     **UNITED STATES DISTRICT COURT**

9                     **NORTHERN DISTRICT OF CALIFORNIA**

10                           **SAN FRANCISCO DIVISION**

11  CRAIG YATES,                          )   **Case No. C 07-04087 JSW**
                                          )
12                                        )   **SAN FRANCISCO PARKING, INC.'S**
                    Plaintiff,            )   **ANSWER TO CITY AND COUNTY OF**
13          v.                            )   **SAN FRANCISCO AND SAN**
                                          )   **FRANCISCO UPTOWN PARKING**
14  UNION SQUARE;                         )   **CORP.'S THIRD-PARTY COMPLAINT**
                                          )   **FOR BREACH OF WRITTEN**
15                                        )   **CONTRACT**
                    Defendants.           )
16                                        )
                                          )
17                                        )
                                          )
18                                        )

19  CITY AND COUNTY OF SAN FRANCISCO      )
    AND CITY OF SAN FRANCISCO UPTOWN      )
20  PARKING CORPORATION,                  )
                                          )
21          Third-Party Plaintiffs,       )
            v.                            )
22                                        )
    SAN FRANCISCO PARKING, INC., d/b/a    )
23  CITY PARK, a California corporation; and )
    SAN FRANCISCO VALET PARKING, an       )
24  entity of unknown form,                )
                                          )
25          Third-Party Defendants.       )
    _____)
26                                        )

27

28

Third-Party Defendant San Francisco Parking, Inc. ("City Park") answers the Third-Party Complaint of the City and County of San Francisco ("CCSF") and San Francisco Uptown Parking Corporation ("Uptown") (collectively "Third-Party Plaintiffs") and asserts Affirmative Defenses as follows:

### JURISDICTION, VENUE, AND INTRA-DISTRICT ASSIGNMENT

1. The allegations contained in Paragraph 1 are conclusions of law requiring no response from City Park, and therefore none is made.

2. City Park admits that it transacts business in the Northern District of California, but is without sufficient information to admit or deny the remaining allegations in Paragraph 2, and therefore denies those allegations.

3. The allegations contained in Paragraph 3 relate to the Court's procedures regarding assignment of cases requiring no response from City Park, and therefore none is made.

### FACTUAL BACKGROUND

4. City Park is without sufficient information to admit or deny the allegations contained in Paragraph 4, and therefore denies those allegations.

5. City Park is without sufficient information to admit or deny the allegations contained in Paragraph 5, and therefore denies those allegations.

6. City Park is without sufficient information to admit or deny the allegations contained in Paragraph 6, and therefore denies those allegations.

7. Admit.

8. City Park is without sufficient information to admit or deny the allegations contained in Paragraph 8, and therefore denies those allegations.

### The Parking Garage

9. City Park is without sufficient information to admit or deny the allegations contained in Paragraph 9, and therefore denies those allegations.

### The Parking Garage Management Agreement

10. City Park admits that on or about March 1, 2001 it entered into a Management

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1 Agreement with Uptown, and that a copy of that Agreement is attached as Exhibit 1 to the Third-
2 Party Complaint. Except as so admitted, City Park denies all other allegations in Paragraph 10.

3       11. City Park admits that the Management Agreement, at Section 4.1 provides for a term
4 of March 1, 2001 through March 31, 2001. City Park admits that pursuant to Section 4.2, the term of
5 the Management Agreement was extended on a month-to-month basis to December 31, 2002.
6 Except as so admitted, City Park denies all other allegations in Paragraph 11.

7       12. City Park admits that it and Uptown modified in writing the term of the Management
8 Agreement to extend beyond December 31, 2002 on a month-to-month basis. Except as so admitted,
9 City Park denies all other allegations in Paragraph 12.

10       13. City Park admits that the Management Agreement contains language similar to that
11 quoted in paragraph 13. Except as so admitted, City Park denies all other allegations in Paragraph
12 13.

13       14. City Park admits that the Management Agreement contains language similar to that
14 quoted in paragraph 14. Except as so admitted, City Park denies all other allegations in Paragraph
15 14.

16       15. City Park admits that the Management Agreement contains language similar to that
17 quoted in paragraph 15. Except as so admitted, City Park denies all other allegations in Paragraph
18 15.

19       16. City Park denies the allegations of paragraph 16 of the Third-Party Complaint.

20       17. City Park admits that Section 16.3 of the Management Agreement provides that the
21 prevailing party of an action or proceeding against another party arising out of the Management
22 Agreement shall be entitled to costs and expenses of suit, including reasonable attorney fees. Except
23 as so admitted, City Park denies all other allegations in Paragraph 17.

24       18. City Park admits that under the Management Agreement CCSF is characterized as an
25 intended third-party beneficiary. Except as so admitted, City Park denies all other allegations in
26 Paragraph 18.

**Winston & Strawn LLP**
101 California Street
San Francisco, CA 94111-5894

**The Yates Action**

19. City Park is without sufficient information to admit or deny the allegations contained in Paragraph 19, and therefore denies those allegations.

