UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| CRAIG YATES,<br><br>        Plaintiff,<br><br>    v.<br><br>UNION SQUARE, et al.,<br><br>        Defendants. | CASE NO.    C07-4087 JSW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:    September 5, 2008<br>Time:    1:30 p.m.<br>Dept:    Courtroom 2, 17th Floor<br>Judge:    Jeffrey S. White |
| AND RELATED THIRD-PARTY ACTION. | Complaint filed:    August 9, 2007<br>Third Party Cp. filed:    May 6, 2008<br>Trial date:    none set |

Pursuant to this Court's Civil Local Rules 16-9 and 16-10, the Parties jointly submit this Joint Case Management Statement. Each Party certifies that its lead trial counsel who will try this case has met and conferred for the preparation of this Statement as required by Civil Local Rule 16-3. The Parties make the following representations and recommendations:

**1.**     **JURISDICTION AND SERVICE.**

This Court has original jurisdiction of this action pursuant to 28 U.S.C. Section 1331 because Plaintiff's claims for relief for violations of the Americans with Disabilities Act and Rehabilitation Act arise under federal law. All Parties, except for Third-Party Defendant "SF Valet Parking," have been served. Defendants have yet to resolve the form and identity of "SF Valet Parking."

///

///

**2.   FACTS.**

**Plaintiff's Position.**  This action involves a Complaint under the ADA and California law for failure to provide both physical and programmatic access at the Union Square park and underground parking garage. To the square itself, all normal paths of travel into the park are blocked by non-compliant ramps. This is despite the square being completely demolished down to the base dirt, and built from scratch in approximately 2003 to the tune of $25 million. The garage is also blocked by path of travel problems, and has no compliant parking. The overhead entry is restricted and the limited overhead parking available to the disabled on the first floor of the garage is nothing but a decoy. The painted lines are actually reserved as a vehicle maneuver area. In addition, Defendants' policies, practices and procedures discriminate against the disabled in that they discourage high-top van users from parking in the garage. If numerosity can be obtained, Plaintiff intends to seek certification of a class action. Plaintiff seeks an injunction, individual damages, as well as reasonable statutory attorney fees, litigation expenses and costs.

Contrary to defendants' position, next, plaintiff provided to defendants the deficiency list mandated by General Order 56 many months ago, and they've had it since at least early February when the parties met under the rule to review same.  Recently, defendants pointed out that some items had not been confirmed and filled in after the subsequent inspection of plaintiff's expert, and that "proposed remediations" had not been provided.  While in every case, the deficiency called made the necessary remediation self-evidence, plaintiff has now corrected both omissions and have provide the defendants with a revised list.  To the extend defendants are actually calling upon plaintiff to provide a full blown expert's report and construction drawings, plaintiff objects that this request far exceeds G.O. 56.  Plaintiff has had fruitful discussions with defense counsel toward resolving this impasse, and believe they have agreed to have the terms of a settlement conference before a magistrate judge ironed out by the time of next week's conference.  Plaintiff agrees with City Park that the first item of business at the Settlement Conference should be to define and settle the narrow liability of that entity (which appears limited to policies, practices and procedures), and not drag it through the extended issues relative to the design of the garage and park.

///

1   **Defendants' Position**: Defendants are investigating Plaintiff's claims, and deny that any violations of law took place or currently exist. That notwithstanding, Defendants wish to ascertain the exact nature of Plaintiff's alleged grievances and proposed remedial measures, in an attempt to resolve this litigation without incurring costly and time-consuming judicial proceedings. Since Plaintiff's Complaint was filed, over a year ago, Defendants have sought to invoke the dispute resolution processes set forth in General Order 56. Toward that end, Defendants have made the subject premises available to Plaintiff's experts and lawyers for inspection on multiple occasions, including inspection of voluminous racks of construction drawings for the Union Square plaza and garage improvements. Despite Defendants' repeated requests, Plaintiff has yet to articulate "all claimed premises violations and the desired remediation," as required by Paragraph 4 of General Order 56. Defendants cannot respond to Plaintiff's claims if he refuses to state them. Defendants therefore request the Court order Plaintiff to comply with General Order 56 and to specify what disabled access barriers he is asserting in this lawsuit and what remediation he requests.