20. City Park denies the allegations of paragraph 20 of the Third-Party Complaint.

21. City Park denies the allegations of paragraph 21 of the Third-Party Complaint.

**The [Alleged] Breach of the Management Agreement**

22. City Park denies the allegations of paragraph 22 of the Third-Party Complaint.

23. City Park denies the allegations of paragraph 23 of the Third-Party Complaint.

24. City Park denies the allegations of paragraph 24 of the Third-Party Complaint.

**FIRST CLAIM FOR RELIEF AGAINST CITY PARK**

**(Breach of Written Contract)**

25. City Park incorporates by reference its responses to paragraphs 1 through 24, above, as though fully set forth herein.

26. City Park denies the allegations of paragraph 26 of the Third-Party Complaint.

27. City Park denies the allegations of paragraph 27 of the Third-Party Complaint.

28. City Park admits that under the Management Agreement CCSF is characterized as an intended third-party beneficiary. Except as so admitted, City Park denies all other allegations in Paragraph 28.

29. City Park denies the allegations of paragraph 29 of the Third-Party Complaint.

**PRAYER FOR RELIEF**

The remaining balance of the Third-Party Complaint against City Park consists of prayers for relief to which no specific answer is required, nevertheless, City Park denies that the Third-Party Plaintiffs are entitled to any of the relief requested in paragraphs 1-6 of their prayer for relief.

/ / / /

/ / / /

/ / / /

/ / / /

-3-

SAN FRANCISCO PARKING, INC.'S ANSWER TO CITY AND COUNTY OF SAN FRANCISCO AND CITY OF SAN FRANCISCO UPTOWN PARKING CORP.'S THIRD-PARTY COMPLAINT (CASE NO. C 07-04087 JSW)

SF:209647.5

## CITY PARK'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Acts of Others)

Third-Party Plaintiffs' losses, injuries, damages, if any, were actually and proximately caused or contributed to by their own breaches of the Management Agreement and/or the lease between Uptown and CCSF ("Lease") (attached hereto as Exhibit 1), negligent acts or omissions and/or other tortuous conduct and/or intentional wrongdoing, or by persons or entities for whose actions or omissions Third-Party Plaintiffs are or may have been legally responsible, and/or persons or entities other than City Park.

### SECOND AFFIRMATIVE DEFENSE

### (California Civil Code § 2782(b))

Third-Party Plaintiffs' claims are barred by California Civil Code § 2782(b).

### THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

The Third-Party Plaintiffs' claims for relief are barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

The Third-Party Plaintiffs' claims for relief are barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

### (Laches)

The Third-Party Plaintiffs' claims for relief are barred by the doctrines of laches and acquiescence.

### SIXTH AFFIRMATIVE DEFENSE

### (Consent/Ratification)

The Third-Party Plaintiffs' claims for relief are barred on the grounds that they have consented to and/or ratified the acts alleged to have been performed by City Park.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

### SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Third-Party Plaintiffs' claims for relief are barred by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Show Damage or Injury)

Third-Party Plaintiffs' claims are barred, in whole or in part, because they have suffered no detriment, injury, or damages.

### NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

If Third-Party Plaintiffs have suffered any injury or damages, then they have failed to mitigate their injury or damages.

### TENTH AFFIRMATIVE DEFENSE

### (Lacks Standing)

CCSF lacks standing to enforce the Management Agreement.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Prevention of Performance)

Third-Party Plaintiffs' claims are barred by the doctrine of prevention of performance.

### TWELFTH AFFIRMATIVE DEFENSE

### (Frustration of Purpose)

Third-Party Plaintiffs' claims are barred by the doctrine of Frustration of Purpose.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Impossibility)

Third-Party Plaintiffs' claims are barred by the doctrine of Impossibility.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Unconscionability)

Third-Party Plaintiffs' claims are barred by the doctrine of Unconscionability.

/ / / /

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Prematurity)**

Third-Party Plaintiffs' claims are barred by the doctrine of Prematurity.

**CITY PARK'S PRAYER FOR RELIEF**

City Park prays for judgment against Third-Party Plaintiffs as follows:

1. That Third-Party Plaintiffs' Complaint be dismissed in its entirety with prejudice, and that judgment be entered for City Park;

2. City Park recover all costs of suit, including its attorneys' fees pursuant to the Management Agreement and any documents incorporated therein if any, and to the fullest extent allowed by law; and

3. For other such relief as the court deems just and equitable.

Dated:  June 25, 2008                           Respectfully submitted,

                                                WINSTON & STRAWN LLP


                                        By      */s/ Patrick M. Ryan*
                                                PATRICK M. RYAN
                                                Attorneys for Third-Party Defendant
                                                SAN FRANCISCO PARKING, INC., DBA CITY PARK

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5894

-6-

SAN FRANCISCO PARKING, INC.'S ANSWER TO CITY AND COUNTY OF SAN FRANCISCO AND CITY OF SAN FRANCISCO UPTOWN PARKING CORP.'S THIRD-PARTY COMPLAINT (CASE NO. C 07-04087 JSW)

SF:209647.5