Defendants request, pursuant to Local ADR Rule 7, that the Court refer this case to an Early Settlement Conference before a Magistrate Judge. Defendants make this request based on a good faith belief that such a procedure would be productive. Plaintiff indicated that he was amenable to this in the August 24, 2008 Stipulation and Order to Continue the Case Management Conference on file herein.

**Third-Party Defendant's Position**. The City and County of San Francisco and San Francisco Uptown Parking Corporation's ("Third-Party Plaintiffs) filed suit against San Francisco Parking, Inc. ("Third-Party Defendant") on May 6, 2008. The Third-Party Complaint alleges that Third-Party Defendant breached its contract to manage the parking of vehicles at the Union Square Parking Garage by not agreeing to indemnify and defend Third-Party Plaintiffs against the disability discrimination claims brought by Plaintiff Craig Yates in the present action. Specifically, Third-Party Plaintiffs claim that the Plaintiff Yates' present action is based on Third-Party Plaintiffs' alleged failure to "repair and maintain" the Union Street Parking Garage, and under their contract with Third-Party Defendant's, "repair and maintenance" are Third-Party Defendant's not Third-Party Plaintiffs' responsibility. As a result, the Third-Party Plaintiffs blame Third-Party Defendant for

1  Plaintiff Yates' disability discrimination claims against them.  Third-Party Defendant denies all

2  allegations made in Third-Party Plaintiffs' Complaint.

3        Third-Party Defendant has not been named as a party in Plaintiff Yates' present Complaint

4  against Third-Party Plaintiffs, and does not believe there are grounds to do so.

5  **3.      LEGAL ISSUES.**

6        A.      Does San Francisco receive federal or state funds?

7        B.      Did the renovation of the park and garage involve local, state or federal funds?

8        C.      What physical access changes and reasonable modifications in policy, if any, are

9  required under the ADA and the corresponding regulations entitled Americans with Disabilities Act

10 Accessibility Guidelines (known as the "ADAAG")?

11       D.      Do pre-existing historical, topographical, and/or structural conditions make full

12 technical compliance with certain disabled access provisions infeasible, thereby justifying

13 substantial compliance with those provisions?  Is this defense available given the scope of

14 construction and renovation undertaken?

15       E.      Do the subject facilities afford equivalent facilitation to disabled individuals?  Is the

16 equivalent facilitation defense available for the type and scope of construction conducted?

17       F.      What was the extent of defendants' renovation of the park and garage and how much

18 was spent?  Did the City and its regulatory agencies and employees recognize the requirements of

19 the ADA and UFAS, yet nevertheless fail to follow its strictures?  If so, what motivated these

20 decisions?

21       G.      Does Plaintiff have Article III standing to bring all or part of this Action as the result

22 of the removal of any access barriers which may have existed at the subject premises?  How much

23 exposure is necessary to establish standing for a prominent park in the heart of San Francisco?

24       H.      Does Plaintiff have standing to obtain injunctive relief for the remediation of

25 disabled access barriers un-related to his disability?

26       I.      Are the conditions at the subject premises within construction tolerances for field

27 conditions?  Are field conditions involved and is this defense available?  Were field conditions

28 known at the time of design and prior to construction?

1      J.    What is the scope of Third-Party Defendant's indemnity obligations?

2      K.    Are Defendants subject to Title II of the ADA and Section 504 of the Rehabilitation

3  Act?

4      L.    Does Third-Party Defendant have an obligation to indemnify and defend Third-Party

5  Plaintiffs against claims brought by Yates?

6      M.    Is Third-Party Defendant responsible for any ADA violations alleged in Yates'

7  Complaint against Third-Party Plaintiffs?

8      N.    Do Third-Party Plaintiffs' negligence, acts and/or omissions, if any, bar, in whole or

9  in part, recovery against Third-Party Defendant?

10      O.    Are Third-Party Plaintiffs' claims barred by any of Third-Party Defendant's

11  Affirmative Defenses?

12      P.    Are any of Third-Party Plaintiffs' damages, if any, reduced by any of Third-Party

13  Defendant's Affirmative Defenses?

14  **4.**    **MOTIONS**.

15      A.    <u>Prior/Pending Motions</u>.  On December 12, 2007, Defendants filed their Motion for
16  the Court to Decline Supplemental Jurisdiction Over and to Dismiss Plaintiff's State Law Claims
17  [28 U.S.C. § 1367(c)] and to Strike Plaintiff's Unsupported and Improper Damage Prayers from the
18  Complaint [FRCP 12(f)] (the "Motion").  On February 7, 2008, this Court entered its order granting
19  the Motion (the "Order").  In the Order, this Court, as a matter of comity, declined to exercise
20  supplemental jurisdiction over Plaintiff's claims under the Unruh Civil Rights Act, the Disabled
21  Persons Act, Health & Safety Code, and Government Code, and dismissed the same without
22  prejudice.  On March 10, 2008, Yates filed his Notice of Appeal of the Order in the Ninth Circuit
23  Court of Appeals.  On June 25, 2008, the Ninth Circuit Court of Appeals ordered that Yates' appeal
24  would proceed; however, would be stayed pending the California Supreme Court's resolution of the
25  matter of *Munson v. Del Taco, Inc.*, California Supreme Court Case Number S162818.

26      B.    <u>Anticipated Motions</u>.  If this matter is unable to be resolved through settlement, then
27  Defendants intend to file a motion for summary judgment/partial summary judgment.  Third-Party
28  Defendant intends to file a motion for judgment on the pleadings and/or a motion for summary

judgment/adjudication. Plaintiff intends to file motions for summary judgment and preliminary injunction.

**5.      AMENDMENT OF PLEADINGS.**

No amendments are anticipated at this time but this may change as the matter progresses.

**6.      EVIDENCE PRESERVATION.**

Each Party has taken necessary precautions and notified relevant persons not to destroy electronic data and to affirmatively preserve electronic and documentary evidence relating to this Action.

**7.      DISCLOSURES.**

Plaintiff and Defendants have each served their respective initial disclosures. The Parties agree to produce all documents disclosed. The time for serving initial disclosures between Third-Plaintiffs and Third-Party Defendant has not arrived; thus, initial disclosures have not been exchanged between them and discovery has not commenced between them.

**8.      DISCOVERY.**

The Parties in the primary action have exchanged initial disclosures. During the formal discovery stay pursuant to General Order 56, Plaintiff's Counsel and experts have inspected the Union Square site numerous times, and Defendants have provided extensive and detailed construction and design documents to Plaintiff. (Other than the characterization of "numerous" and "extensive", plaintiff agrees that inspections have occurred and some drawings have been provided for inspection.) If the Parties are unable to negotiate a settlement of this action, they agree to the following discovery plan:

    **A.      Limitations:**

        i.     Depositions: No limit except as to the duration of each deposition and the number of depositions that each Party can take according to the Federal Rules of Civil Procedure.

        ii.    Interrogatories: No limit.

        iii.   Interrogatories Directed at Responses to Requests for Admission: No limit.

        iv.   Document Requests: Defendants: Limit 35. Plaintiff: No limit.

     v.     Experts: The Parties do not agree to any limitations on discovery from experts.

     vi.    Supplemental disclosures: Per Federal Rule of Civil Procedure Rule 26(a) and (e), and Local Rules.

     vii.   Initial Disclosures From Any Newly Added Parties: Third-Party Plaintiffs and Third-Party Defendant will serve initial disclosures related to the Third-Party Complaint by no later than September 15, 2008.

     viii.  Site Inspections: Defendants: there should be no further site inspections in light of the multiple site inspections conducted pursuant to General Order 56.

**B.** **<u>Deadlines:</u>**

**Plaintiff's Position:**

     viii.  Deadline to disclose experts and expert reports: End of August, 2009.

     ix.    Deadline to complete discovery including experts, and deadline to complete dispositive motions: End of October, 2009.

     x.     Deadline to disclose identities of all witnesses to be called in each Party's case-in-chief: End of November, 2009.

**Defendants' Position:**

     i.     Discovery is stayed pursuant to General Order 56. Defendants request a trial date of nine (9) months after the 9th Circuit Court of Appeals' ruling on Plaintiff's appeal of this Court's February 7, 2008 decision is final. All other dates should be set accordingly.

**Third-Party Defendant's Position:**

     i.     Third-Party Defendant requests a trial date nine (9) months after the 9th Circuit Court of Appeals' ruling on Plaintiff's appeal of this Court's February 7, 2008 decision is final ("Ruling").

     ii.    Non-Expert discovery will begin immediately after the Ruling and conclude 3 months from the date of the Ruling.

     iii.   Initial expert reports will be served 4 months from the date of the Ruling.

   iv. Rebuttal expert reports will be served 5 months from the date of the Ruling.

   v. Expert discovery will take place 5-6.5 months from the date of the Ruling.

   vi. The pre-trial conference will take place 8 months from the date of the Ruling.

   vii. Dispositive Motions must be filed 7 months after the Ruling.

**C.** **Anticipated Discovery.**

**Plaintiff's Discovery**:

   i. **Scope And Purpose Of Plaintiff's Discovery [FRCP Rule 26(t)(2)]**

Plaintiff will utilize the following discovery tools to discover the relevant and material facts: requests for disclosure, requests for admissions, interrogatories, requests for production, subpoenas, site inspections, and depositions.

Plaintiff's discovery and disclosure requests will seek production of documents, and identification of facts and witnesses related to the issue of Defendants' relevant policies, practices and procedures on the issues outlined above.

Plaintiff seeks disclosure and will propound discovery regarding Defendants receipt of public, local, state or federal funds.

Plaintiff seeks disclosure and/or take depositions in conjunction with written discovery to ascertain the subject park and garage's <u>construction and alteration history</u> in that Defendants have denied liability under federal law. Plaintiff will seek to ascertain this information through requests for disclosures, stipulations, requests for admission, interrogatories, and/or requests for production with depositions. The Parties to be deposed will include, but are not limited to, the relevant owners, operators, contractors, architects, building and government officials, etc.

Defendants' person most qualified will be deposed as to all liability issues, including: notice; the construction and ownership history; the current and past designs of the premises; and all alleged defenses and affirmative defenses.

Finally, to the extent Defendants have or intend to change their policies, practices and procedures, or to conduct work to modify the subject building to provide further access for the disabled, Plaintiff will seek disclosure and/or discovery of all documentation of such changes, including all memorandums, communications, rules book changes, handbooks, policies, procedure

PRINTED ON RECYCLED PAPER

761297v3 - 8 - C07-4087 JSW
JOINT CASE MANAGEMENT STATEMENT

1   manuals, permits, plans, cost estimates and cost billing for each access feature, i.e., the cost to add
2   accessibility features to the handicap parking, the paths of travel into and around both the garage
3   and park, the service counters, the parking, etc., as well as the cost of the entire project.

4          **ii.     Plaintiff's Initial Depositions Of Witnesses And Initial Discovery**
5                   **Requests [FRCP Rule 26(f)(2)]**

6          Assuming Defendants cooperate in providing disclosures and responding to discovery in a
7   full and timely manner, Plaintiff will take the following initial depositions, which will be scheduled
8   subject to the convenience of counsel, the Parties, and witnesses, the discovery cut off in this case,
9   and the latitude granted by FRCP, Rule 29:

10                  a)    <u>Deposition of Defendants' Persons Most Qualified:</u> These individuals
11  have discoverable "knowledge" regarding policies, practices and procedures and alterations to the
12  building.

13                  b)    <u>Deposition of Persons Most Qualified from the City</u>. These
14  individuals have discoverable "knowledge" alterations to the building and the approval process, as
15  well as receipt of local, public, state or federal funds.

16         **iii.    Plaintiff's Follow-Up Depositions And Discovery Requests**

17         To the extent Plaintiff cannot discover the necessary facts by way of stipulations, initial
18  requests for disclosures and requests for admission, other written discovery, and/or depositions,
19  Plaintiff will conduct follow-up written discovery and notice further depositions of any further
20  identified personnel, owners, operators, lessors and lessees, as well as contractors, architects,
21  building and planning department officials, and other governmental officials. (Assuming full
22  cooperation of the Defendants, and subject to the latitude granted by Federal Rules of Civil
23  Procedure, Rule 29, this discovery will be completed prior to the suggested discovery cut off.)

24  **Defendants' Discovery:**

25         **i.     Scope And Purpose Of Defendants' Discovery [FRCP Rule 26(t)(2)]**

26  Defendants will utilize the following discovery tools to discover the relevant and material
27  facts: requests for disclosure, requests for admissions, interrogatories, requests for production,
28  subpoenas, site inspections, and depositions. Defendants will seek discovery concerning liability,

Plaintiff's damages, and all defenses. Defendants will also conduct discovery regarding Third-Party Defendant's indemnity obligations.

      **ii.**    **Defendants' Initial Depositions Of Witnesses And Initial Discovery Requests [FRCP Rule 26(f)(2)]**

If discovery appears required to gather necessary evidence, Defendants will proceed with initial formal written discovery, including requests for admissions, interrogatories, and requests for production. Assuming Plaintiff cooperates in responding to this discovery in a full and timely manner, Defendants will take the following initial depositions, which will be scheduled subject to the convenience of counsel, the Parties, and witnesses, prior to the discovery cut off in this case:

      a)    Deposition of Plaintiff Craig Yates;

      b)    Additional witnesses identified by Plaintiff as having witnessed the events in question; and

      c)    Additional witnesses as may be discovered.

      **iii.**    **Defendants' Follow-Up Depositions And Discovery Requests**

As required.

**Third-Party Defendant's Discovery:**

      **i.**    **Scope And Purpose Of Third-Party Defendant's Discovery [FRCP Rule 26(t)(2)]**

Third-Party Defendant intends to take discovery relevant to Third-Party Plaintiffs' Complaint and its defenses thereto, through all the appropriate means permitted by the Federal Rules of Civil Procedure, Local Rules, and/or any Rules and Orders issued by this Court.

      **ii.**    **Third-Party Defendant's Initial Depositions Of Witnesses And Initial Discovery Requests [FRCP Rule 26(f)(2)]**

      iii.    Subsequent to issuing written discovery, and after receiving responsive and complete information from Third-Party Plaintiffs and other relevant parties,, Third-Party Defendants intends to take the following initial depositions:

      (1)    Depositions of Third- Party Plaintiffs

|   |   |   |
|---|---|---|
| 1 | (2) | All witnesses whom Third-Party Plaintiffs and Third-Party Defendant |
| 2 |   | identify as having discoverable information relevant to the claims and |
| 3 |   | defenses to Third-Party Plaintiffs' case, including, but not limited to, |
| 4 |   | Craig Yates, third-party witnesses, and/or any person(s) acting on |
| 5 |   | behalf or at the direction of Third-Party Plaintiffs who were involved |
| 6 |   | in the design, construction, alternations, inspections, maintenance, |
| 7 |   | and supervision of the Union Street Garage. |
| 8 | (3) | Additional witnesses may be discovered as the cases proceeds. |

      **iv.**    **Third-Party Defendant's Follow-Up Depositions And Discovery Requests**

          As required.

**9.**    **CLASS ACTIONS**.

**Plaintiff's Position:**

Not applicable at this time.

**Defendants' Position:**

Because of the nature of Plaintiff's allegations, this Action is not suited to be brought as a class action. This case requires particularized and individualized inquiries and factual determinations for each and every potential class member. The alleged disabled access barriers, if proven to exist, would affect each disabled individual differently. Thus, there would not be a community of interest and common questions of law and fact would not predominate.

**10.**    **RELATED CASES**.

On May 20, 2008, Plaintiff's Counsel filed the complaint for the matter of *Richard Skaff v. Union Square et al.*, United States District Court for the Northern District of California, Case Number C08-2555MMC. The allegations of that complaint are almost identical to those made by Plaintiff in this lawsuit, and involve alleged disabled access barriers at the Union Square plaza and parking garage. Under Title III of the ADA the only form of relief available to Skaff as a private plaintiff is injunctive relief -- something which is already being sought by Yates in this Action. The Summons and Complaint for that lawsuit have not yet been served. Plaintiff: Plaintiff is seeking an agreement to consolidate both actions, and is additionally open to a stipulation and proposed order

to reconsolidate the state and federal actions into one action.

**11.    RELIEF**.

**Defendants' Position**. Plaintiff has yet to articulate the disabled access barriers he allegedly encountered or the scope of remediation of such barriers that he requests.

**Plaintiff's Position**. Please see Plaintiff's position regarding the deficiency list in Headnote 2 above.

**Third-Party Defendant's Position.** Third-Party Defendant will seek reasonable attorney fees and costs and all other appropriate recovery.

**12.    SETTLEMENT AND ADR**.

**Plaintiff's Position**. Please see Plaintiff's position regarding a settlement conference in Headnote 2 above.

**Defendants' Position**. Defendants request this Court order Plaintiff to comply with his obligations under General Order 56, including, without limitation, Paragraph 4 thereof, and immediately identify each of the alleged access barriers he claims exist and proposed remedial measures within the next thirty (30) days, and to refer this matter to a Magistrate Judge for an Early Settlement Conference to occur within the next ninety (90) days.

**Third-Party Defendant's Position**. Third-Party Defendant is amenable to ADR or other forms of early dispute resolution.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**.

The Parties are not willing to consent to a Magistrate Judge for all purposes; however, as indicated above, the parties request that the Court refer this matter to a Magistrate Judge for an Early Settlement Conference.

**14.    OTHER REFERENCES**.

The Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    NARROWING OF ISSUES**.

Once Plaintiff identifies what access barriers he alleges, and what relief he seeks, the Parties will be in a better position to determine whether a narrowing of issues is appropriate.

1  **16.  EXPEDITED SCHEDULE.**

2  Because of the complex nature of the issues involved in this case, the Parties do not believe

3  this case can appropriately be placed on an expedited schedule.

4  **17.  SCHEDULING.**

5  **Plaintiff's Position:**

6  **Proposed Deadlines Re Discovery:**

7  Factual discovery cut-off:      End of November, 2009.

8  Expert Designations:            End of September, 2009.

9  Expert Reports:                 End of September, 2009.

10  Rebuttal Expert Reports:       Mid October, 2009.

11  Expert deposition cut-off:     End of November, 2009.

12  **Motion Cut-Off/Pretrial Dates:**

13  Motion hearing cut-off:        Mid January, 2010.

14  Pretrial Conference:           Mid February, 2010.

15  **Defendants' Position:** In light of the Plaintiff's pending appeal of this Court's February 7,

16  2008 Order, which involves threshold issues, Defendants request that the trial date be set nine (9)

17  months after the Court of Appeals' decision is final.  All other dates should be set accordingly.

18  **Third-Party Defendant's Position:**  See section 8(B).

19  **18.  TRIAL.**

20  **Plaintiff's Position:**  End of February, 2010.

21  **Defendants' Position:** In light of the Plaintiff's pending appeal of this Court's February 7,

22  2008 Order, which involves threshold issues, Defendants request that the trial date be set nine (9)

23  months after the Court of Appeals' decision is final.

24  **Third-Party Defendant's Position:**  Third-Party Defendant requests a trial date nine (9)

25  months after the Ruling.

26  **19.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS.**

27  Each Party has filed a separate "Certification of Interested Entities or Persons" required by

28  Civil Local Rule 3-16.  There are no changes to that status.

1  **20  OTHER MATTERS THAT MIGHT FACILITATE A JUST, SPEEDY AND**
2  **INEXPENSIVE DISPOSITION OF THIS ACTION.**
3  None.
4  DATED: August 29, 2008                THIMESCH LAW OFFICES

7  By:  /s/ Timothy S. Thimesch
       TIMOTHY S. THIMESCH
       Attorneys for Plaintiff CRAIG YATES

9  DATED: August 29, 2008                JEFFER, MANGELS, BUTLER & MARMARO LLP

12 By:  /s/ Martin H. Orlick
       MARTIN H. ORLICK
13     Attorneys for Defendants and Third-Party Plaintiffs
       CITY AND COUNTY OF SAN FRANCISCO, CITY
14     OF SAN FRANCISCO UPTOWN PARKING
       CORPORATION, A Non-Profit Public Benefit
       Corporation

16 DATED: August 29, 2008                OFFICE OF THE CITY ATTORNEY

19 By:  /s/  James Emery
       JAMES EMERY, ESQ.
       Attorneys for Defendant and Third-Party Plaintiff
20     CITY AND COUNTY OF SAN FRANCISCO

22 DATED: August 29, 2008                KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP

25 By:  /s/  Rachel R. Davidson
       RACHEL R. DAVIDSON, ESQ.
       Attorneys for Third-Party Defendant SAN
26     FRANCISCO PARKING, INC., DBA CITY PARK

PRINTED ON RECYCLED PAPER